ACCEPTED
15-25-00061-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/13/2025 4:34 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00061-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/13/2025 4:34:03 PM
CHRISTOPHER A. PRINE
CLERK

# IN THE FIFTEENTH COURT OF APPEALS
## AUSTIN, TEXAS

**FRANCISCA OKONKWO, ADMINISTRATIVE LAW JUDGE, TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION, IN HER OFFICIAL CAPACITY, AND FORT BEND COUNTY,**

*Appellants*,

**v.**

**JOSHUA DAVID HEILIGER, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF LAUREN BRITTANE SMITH, DECEASED, AND ON BEHALF OF DEATH BENEFITS BENEFICIARIES JOSHUA DAVID HEILIGER AND EMMA DESTINY HEILIGER AND GREATER HOUSTON PSYCHIATRIC ASSOCIATES, PLLC,**

*Appellees*.

On Appeal from the 11th Judicial District Court, Harris County, Texas
Cause No. 2024-78536
The Honorable Judge Kristen Brauchle Hawkins, Presiding

## APPELLANT FRANCISCA OKONKWO'S MERITS BRIEF

**June 13, 2025**

**ORAL ARGUMENT REQUESTED**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

JAMES Z. BRAZELL
State Bar No. 02930100
Assistant Attorney General
SHERLYN HARPER
State Bar No. 24093176
Assistant Attorney General
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL
OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3204
Telephone: (713) 225-8913
Facsimile:(512) 320-0167
james.brazell@oag.texas.gov
sherlyn.harper@oag.texas.gov

ATTORNEYS FOR APPELLANT
FRANCISCA OKONKWO,
ADMINISTRATIVE LAW JUDGE, TEXAS
DEPARTMENT OF INSURANCE -
DIVISION OF WORKERS'
COMPENSATION, IN HER OFFICIAL
CAPACITY

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 52.3(a), the following is a complete list of all the parties and the names and addresses of all counsel:

**APPELLANTS:**

| **Party** | **Trial and Appellate Counsel** |
|---|---|
| Appellant, Francisca Okonkwo, Administrative Law Judge, Texas Department of Insurance - Division of Workers' Compensation, in her Official Capacity (Okonkwo) | MR. JAMES Z. BRAZELL<br>State Bar No. 02930100<br>Assistant Attorney General<br>MS. SHERLYN HARPER<br>State Bar No. 24093176<br>Assistant Attorney General<br>Administrative Law Division<br>Office of the Attorney General of Texas<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Telephone: (512) 475-3204<br>Telephone: (713) 225-8913<br>Facsimile: (512) 320-0167<br>james.brazell@oag.texas.gov<br>sherlyn.harper@oag.texas.gov |
| Appellant/Real Party in Interest, Fort Bend County (Fort Bend) | DEAN G. PAPPAS<br>State Bar No. 15454375<br>MARY M. MARKANTONIS<br>State Bar No. 12986800<br>LISA M. TEACHEY<br>State Bar No. 24056416<br>MARILYN J. ALLEN<br>State Bar No. 24025225<br>Dean G. Pappas Law Firm, PLLC<br>8588 Katy Freeway, Suite 100<br>Houston, Texas 77024 |

Telephone: (713) 914-6200
Facsimile: (713) 914-6201
dpappas@dgplawfirm.com
mmarkantonis@dgplawfirm.com
lteachey@dgplawfirm.com
mallen@dgplawfirm.com

**APPELLEES:**

| Party | Counsel |
|---|---|
| Appellees, Joshua David Heiliger, Individually, and on Behalf of the Estate of Lauren Brittane Smith, Deceased, and on Behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger | RUSSELL L. MORRIS<br>State Bar No. 24099150<br>ANDREW W. BRUCE<br>State Bar No. 24113627<br>PABLO A. FRANCO<br>State Bar No. 24121625<br>McBryde Franco, PLLC<br>11000 Richmond Avenue, Suite 350<br>Houston, Texas 77042<br>Telephone: (713) 223-7699<br>Facsimile: (512) 691-9072<br>Serv.russell@mf-txlaw.com<br>Serv.andrew@mf-txlaw.com<br>Serv.pablo@mf-txlaw.com |
| Appellees, Greater Houston Psychiatric Associates, PLLC | LAVERNE CHANG<br>State Bar No. 00783819<br>Cardwell & Chang, PLLC<br>511 Lovett Blvd.<br>Houston, Texas 77006<br>Telephone: (713) 222-6025<br>Chang@cardwellchang.com |

# REFERENCES TO THE PARTIES

Appellant Francisca Okonkwo, in her official capacity as Administrative Law Judge for the Texas Department of Insurance - Division of Workers' Compensation, will be referred to as "ALJ Okonkwo" or "Ms. Okonkwo."

Appellees, Joshua Heiliger, et al., will be referred to, collectively, as "Mr. Heiliger" or "Heiliger."

Fort Bend County will be referred to as "Fort Bend" or "the County."

Greater Houston Psychiatric Associates, PLLC will be referred to as "Greater Houston."  Dr. John Marcellus, an employee of Greater Houston will be referred to as "Dr. Marcellus."

# REFERENCES TO THE RECORDS AND APPENDICES

Clerk's Record (April 30, 2025): ............................................. C.R. [Page no.]

Supplemental Clerk's Record (May 23, 2025) .................S.C.R. Exh. [Letter]

Appendix:.................................................................. Okonkwo App. [Letter]

# TABLE OF CONTENTS

Identity of Parties and Counsel .................................................................. iii

References to the Parties .............................................................................. v

References to the Records and Appendices .............................................. vi

Table of Contents .................................................................................... vii

Index of Authorities ................................................................................. ix

Statement of the Case.............................................................................. xii

Statement on Oral Argument .................................................................. xiv

Issues Presented ......................................................................................xv

I.       Summary of the Argument ........................................................16

II.      Statement of Facts.....................................................................17

III.     Standard of Review....................................................................20

IV.      Argument ...................................................................................25

The trial court abused its discretion by denying Ms. Okonkwo's PTJ in her
     official capacity.................................................................................25

   1.   Mr. Heiliger's ultra vires allegations (that Ms. Okonkwo issued a
        subpoena in an unapproved form) do not state a valid ultra vires
        claim and are in any event moot. ......................................................25

   2.   Ms. Okonkwo's subpoenas did not, and do not, deprive Husband of
        his constitutionally protected privilege rights........................................27

   3.   Heiliger's arguments against Issue One are baseless. ..............................29

The trial court's ruling failed to correctly consider and apply the critical
     applicable law. ..................................................................................30

   1.   The trial court failed to give effect to the Offensive Use Doctrine. ..........31

   2.   The trial court's ruling failed to give effect to the Patient Litigant
        Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5)...........32

3. The trial court's ruling failed to give effect to the provisions of Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11). ..................................................................33

4. Mr. Heiliger's claim that the records have not been shown to be relevant and determinative fails. ...........................................33

V.    Conclusion ..................................................................................35

Prayer ...............................................................................................36

Certificate of Compliance ................................................................38

Certificate of Service .......................................................................39

Index of Appendices .........................................................................40

# INDEX OF AUTHORITIES

## Cases

*Alamo Heights Indep. Sch. Dist. v. Clark*,
  544 S.W.3d 755 (Tex. 2018)................................................................23

*Approach Res. I, L.P. v. Clayton*,
  360 S.W.3d 632 (Tex. App.—El Paso 2012, no pet.).........................................24

*City of El Paso v. Heinrich*,
  284 S.W.3d 366 (Tex. 2009)................................................................25

*City of San Antonio v. Maspero*,
  640 S.W.3d 523 (Tex. 2022)................................................................22

*Coastal Habitat All. v. Pub. Util. Comm'n of Tex.*,
  294 S.W.3d 276 (Tex. App.—Austin 2009, no pet.) .................................. 26, 27

*El Paso Nat. Gas Co. v. Minco Oil & Gas, Inc.*,
  8 S.W.3d 309 (Tex. 1999)..................................................................20

*Employees Ret. Sys. of Tex. v. Jones*,
  58 S.W.3d 148 (Tex. App.—Austin 2001, no pet.) ..........................................20

*Feldman v. KPMG LLP*,
  438 S.W.3d 678 (Tex. App.—Houston [1st Dist.] 2014, no pet.) .......................24

*Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*,
  96 S.W.3d 519 (Tex. App.—Austin 2002, pet. denied).....................................26

*Ginsberg v. Fifth Ct. of Appeals*,
  686 S.W.2d 105 (Tex. 1985)..................................................... 28, 32

*Hall v. McRaven*,
  508 S.W.3d 232 (Tex. 2017).................................................... 25, 27

*Heckman v. Williamson Cty.*,
  369 S.W.3d 137 (Tex. 2012)................................................................21

*Hosner v. DeYoung*,
  1 Tex. 764 (1847).........................................................................22

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
  372 S.W.3d 629 (Tex. 2012)................................................................23

*Nettles v. GTECH Corp.*,
606 S.W.3d 726 (Tex. 2020)................................................................21

*Paxton v. City of Dall.*,
509 S.W.3d 247 (Tex. 2017)......................................................... 28, 32

*Pennhurst State Sch. & Hosp. v. Halderman*,
465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).............................26

*Quick v. City of Austin*,
7 S.W.3d 109(Tex. 1998).....................................................................20

*Republic Ins. Co. v. Davis*,
856 S.W.2d 158 (Tex. 1993)......................................................... 28, 32

*Slade v. Tex. S. Univ. Bd. of Regents*,
232 S.W.3d 395 (Tex. App.—Houston [1ˢᵗ Dist.] 2007, no pet.) .......24

*State v. Holland*,
221 S.W.3d 639 (Tex. 2007).................................................................22

*State v. Lueck*,
290 S.W.3d 876 (Tex. 2009).................................................................22

*Steering Committees for the Cities Served by TXU Elec. v. Pub. Util. Comm'n*,
42 S.W.3d 296 (Tex. App.—Austin 2001, no pet.) ..............................20

*Tex. A & M Univ. Sys. v. Koseoglu*,
233 S.W.3d 835 (Tex. 2007).................................................................21

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,
852 S.W.2d 440 (Tex. 1993).................................................................21

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004)....................................... 21, 22, 23, 24

*Tex. Dep't of Protective & Reg. Servs. v. Mega Child Care, Inc.*,
145 S.W.3d 170 (Tex. 2004).................................................................20

*Tex. Health & Human Servs. Comm'n v. Pope*,
674 S.W.3d 273 (Tex. 2023)......................................................... 22, 23

**Statutes**

Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) ...................................................... xiv

Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) ...................................................... xiv

Tex. Gov't Code § 22.220(d) ............................................................................. xiv

Tex. Gov't Code § 312.005 ..................................................................................20

Tex. Gov't Code § 554.003(a) .............................................................................22

Tex. Gov't Code § 554.0035 ................................................................................22

Tex. Health & Safety Code § 611.004(a)(1) .................................................. 29, 33

Tex. Health & Safety Code § 611.006(a)(11) ................................................. 29, 33

Tex. Lab. Code subchapter D ..............................................................................27

**Rules**

28 Tex. Admin. Code § 142.1 ..............................................................................27

28 Tex. Admin. Code § 142.12 ............................................................................27

Tex. R. App. P. 26.1(b) ..................................................................................... xiv

Tex. R. App. P. 28 ............................................................................................ xiv

Tex. R. App. P. 29 ............................................................................................ xiv

Tex. R. App. P. 38.1(e) ...................................................................................... xv

Tex. R. App. P. 39.1 .......................................................................................... xv

Tex. R. Evid. 509(e)(4) .................................................................................. 29, 32

Tex. R. Evid. 510(d)(5) .................................................................................. 29, 32

**Nature of the Case:** This is an appeal over the trial court's approval of a Temporary Injunction enjoining Texas Department of Insurance - Division of Workers' Compensation ("TDI-DWC" or "Division") ALJ Francisca Okonkwo's issuance of a subpoena for mental health records in a contested case at TDI-DWC brought by Appellee Heiliger.

**Course of Proceedings:** Appellee Joshua David Heiliger ("Heiliger" or "Husband") seeks death benefits from TDI-DWC for the unexpected death of his Wife, Lauren Brittane Smith ("Ms. Smith" or "Wife"), deceased.

In the contested case hearing over Heiliger's claim at TDI-DWC, Fort Bend County ("Fort Bend" or "Real Party in Interest"), the respondent employer in Heiliger's TDI-DWC claim, requested that ALJ Okonkwo issue a subpoena ordering disclosure of deceased Wife's mental health records from Greater Houston and Dr. Marcellus. Although Husband is seeking death benefits, Husband opposed the subpoena, claiming the records are privileged.

Husband filed suit in Harris County District Court against TDI, TDI-DWC, and ALJ Okonkwo in both her official and individual capacities. Husband sought and was granted a Temporary Restraining Order to prohibit the disclosure of Wife's mental health records. More recently, Husband sought and was granted a Temporary Injunction, which keeps the prohibition in place until trial. Husband's request for a Permanent Injunction is scheduled to be tried in the trial court's two-week docket starting on December 1, 2025.

Appellant ALJ Okonkwo brings this interlocutory accelerated appeal of the trial court's April 2, 2025, denial of ALJ Okonkwo's Plea to the Jurisdiction and Motion to Dismiss and of the court's approval of Heiliger's requested Temporary Injunction, prohibiting the disclosure of the deceased Wife's

mental health records pursuant to the subpoena, thereby rendering it impossible for the ALJ to review a complete factual record in drafting proposal for decision.

**Trial Court:** The Honorable Kristen Brauchle Hawkins, 11th Judicial District Court, Harris County, Texas.

**Trial Court Disposition:** The trial court granted in part and denied in part ALJ Okonkwo's Plea to the Jurisdiction, denied ALJ Okonkwo's Motion to Dismiss, and granted Heiliger's request for a Temporary Injunction against Greater Houston prohibiting production of Wife's mental health records in the contested case proceeding.

**Appellate Review:** This is an interlocutory appeal from the trial court's order granting a Temporary Injunction and denying Ms. Okonkwo's Plea to the Jurisdiction. Tex. Civ. Prac. & Rem. Code §§ 51.014(a)(4) & (a)(8). This appeal must be brought in the 15th Court of Appeals. Tex. Gov't Code § 22.220(d). Appellant timely filed her notice of appeal on April 22, 2025, within 20 days after the order granting the Temporary Injunction. This appeal may proceed as an accelerated appeal. Tex. R. App. P. 26.1(b), 28 & 29.

**STATEMENT ON ORAL ARGUMENT**

Appellant ALJ Okonkwo respectfully requests that this Court grant oral argument and requests to be allowed to participate if oral argument is scheduled by the Court. This appeal raises important issues regarding the proper limits on the assertion of claims of privilege and confidentiality in applications for affirmative relief. Oral argument will assist the Court in understanding the record, the parties' claims and arguments, and the governing law. Tex. R. App. P. 38.1(e) & 39.1.

**ISSUES PRESENTED**

**Issue One:** Did the trial court abuse its discretion by denying Ms. Okonkwo's Plea to the Jurisdiction and her Motion to Dismiss?

**Issue Two:** Did the trial court abuse its discretion by granting injunctive relief prohibiting Greater Houston and Dr. Marcellus from producing or disclosing Wife's mental health records and by refusing to correctly apply the Offensive Use Doctrine, the Patient Litigation Exception, and the statutory provisions regarding disclosure of mental health records in chapter 611 of the Texas Health and Safety Code?

TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEALS:

COMES NOW Appellant, Francisca Okonkwo, Administrative Law Judge of the Texas Department of Insurance - Division of Workers' Compensation, in her official capacity, by and through the Office of the Attorney General of Texas and the undersigned Assistant Attorneys General, and files her merits brief.

## I.  SUMMARY OF THE ARGUMENT

**Argument: Issue One.**  The trial court abused its discretion by denying Ms. Okonkwo's Plea to the Jurisdiction ("PTJ") in her official capacity, [Okonkwo Apps. A, C & D] which asserts ALJ Okonkwo is entitled to sovereign immunity in that capacity.  The trial court also abused its discretion by denying Ms. Okonkwo's Motion to Dismiss. [Okonkwo App. A]. Husband's claim that Ms. Okonkwo acted ultra vires is without foundation and is moot.  Husband's claim that ALJ Okonkwo denied him his constitutionally protected privilege rights is without merit under a) the Offensive Use Doctrine; b) the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) [see Okonkwo App. F] and 510(d)(5) [see Okonkwo App. G]; and c) the statutory provisions in Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11) (applied together).  [See Okonkwo Apps. H & I].

**Argument: Issue Two.**  The trial court's order granting Heiliger's Temporary Injunction failed to correctly consider and apply applicable law. [Okonkwo App. B]. The trial court abused its discretion by granting injunctive relief prohibiting Greater

Houston and Dr. Marcellus from disclosing Wife's records and by refusing to correctly apply a) the Offensive Use Doctrine; b) the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5); and c) the statutory provisions in Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11) (applied together).

Ms. Okonkwo's Plea to the Jurisdiction should have been granted by the district court. All injunctive relief should have been denied because Husband Heiliger's objection to disclosing confidential or privileged matters in his claim before the agency seeking monetary death benefits for his Wife's death violates the Offensive Use Doctrine, the Patient Litigant Exception, and Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11).

## II.    STATEMENT OF FACTS

Husband, Joshua David Heiliger ("Heiliger" or "Husband"), seeks death benefits from Fort Bend County at the Texas Department of Insurance - Division of Workers' Compensation for the unexpected death of his wife, Lauren Brittane Smith (Ms. Smith or Wife), deceased. (S.C.R. Exhs. B & C). Ms. Smith's death by a stroke may have been caused by or contributed to by her stressful work as a first responder for Fort Bend County and her chronic hypertension. Her death occurred at home on the couch after a very long work shift. (S.C.R. Exhs. B, C, D, F & G). Alternatively, her death may have been caused by or contributed to by her long-term

use and potential abuse of prescription drugs Adderall and Vyvanse, (S.C.R. Exh. J) both amphetamines with potential to aggravate her hypertension. *Id.* Mental health records indicating the contribution of Wife's stress and drug use to her death are believed to be maintained in the records kept by her mental health provider, Greater Houston Psychiatric Associates, PLLC, and Dr. John Marcellus. (S.C.R. Exhs. G & J).

In the contested case hearing at TDI-DWC, Real Party in Interest Fort Bend County requested that ALJ Francisca Okonkwo, the Administrative Law Judge presiding over Mr. Heiliger's application for death benefits at TDI-DWC, issue a subpoena requesting deceased Wife's mental health records from Greater Houston and Dr. Marcellus. (C.R. at 164-182). Although he is seeking a benefit, Husband opposed the request for subpoena, claiming the requested records were privileged. (C.R. at 145-163 & 325-336). Husband filed suit in Harris County District Court against TDI-DWC and ALJ Okonkwo, in both her official and individual capacities. (C.R. 136-163). Husband sought and was granted a temporary restraining order to prohibit the disclosure of Wife's mental health records. (C.R. at 20-24, 48-50, 453-57, 458-59, 604-05 & 614-18). Subsequently, Husband sought and was granted a Temporary Injunction, which keeps the injunction in place until trial. (C.R. 604-05, 606-610, 611-13). Husband's request for a permanent injunction is scheduled for

trial on the trial court's two-week docket starting on December 1, 2025. (C.R. 606-610).

Husband dropped his claims against ALJ Okonkwo in her individual capacity, and in its April 2, 2025, Order the Court partially granted Ms. Okonkwo's PTJ on that basis, dismissing her in her individual capacity only. (C.R. 534 ¶ 9 & 612-13). The Court also granted Husband's requested Temporary Injunction, in part, enjoining Greater Houston and Dr. Marcellus from disclosing Ms. Smith's records, but denying Husband's request to enjoin the TDI-DWC and Ms. Okonkwo from issuing subpoenas. (C.R. 606-610).

Husband initially claimed that ALJ Okonkwo acted ultra vires by approving a subpoena in a format that failed to state whether the subpoena was for a deposition or a hearing. (C.R. 141-43 & 152). ALJ Okonkwo withdrew and vacated the first subpoena and replaced it with a second subpoena that did not have the claimed procedural issues. (C.R. 341-49, 387-414 & 563-67; S.C.R. Exh. A). The withdrawal and replacement mooted Heiliger's ultra vires claims. (C.R. 341-49, 387-414 & 563-67; S.C.R. Exh. A). Husband, however, continued to claim that sovereign immunity was waived by ALJ Okonkwo's denial of his constitutionally protected privilege rights and by her alleged ultra vires acts that he claimed resulted from the improper form of the first subpoena. (C.R. 136-163). Impliedly approving Husband's claims, the Court denied TDI-DWC's and Ms. Okonkwo's PTJ arguments that Ms.

Okonkwo is protected in her official capacity by sovereign immunity and that Husband's claims against her in her official capacity should be dismissed. (C.R. 611-13).

## III.   STANDARD OF REVIEW

The first issue before this Court is whether the trial court had jurisdiction in this case. Questions of law are reviewed de novo. *El Paso Nat. Gas Co. v. Minco Oil & Gas*, *Inc.*, 8 S.W.3d 309, 312 (Tex. 1999). In a de novo review, the reviewing court conducts a review of the record to make its own legal determinations and conclusions. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998). When construing a statute, the court's objective is to ascertain and effectuate the legislature's intent. Tex. Gov't Code § 312.005; *Tex. Dep't of Protective & Reg. Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2004). An administrative agency's construction or interpretation of a statute that the agency is charged with enforcing is entitled to serious consideration by reviewing courts, so long as that construction is reasonable and does not contradict the plain language of the statute. *Employees Ret. Sys. of Tex. v. Jones*, 58 S.W.3d 148, 151 (Tex. App.—Austin 2001, no pet.) (citing *Steering Committees for the Cities Served by TXU Elec. v. Pub. Util. Comm'n*, 42 S.W.3d 296, 300 (Tex. App.—Austin 2001, no pet.)).   The parties' dispute concerns the trial court's jurisdiction to resolve

Appellees' claims. Both of these issues are reviewed under the aforementioned de novo standard.

Subject-matter jurisdiction is essential to a court's authority to decide a case and is properly challenged by a plea to the jurisdiction. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149 (Tex. 2012); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The plaintiff bears the burden of pleading facts sufficient to demonstrate the trial court's jurisdiction over his claims. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. When a plea to the jurisdiction challenges the pleadings (as opposed to challenging the existence of jurisdictional facts), the court looks to the pleader's intent, construes the pleadings liberally in favor of jurisdiction, and accepts the allegations in the pleadings as true to determine whether the plaintiff has alleged facts sufficient to demonstrate, affirmatively, that the trial court has jurisdiction to hear the claim. *Heckman*, 369 S.W.3d at 150. If the plaintiff's pleadings negate the existence of jurisdiction by revealing an incurable defect, the claims should be dismissed without an opportunity for the plaintiff to replead. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

Whether a trial court has subject-matter jurisdiction over the plaintiff's claims is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). For that reason, a court will review a ruling on a plea to the jurisdiction de novo. *Nettles v. GTECH Corp.*, 606 S.W.3d 726, 731 (Tex. 2020).

The State and its agencies, as well as its employees and agents in their official capacities, including ALJ Okonkwo, "are immune from suit and liability in Texas unless the Legislature expressly waives sovereign immunity." *Tex. Health & Human Servs. Comm'n v. Pope*, 674 S.W.3d 273, 280–81 (Tex. 2023); *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). An agency may assert its immunity in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225-26; *see also Hosner v. DeYoung*, 1 Tex. 764, 769 (1847). Although immunity from suit is a jurisdictional question generally distinct from immunity from liability, the courts have held the two may be interwoven in certain contexts which require plaintiffs to allege jurisdictional facts giving rise to an actual violation to qualify for the statutory waiver of immunity. *Lueck*, 290 S.W.3d at 881; *see e.g.* Tex. Gov't Code §§ 554.003(a) (authorizing suit by public employee terminated in violation of Act), 554.0035 (waiving immunity "to the extent of liability for the relief allowed under this chapter for a violation of this chapter").

A plea to the jurisdiction presents a question of law that is reviewed de novo on appeal, *Pope*, 674 S.W.3d at 280–81; *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007), mirroring the standard applied to a traditional motion for summary judgment, *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022).

When a plea to the jurisdiction challenges the existence of alleged jurisdictional facts, the court "must move beyond the pleadings and consider

evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim." *Pope*, 674 S.W.3d at 280–81; *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770-71 (Tex. 2018).

A defendant that files a plea to the jurisdiction has the initial burden of meeting the summary judgment standard of proof for its assertion that the court lacks jurisdiction; if it does so, the plaintiff must then "show that a disputed material fact exists regarding the jurisdictional issue." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). "In determining whether a material fact issue exists, we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor. In doing so…we cannot disregard evidence necessary to show context, and we cannot disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not." *Alamo Heights Indep. Sch. Dist.*, 544 S.W.3d at 771.

If the plaintiff fails to raise a fact question on the jurisdictional issue or the relevant evidence supporting the defendant's assertion is undisputed, the plea to the jurisdiction must be granted as a matter of law. *Id.*; *Miranda*, 133 S.W.3d at 228. "If the evidence creates a fact question regarding a jurisdictional issue, then the trial court should not grant the plea until the fact issue is resolved." *Slade v. Tex. S. Univ.*

*Bd. of Regents*, 232 S.W.3d 395, 397 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Miranda*, 133 S.W.3d at 227-28.

To the extent ALJ Okonkwo's plea to the jurisdiction challenges the pleadings, the denial of her plea is reviewed de novo. *Miranda*, 133 S.W.3d at 226. To the extent ALJ Okonkwo's plea challenges jurisdictional facts, the denial of her plea is reviewed for an abuse of discretion, taking as true all evidence favorable to the nonmovant, indulging every reasonable inference, and resolving any doubts in the nonmovant's favor. *Id.* at 228-29.

This Court may consider whether the ruling was arbitrary, unreasonable, or made without regard to guiding legal principles, and evidence must be viewed "in the light most favorable to the trial court's ruling, indulging every presumption in its favor." *Feldman v. KPMG LLP*, 438 S.W.3d 678, 686 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Approach Res. I, L.P. v. Clayton*, 360 S.W.3d 632, 639 (Tex. App.—El Paso 2012, no pet.)).

The second issue before this Court, i.e., the Court's denial of ALJ Okonkwo's Motion to Dismiss Mr. Heiliger's suit seeking a Temporary Injunction, is reviewed for an abuse of discretion. This Court may consider whether the ruling was arbitrary, unreasonable, or made without regard to guiding legal principles, and evidence must be viewed "in the light most favorable to the trial court's ruling, indulging every presumption in its favor." *Feldman*, 438 S.W.3d at 686.

## IV. ARGUMENT

**The trial court abused its discretion by denying Ms. Okonkwo's PTJ in her official capacity.**

Issue One is whether the trial court abused its discretion by denying ALJ Okonkwo's Plea to the Jurisdiction in her official capacity. ALJ Okonkwo's PTJ asserted that 1) she was entitled to sovereign immunity in her official capacity; 2) Mr. Heiliger's ultra vires claims were unfounded and moot; and 3) her subpoenas did not deny Mr. Heiliger his constitutionally protected privilege rights.

Part of this issue concerns whether the trial court abused its discretion by denying Ms. Okonkwo's Motion to Dismiss based on her Plea to the Jurisdiction. ALJ Okonkwo maintains that the answer is "Yes," the trial court did abuse its discretion by denying ALJ Okonkwo's Plea to the Jurisdiction and her Motion to Dismiss. Mr. Heiliger's claims that ALJ Okonkwo acted ultra vires and denied Mr. Heiliger's constitutionally protected privilege rights are without merit for the reasons argued below.

1. **Mr. Heiliger's ultra vires allegations (that Ms. Okonkwo issued a subpoena in an unapproved form) do not state a valid ultra vires claim and are in any event moot.**

Ultra vires acts may overcome sovereign immunity. *See Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

Mr. Heiliger claimed that the first subpoena was ultra vires because it failed to state whether it was for a hearing or a deposition. However, Mr. Heiliger's claim was incorrect. Issuance of the first subpoena was not ultra vires. While the subpoena may not have been issued in the perfect format, it was nevertheless in the form used by the Agency (C.R. 374, 399 & 410-414; S.C.R. Exh. A) and was not violative of applicable law. Any irregularity was merely a matter of form relating to the omission of a required statement of whether the subpoena was for a deposition or a hearing, a matter of form in which perfection was not required.

The standard for ultra vires acts is not triggered by matters of form, does not require perfection, and is instead focused on whether authority is present or lacking. An action is ultra vires only when an agency issues an order completely outside its statutory jurisdiction or in the absence of authority. *Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519 (Tex. App.—Austin 2002, pet. denied); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("[A] state officer may be said to act *ultra vires* only when he acts 'without any authority whatever.'"). Mistakes or errors in procedure in the exercise of the agency's authority do not render that action ultra vires. *Friends of Canyon Lake, Inc.*, 96 S.W.3d at 528; *Coastal Habitat All. v. Pub. Util. Comm'n of Tex.*, 294 S.W.3d 276, 285 (Tex. App.—Austin 2009, no pet.). It is not ultra vires for an agency to incorrectly interpret the law. *Coastal Habitat All.*,

294 S.W.3d at 285. Further, rulings in the administrative process necessarily involve the exercise of statutory discretion by the agency officials, so the ultra vires exception to the doctrine of sovereign immunity is not implicated. *McRaven*, 508 S.W.3d at 238.

ALJ Okonkwo had authority to issue the subpoenas. Tex. Lab. Code subchapter D; 28 Tex. Admin. Code §§ 142.1 & 142.12. Any matters of form in the issuance of the subpoenas under the ALJ's authority were not substantive, and ALJ Okonkwo's acts were not ultra vires.

Moreover, Mr. Heiliger's ultra vires claims were rendered moot when ALJ Okonkwo withdrew and vacated the first subpoena and substituted a second subpoena in its place that resolved the issues of form complained of by Mr. Heiliger. Mr. Heiliger's claimed issues of form were thereby resolved, and his claimed ultra vires issues became moot and no longer an issue, confirming ALJ Okonkwo's claim in her Pleas to the Jurisdiction.

### 2. Ms. Okonkwo's subpoenas did not, and do not, deprive Husband of his constitutionally protected privilege rights.

Like ultra vires claims, violations of constitutionally protected rights may overcome sovereign immunity. Mr. Heiliger claimed that the subpoenas violated his constitutionally protected rights. But Mr. Heiliger was again incorrect. Mr. Heiliger's claim that Ms. Okonkwo's issuance of the subpoenas violated his constitutionally protected privilege rights is erroneous, without merit, and

unsupportable because, under the Offensive Use Doctrine, the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5), and Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11), the subpoenaed mental health records were not legally privileged and were fully disclosable.

First, the Offensive Use Doctrine prevents a party from using a privilege as a sword instead of as a shield. The doctrine prohibits a party from claiming a benefit in a proceeding but, at the same time, refusing under a claim of privilege to give opposing parties access to information that is indicative of whether the party should be granted or denied the benefit sought. *Paxton v. City of Dall.*, 509 S.W.3d 247, 264 (Tex. 2017). *See Ginsberg v. Fifth Ct. of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985). [Okonkwo App. E]. In *Ginsberg*, the Court approved the offensive use privilege waiver and conditionally granted Ginsberg's Writ of Mandamus, requiring the Court of Appeals to withdraw its Order of Mandamus to permit the trial judge to make an independent determination of the discoverability and admissibility of the medical records pursuant to the offensive use ruling. *See also Republic Ins. Co. v. Davis*, 856 S.W.2d 158 (Tex. 1993) (approving the doctrine as applied by *Ginsberg* but finding that Republic was not seeking affirmative relief). Mr. Heiliger is seeking death benefits from Fort Bend County in the contested case at the Texas Department of Insurance - Division of Workers' Compensation; therefore, Ms. Smith's records are subject to the requirements of the Offensive Use Doctrine.

Next, the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5) provides that records of a person's physical, mental, or emotional condition, otherwise privileged, are exempt from privilege treatment when they are relevant to the patient's condition and any party has relied on the condition as part of the party's claim or defense. Tex. R. Evid. 509(e)(4) & 510(d)(5). The conditions for imposing this exception in the rules have been met, here. Under the exceptions in Rules 509(e)(4) and 510(d)(5), Ms. Smith's records are not privileged.

Finally, the statutory provisions in Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11) (applied together) permit disclosure of patient mental health records where the information has been ordered disclosed by subpoena or order in an administrative or court proceeding. Tex. Health & Safety Code §§ 611.004(a)(1) & 611.006(a)(11). These required conditions have been met: ALJ Okonkwo ordered the information to be disclosed by subpoena in the administrative proceeding now pending before TDI-DWC. (C.R. 341-349, 387-414 & 563-67; S.C.R. Exh. A). Because these sections apply, Ms. Smith's records are subject to disclosure pursuant to the subpoena in the contested case proceeding at the Division.

### 3. Heiliger's arguments against Issue One are baseless.

Mr. Heiliger's ultra vires claims are moot. Because Ms. Smith's records are covered by the Offensive Use Doctrine, the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5), and the Texas Health and Safety Code

sections 611.004(a)(1) and 611.006(a)(11), they are not privileged and are lawfully subject to disclosure. Accordingly, ALJ Okonkwo's subpoenas do not deprive Mr. Heiliger of any constitutionally protected privilege rights. Thus, Mr. Heiliger's ultra vires claims and constitutional privilege claims are entirely resolved, and no issues are left that are not covered by sovereign immunity protection. Accordingly, the trial court should have granted ALJ Okonkwo's Pleas to the Jurisdiction because ALJ Okonkwo was protected by sovereign immunity. The trial court erred by failing to do so and erred by failing to grant Ms. Okonkwo's motion to dismiss for the same reason.

**The trial court's ruling failed to correctly consider and apply the critical applicable law.**

Issue Two asks whether the trial court abused its discretion by granting injunctive relief prohibiting Greater Houston and Dr. Marcellus from disclosing Wife's mental health records and by refusing to correctly apply the Offensive Use Doctrine, the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5), and the statutory provisions regarding disclosure of mental health records in sections 611.004(a)(1) and 611.006(a)(11) of the Texas Health and Safety Code, mentioned above.

Again, ALJ Okonkwo avers that the answer is "Yes," the trial court abused its discretion.

The trial court should have denied Mr. Heiliger's requested injunctive relief because his refusal to permit disclosure of his deceased Wife's mental health records in the contested case hearing at TDI-DWC while at the same time seeking death benefits for his Wife's death violates the Offensive Use Doctrine, the Patient Litigant Exception of Texas Rules of Evidence 509(e)(4) and 510(d)(5), and Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11) (applied together). With the proper application of these requirements, Heiliger could not establish a cause of action, could not prevail on the merits, and would not be irreparably harmed.

By granting Mr. Heiliger's requested injunctive relief, the trial court erroneously failed to apply these governing provisions. The trial court effectively forecloses Fort Bend's and TDI-DWC's ability to consider facts that are central and consequential to Husband's eligibility for TDI-DWC benefits, and it prevents ALJ Okonkwo from having knowledge of central, consequential facts in deciding the case and drafting the proposal for decision. The trial court denying TDI-DWC access to records it needs to correctly determine Mr. Heiliger's eligibility for the death benefits he seeks is a clear abuse of discretion.

### 1. The trial court failed to give effect to the Offensive Use Doctrine.

As noted above, the Offensive Use Doctrine prevents a party from using a privilege as a sword instead of as a shield. The doctrine prohibits a party from claiming a benefit in a proceeding but, at the same time, refusing under a claim of

privilege to give opposing parties access to information that is indicative of whether the party should be granted or denied the benefit sought. *See Ginsberg*, 686 S.W.2d at 108; *Davis*, 856 S.W.2d; *City of Dall.*, 509 S.W.3d at 264. Mr. Heiliger is seeking death benefits from Fort Bend County in the contested case at TDI-DWC. Ms. Smith's mental health records are not only relevant to whether Mr. Heiliger should be granted the benefits he seeks, they are consequential, determinative, and dispositive, and cannot be obtained from any other source. Mr. Heiliger's refusal to produce the records violates the Offensive Use Doctrine. The trial court's ruling granting the temporary injunction also violates the Offensive Use Doctrine.

2. **The trial court's ruling failed to give effect to the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5).**

As noted above, the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5) provides that records of a person's physical, mental, or emotional condition, otherwise privileged, are exempt from privilege treatment when they are relevant to the patient's condition and any party has relied on the condition as part of the party's claim or defense. Tex. R. Evid. 509(e)(4) & 510(d)(5). The conditions imposing the exception in the rules have been met. Ms. Smith's mental health and medical conditions are part of both Mr. Heiliger's and Fort Bend County's claims and defenses. Mr. Heiliger claims Ms. Smith's death was caused by work stress; Fort Bend believes the requested records will show that

her death was caused by her use or potential abuse of amphetamines, which exacerbated her hypertension.

The trial court's ruling granting the temporary injunction violates the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5).

## 3. The trial court's ruling failed to give effect to the provisions of Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11).

As noted above, Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11) (applied together) permit disclosure of patient mental health records where the information has been ordered disclosed by subpoena or order in an administrative or court proceeding. Tex. Health & Safety Code §§ 611.004(a)(1) & 611.006(a)(11). These conditions are present here: the information has been ordered disclosed by subpoena in an administrative proceeding now before TDI-DWC. (C.R. 341-349, 387-414 & 563-67; S.C.R. Exh. A). The trial court's ruling failed to give effect to provisions of Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11). Tex. Health & Safety Code §§ 611.004(a)(1) & 611.006(a)(11).

## 4. Mr. Heiliger's claim that the records have not been shown to be relevant and determinative fails.

Mr. Heiliger claims ALJ Okonkwo and Fort Bend County have not demonstrated that the mental health data requested is determinative of issues related to Mr. Heiliger's request for death benefits at the Division. He also claims Fort Bend's request and the subpoena are part of a fishing expedition. Mr. Heiliger is

incorrect. As explained above in subsections B. 1 and B. 2, the information requested by the subpoena relates to the cause of or factors contributing to Ms. Smith's death, which forms the basis of Mr. Heiliger's claim for benefits. The information contained in the health records created or maintained by Greater Houston and Dr. Marcellus about Ms. Smith's condition address the existence and severity of work-related stress, if such doctors made such a finding, and would address the type and amount of medication she used, issues that go to whether her death was caused or contributed to by work-related stress or by use or abuse of medication. These facts will determine whether Mr. Heiliger is eligible to recover benefits.

ALJ Okonkwo and Fort Bend County must be allowed access the data. The documents, by definition, are covered by the Offensive Use Doctrine, the Patient Litigant Exception, and/or chapter 611 of the Texas Health and Safety Code (statutory disclosure provisions). The ALJ and Fort Bend need the documents to show Mr. Heiliger's eligibility and the amount of recovery, if any, correctly allowed under his claim. The consistency of the language of the subpoena with the statutory criteria for recovery demonstrates that the information sought is determinative and that the subpoena is not a fishing expedition. The trial court's ruling granting Mr. Heiliger's requested injunctive protection runs counter to this demonstration. It denies ALJ Okonkwo and Fort Bend County required access to the documents, in

spite of the requirements of the Offensive Use Doctrine, the Patient Litigant Exception, and the provisions of Texas Health and Safety Code Sections 611.004(a)(1) and 611.006(a)(11), which expressly authorize the release of health records in a case such as this one.

## V.  CONCLUSION

The trial court erred by a) denying ALJ Okonkwo's Plea to the Jurisdiction, and b) granting Mr. Heiliger's requested injunctive relief prohibiting Greater Houston and Dr. Marcellus from disclosing Wife's mental health records. The Court erred by refusing to determine that under the correct application of the Offensive Use Doctrine, the Patient Litigation Exception, and the statutory provisions regarding disclosure of mental health records in sections 611.004(a)(1) and 611.006(a)(11) of the Texas Health and Safety Code, Petitioner Heiliger could not establish a cause of action, was not likely to prevail on the merits, and would not be irreparably harmed.  For the aforementioned reasons, Appellees' claims fail to support a jurisdictional basis for overcoming sovereign immunity. Properly applied, the Offensive Use Doctrine, the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5), and Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11) (applied together) indicate Ms. Smith's records are not properly classified as privileged and should not be protected by injunctive orders.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant, Francisca Okonkwo, Administrative Law Judge of the Texas Department of Insurance - Division of Workers' Compensation, in her official capacity, requests that this Court reverse the trial court's orders granting injunctive relief, grant ALJ Okonkwo's Pleas to the Jurisdiction, grant ALJ Okonkwo's Motion to Dismiss, and grant such other and further relief to which ALJ Okonkwo may be entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

/s/ James Z. Brazell
JAMES Z. BRAZELL
State Bar No. 02930100
Assistant Attorney General
SHERLYN HARPER
State Bar No. 24093176
Assistant Attorney General
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3204
Telephone: (713) 225-8913
Facsimile: (512) 320-0167
James.Brazell@oag.texas.gov
Sherlyn.Harper@oag.texas.gov

ATTORNEYS FOR DEFENDANT, FRANCISCA
OKONKWO, ADMINISTRATIVE LAW JUDGE,
TEXAS DEPARTMENT OF INSURANCE -
DIVISION OF WORKERS' COMPENSATION, IN
HER OFFICIAL CAPACITY

## CERTIFICATE OF COMPLIANCE

I certify that the submitted brief complies with Texas Rule of Appellate Procedure 9.4(i)(3) and the word count of this document is 4,778 including the portions that would not otherwise be exempted by Texas Rule of Appellate Procedure 9.4(i)(1). The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word for Office 365.

*/s/ James Z. Brazell*
JAMES Z. BRAZELL
Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, a true and correct copy of the foregoing document has been served via e-service and/or email on the following:

DEAN G. PAPPAS
State Bar No. 15454375
MARY M. MARKANTONIS
State Bar No. 12986800
LISA M. TEACHEY
State Bar No. 24056416
MARILYN J. ALLEN
State Bar No. 24025225
DEAN G. PAPPAS LAW FIRM, PLLC
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: (713) 914-6200
Facsimile: (713) 914-6201
dpappas@dgplawfirm.com
mmarkantonis@dgplawfirm.com
lteachey@dgplawfirm.com
mallen@dgplawfirm.com

ATTORNEYS FOR APPELLANT, FORT BEND COUNTY

RUSSELL L. MORRIS
State Bar No. 24099150
ANDREW W. BRUCE
State Bar No. 24113627
PABLO A. FRANCO
State Bar No. 24121625
MCBRYDE FRANCO, PLLC
11000 Richmond Avenue, Suite 350
Houston, Texas 77042
Telephone: (713) 223-7699
Facsimile: (512) 691-9072
Serv.russell@mf-txlaw.com
Serv.andrew@mf-txlaw.com
Serv.pablo@mf-txlaw.com

ATTORNEYS FOR APPELLEE HEILIGER

LAVERNE CHANG
State Bar No. 00783819
CARDWELL & CHANG, PLLC
511 Lovett Blvd.
Houston, Texas 77006
Telephone: (713) 222-6025
Chang@cardwellchang.com

ATTORNEYS FOR APPELLEE GREATER HOUSTON PSYCHIATRIC ASSOCIATES, PLLC

/s/ James Z. Brazell
JAMES Z. BRAZELL
Assistant Attorney General

# INDEX OF APPENDICES

Okonkwo App. A….April 2, 2025 Order Denying in Part and Granting in Part Respondent Okonkwo's Plea to the Jurisdiction and Motion to Dismiss

Okonkwo App. B….April 2, 2025 Order Granting Temporary Injunction and Setting Trial on Merits

Okonkwo App. C….December 5, 2024 Defendant Francisca Okonkwo, Administrative Law Judge, Texas Department of Insurance, Division of Workers' Compensation's First Amended Plea to the Jurisdiction

Okonkwo App. D….March 19, 2025 Respondent, Francisca Okonkwo, Administrative Law Judge's First Supplemental Plea to the Jurisdiction, Response to Petitioner's Fourth Amended Verified Original Petition for Declaratory Judgment, Application for Writ of Mandamus, Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, Response to Petitioner's Application for Second Temporary Restraining Order and Request for Hearing on Petitioner's Application for Temporary Injunction, Motion to Dismiss, and General Denial

Okonkwo App. E….Ginsberg v. Fifth Court of Appeals, 686 S.W.2d 105 (Tex. 1985)

Okonkwo App. F…. Texas Rule of Evidence 509

Okonkwo App. G….Texas Rule of Evidence 510

Okonkwo App. H….Texas Health and Safety Code section 611.004

Okonkwo App. I…...Texas Health and Safety Code section 611.006

# Appendix A

3/20/2025 12:40:46 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 98690123
By: OUGRAH, CHANCESAS
Filed: 3/20/2025 12:40:46 PM

CAUSE NO: 2024-78536

| | | |
|---|---|---|
| In re Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger *Petitioner*, | § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | |
| Texas Department of Insurance; Francesca Okonkwo, Administrative Law Judge; Greater Houston Psychiatric Associates, PLLC, et al. *Respondents.* | § § § § § § § § § § § | 11TH JUDICIAL DISTRICT |
| Fort Bend County, *Intervenor* | § § | HARRIS COUNTY, TEXAS |



## ORDER DENYING IN PART AND GRANTING IN PART RESPONDENT OKONKWO'S PLEA TO THE JURISDICTION AND MOTION TO DISMISS

After considering Respondent Okonkwo's Plea to the Jurisdiction and Motion to Dismiss, including any amendments or supplements, filed by Respondent, any timely responses and/or replies thereto, any argument of counsel, the Court finds and is of opinion the Plea to the Jurisdiction should be **DENIED IN PART** and **GRANTED IN PART**. To the extent Respondent has been named in her individual capacity and challenges the Court's jurisdiction as to her individual capacity, Respondent's Plea to the Jurisdiction is GRANTED. To the extent Respondent has been named in her official capacity and challenges the Court's jurisdiction as to her official capacity, Respondent's Plea to the Jurisdiction is DENIED. Further, Respondent's Motion to Dismiss is DENIED.

1

Unofficial Copy Office of Marilyn Burgess District Clerk

Signed on this the _____ day of _____, 2025.

Signed:
4/2/2025

_____
PRESIDING JUDGE

Unofficial Copy Office of Marilyn Burgess District Clerk

2

# Appendix B



CAUSE NO: 2024-78536

| | | |
|---|---|---|
| In re Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger<br>*Petitioner*, | § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | |
| Texas Department of Insurance; Francesca Okonkwo, Administrative Law Judge; Greater Houston Psychiatric Associates, PLLC, et al.<br>*Respondents.* | § § § § § § § § § § | 11TH JUDICIAL DISTRICT |
| Fort Bend County,<br>*Intervenor* | § § § | HARRIS COUNTY, TEXAS |

## ORDER GRANTING TEMPORARY
## INJUNCTION AND SETTING TRIAL ON MERITS

TO THE HONORABLE JUDGE OF SAID COURT:

On this day, the Court considered Petitioner's Fourth Amended Verified Original Petition and Application Temporary Injunction ("Application") filed by Petitioner, Joshua David Heiliger, individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger, and Emma Destiny Heiliger.

Having considered the Application, the briefs filed by the parties, if any, and all evidence presented at the hearing before the Court, as well as taking judicial notice of the Court's file, the Court FINDS Petitioner's Verified Application for Temporary Injunction describes the alleged harm complained about and establishes t the claimed harm is imminent, that it is irreparable, and

that Petitioner is without an adequate remedy at law, authorizing the Court to grant this order. The Court finds clear evidence, absent immediate restraint, Petitioner will suffer imminent and irreparable injury, and that these risks are imminent because the harm sought to be avoided relates to the disclosure of privileged and confidential records.

Specifically, the Court finds that:

(1) Petitioner has asserted valid causes of action against Respondents;

(2) Petitioner has demonstrated a probable right to relief or recovery; and

(3) If not restrained, Respondents will, in all likelihood, continue their actions against Petitioner, which will probably cause immediate and irreparable injury, for which there is no adequate remedy at law, including the impairment or loss of statutory and constitutional rights and privileges, and that remedy by appeal would be ineffective because, once revealed, the documents, and information contained therein, cannot be subsequently protected; and,

(4) That any resulting damages from an improper disclosure cannot be measured by any pecuniary standard.

Accordingly, the Court finds it necessary to preserve the status quo and safeguard Petitioner from imminent and irreparable harm by issuing this temporary injunction order against Respondents.

IT IS FURTHER THEREFORE ORDERED that a temporary injunction issue, and shall be effective and binding upon the signing of this order, without the need for issuance or service of a writ of injunction, pending trial of this cause on the merits, or the dismissal of this lawsuit as a result of this lawsuit as a result of settlement or release, restraining Respondents Okonkwo and or further order of this Court

Greater Houston Psychiatric Associates, PLLC, as well as any individuals or entities in active concert or participation with them who receive actual notice of the Order by personal service or otherwise, as follows:

(a) Disclosing, in any manner, Lauren Smith's mental health records containing privileged communications, or the privileged communications contained therein, from Greater Houston Psychiatric Associates, PLLC, and/or Dr. John Marcellus;

(b) ~~Enforcing, attempting to enforce, or complying with, the order(s) and subpoena(s) issued by Respondent Okonkwo dated September 12, 2024, October 30, 2024, or January 27, 2025, compelling or ordering the inspection, copying, production, or disclosure of Lauren Smith's privileged mental health records~~

IT IS FURTHER ORDERED that, in lieu of requiring Petitioner to execute and file a new bond for issuance of the temporary injunction, the $500.00 cash deposit filed by Petitioner and accepted by the Harris County District Clerk on or about November 13, 2024, in connection with the Temporary Restraining Orders signed in this lawsuit is hereby deemed extended in conformity with the law to the period during which the Temporary Injunction is in effect.

IT IS FURTHER ORDERED that this injunction shall remain in force and effect until further order of the Court. Trial on the merits in this matter is set for the two-week docket starting on Dec. 1, 2025 at ~~_____ a.m./p.m which is a trial date more than ten (10) months from the date of the original filing of this proceeding~~.

Signed: 4/2/2025 _____
Judge's Signature

Respectfully submitted,

/s/ Russell L. Morris

Russell L. Morris
State Bar No. 24099150
Andrew W. Bruce
State Bar No. 24113627
Pablo A. Franco
State Bar No. 24121625
MCBRYDE FRANCO, PLLC
11000 Richmond Avenue, Suite 350
Houston, TX 77042
(713) 223-7699
(512) 691-9072 [facsimile]
serv.russell@mf-txlaw.com

**ATTORNEYS FOR PETITIONER**

Unofficial Copy Office of Marilyn Burgess District Clerk

<u>**CERTIFICATE OF SERVICE**</u>

I certify that the foregoing document to which this certificate is attached was served, prepaid and/or facsimile and/or EFILE, on the date below upon each listed party or, if of record in this cause, that party's named attorney of record at the respective last known address as follows:

<u>**VIA E-FILE:**</u>
Lisa M. Teachey
Dean G. Pappas Law Firm, PLLC
8588 Katy Freeway, Suite 100
Houston, TX 77024
lteachey@dgplawfirm.com

**ATTORNEY FOR INTERVENOR**

<u>**VIA E-FILE:**</u>
Sherlyn Harper
Office of the Attorney General of Texas
808 Travis Street, #1520
Houston, TX 77002
Sherlyn.harper@oag.texas.gov

James Z. Brazell
Assistant Attorney General, Administrative Law Division
P.O. Box 12548, Capital Station
Austin, TX 78711-2548
james@brazell@oag.texas.gov

**ATTORNEYS FOR RESPONDENT,**
**FRANCESCA OKONKWO,**
**ADMINISTRATIVE LAW JUDGE**

<u>**VIA E:FILE:**</u>
LaVerne Chang
Suzan Cardwell
Cardwell & Chang, PLLC
511 Lovett Blvd.
Houston, TX 77006
chang@cardwellchang.com
cardwell@cardwellchang.com

**ATTORNEYS FOR RESPONDENT,**
**GREATER HOUSTON PSYCHIATRIC**
**ASSOCIATES, PLLC**

Date: March 20, 2025

/s/ *Russell Morris*
Russell Morris

Unofficial Copy Office of Marilyn Burgess District Clerk

# Appendix C

**CAUSE NO. 2024-78536**

| | | |
|---|---|---|
| IN RE JOSHUA DAVID HEILIGER, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF LAUREN BRITTANE SMITH, DECEASED, AND ON BEHALF OF DEATH BENEFITS BENEFICIARIES JOSHUA DAVID HEILIGER AND EMMA DESTINY HEILIGER, *Petitioners,* | § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION; JEFF NELSON, COMMISSIONER, TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION, IN HIS OFFICIAL CAPACITY; FRANCISCA OKONKWO, ADMINISTRATIVE LAW JUDGE, TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES, *Respondents.* | § § § § § § § § § § § § § § § § § § | HARRIS COUNTY, TEXAS |
| | § | 11th JUDICIAL DISTRICT |

**DEFENDANT FRANCISCA OKONKWO, ADMINISTRATIVE LAW JUDGE, TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION'S FIRST AMENDED PLEA TO THE JURISDICTION**

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW Respondent Francisca Okonkwo ("Ms. Okonkwo"), Administrative Law Judge, Texas Department of Insurance, Division of Workers' Compensation ("TDI"), in her official and individual capacities by and through the Office of the Attorney General of Texas under Chapter 104, Texas Civil Practice and Remedies Code, and files this, her First Amended Plea to the Jurisdiction in which she joins in the First Amended Plea to the Jurisdiction filed by TDI on

December 4, 2024, in this matter, challenging the jurisdiction of the Court to enter any orders in the suit filed by Joshua David Heiliger ("Petitioner"). In support of her claims, requests, and joinder in TDI's Initial and First Amended Pleas to the Jurisdiction, and of her individual Initial and First Amended Pleas to the Jurisdiction, Ms. Okonkwo would respectfully show the Court the following:

**INTRODUCTION 1**

In the indicated Parts 1 through 4 of this filing, Ms. Okonkwo:

1) lists and submits answers to the list of questions posed by the Court at the hearing on December 3, 2024;

2) submits new arguments responsive to the new claims submitted by Petitioner Heiliger in his Second Amended Verified Original Petition, filed November 27, 2024, and in his Third Amended Verified Original Petition, filed December 4, 2024, that relate to TDI's and Ms. Okonkwo's Pleas to the Jurisdiction;

3) as she did in her initial Plea to the Jurisdiction, joins in TDI's First Amended Plea to the Jurisdiction and TDI's prayer for relief in its First Amended Plea and also submits her own claims and prayer in her individual capacity; and

4) in Part 4: as she did in her initial Plea to the Jurisdiction, in addition to joining in TDI's Plea, also again submits her own Plea to the Jurisdiction in her individual capacity.

Ms. Okonkwo's responses are initially directed at the issues relating to hers and TDI's claims of Sovereign Immunity, Official Immunity, Judicial and Quasi-Judicial Immunity, and Statutory Immunity and other defenses in their Pleas to the Jurisdiction that may be considered first in the order of issues listed by the Court to be considered. But Ms. Okonkwo's responses may also be directed at the substantive and procedural issues listed by the Court, to the extent those are considered at the hearing.

Thus, as noted above, in Part 1, Ms. Okonkwo responds to the Court's questions. In Part 2, Ms. Okonkwo addresses the substantive claims in Mr. Heiliger's Verified Petitions. In Parts 3

and 4, Ms. Okonkwo claims that she, like TDI, is protected by sovereign immunity in her official capacity and is protected by Official Immunity, Judicial Immunity, Quasi-Judicial Immunity, and Statutory Immunity in her individual capacity. Ms. Okonkwo maintains that a) because Mr. Heiliger has violated the Offensive Use doctrine, Ms. Smith's mental health data is not privileged; b) under Texas Rules of Evidence 509(d)(4) and 510(e)(5), Ms. Smith's mental health data is exempt from treatment as privileged; and c) under statutory disclosure requirements in Texas Health and Safety Code sections 611.004(a)1) and 611.006(a)(11) Ms. Smith's mental health data is subject to disclosure. Based on these conclusions, Ms. Okonkwo asserts that Ms. Smith's mental health records are subject to production, that Ms. Smith's records are not subject to the constitutional protection of privilege Mr. Heiliger claims in his pleadings and, that as a consequence, TDI, its Commissioner, and Ms. Okonkwo all remain protected by sovereign immunity.

## PART 1
## RESPONSES TO COURT'S DECEMBER 3, 2024, QUESTIONS

Ms. Okonkwo provides the following responses to the questions posed by the Court at the Hearing on December 3, 2024:

1. **Q: In Which Branch of Government is the ALJ? A:** In the executive branch. Ms. Okonkwo is an employee of the Department of Insurance, which, as a creature of the Legislature, and whose commissioner is appointed by the governor, is part of the executive. Even so, she is entitled to "judicial" and "quasi-judicial" immunity because she is a quasi-judicial officer performing functions essentially similar to those of judges in a setting similar to that of a court. *Sledd v. Garrett*, 123 S.W.3d 592, 594 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (Judicial immunity applies to quasi-judicial

officials who, irrespective of their title, perform functions essentially similar to those of judges, in a setting similar to that of a court); *Harlan v. Texas Dep't of Ins.*, No. 01-14-00479-CV, 2016 WL 3476914, at *2 (Tex. App.—Houston [1st Dist.] June 23, 2016, no pet.) (judicial immunity applies to administrative law judges and similar quasi-judicial officers). Please see the argument and authorities on Page 9 of Ms. Okonkwo's initial Plea to the Jurisdiction, filed November 26, 2024;

2. **Q: Is Mandamus or Temporary Injunction appropriate? A:** Mandamus is not available unless the Court finds that the agency or the ALJ in her official capacity engaged in a clear abuse of discretion. Mandamus is available to correct rulings of lower courts and the ministerial acts of public officials. It is not available to correct discretionary acts of public officials unless those are a clear abuse of discretion. Here, if applied, mandamus could apply to both issues relating to the subpoena: it would be ministerial in regard to the form (and use of and dates for "deposition" or "hearing") but discretionary regarding whether to issue it at all. Here Petitioner claims both;

3. **Q: What right of interim appeal of the ALJ's ruling exists within the agency? What is the effect of such an appeal? A:** The ALJ's ruling on a subpoena or other discovery request may be appealed to the Appeals Panel at the agency once the ALJ has issued a written ruling on the entire case, titled "Decision and Order". Tex. Lab. Code §§ 410.168 and 410.203. This right of appeal is an administrative remedy that provides a complete and adequate remedy at law and was required for Mr. Heiliger to exhaust administrative remedies. Because Mr. Heiliger failed to appeal, he has not exhausted administrative remedies and lacks standing to seek injunctive relief. And,

because he has not exhausted administrative remedies by failing to appeal to the Appeal Board, the agency is protected by sovereign immunity and the Court lacks jurisdiction.

4. **Q: Is there a party missing?** **A:** Fort Bend County is currently participating as a Real Party in Interest but has not filed a request to intervene at the agency nor in the Court and is not classified as a Defendant. Ms. Okonkwo leaves it to the County and Mr. Heiliger to address the arguments on this issue.

5. **Q: Is the ALJ entitled to "Judicial" Immunity if she is not a member of the judicial branch but a member of the executive branch?** **A:** Please see the answer to Question 1, above;

6. **Q: Discuss necessity of discovery on requested injunctive relief?** **A:** While Ms. Okonkwo asserts and does not waive her claim that the Court lacks jurisdiction, she acknowledges that if the Court proceeds most of the factual issues are already evident but that there may be some material issues that may properly be inquired into in discovery relating to any request for injunctive relief. However, the discovery should be very strictly limited both in scale and scope;

7. **Q: Is there a "Missing Party" that should be required to intervene?** **A:** (see response to Q-4 above.

## PART 2

### I. RESPONSES TO RELEVANT NEW CLAIMS IN HEILIGER SECOND AND THIRD VERIFIED PETITIONS

Without waiving her claims that in her official capacity she is protected by sovereign immunity and that in her individual capacity she is protected by Official Immunity, Judicial Immunity, Quasi-Judicial Immunity, and Statutory Immunity under Tex. Ins. Code §§ 36.001 and 36.005 and Tex. Labor Code §402.123 (see Parts 3 and 4 below), Ms. Okonkwo submits the

following claims and arguments in response to Mr. Heiliger's Second and Third Amended Verified Original Petitions, filed on November 27 and December 4, 2024. (Mr. Heiliger's Third Petition adds claims relating to mandamus in Paragraphs 12, 60 through 66, and Prayer c, but otherwise appears to be the same filing as his Second Petition. Ms. Okonkwo's responses will use the paragraph headings and paragraph numbering used by Mr. Heiliger in his Third Petition filing):

### A.  Okonkwo Response: Introduction

As confirmed by Par. 10 on Page 4 of Heiliger's Third Amended Verified Petition, for all the great volume and verbiage, Mr. Heiliger's Petitions, including the latest Third Amended Verified Petition, are reducible to two main claims:

1) Lauren Smith's (deceased) mental health records held in the offices of Doctor John Marcellus, M.D., her psychiatrist, are privileged and may not be produced and related claims; and

2) Ms. Okonkwo issuance of a subpoena that did not expressly state a) that it related to a deposition or hearing; and b) a date for the data to be delivered at a deposition or hearing was *ultra vires*;

Mr. Heiliger is wrong on both counts, as discussed in the next two sections. First, under Ms. Okonkwo's three-pronged claim in the context of this case, Ms. Smith's mental health records are not privileged and because they are not privileged, Mr. Heiliger's claims that TDI and Ms. Okonkwo lack sovereign immunity protection are without merit. Moreover, Mr. Heiliger's claims that the ALJ's order, the applicable statutes, and the applicable rules are unconstitutional and deny him constitutional protection and privilege rights all fail. Finally, Mr. Heiliger's claim that Ms. Okonkwo's issuance of the subpoena was ultra vires is also without merit and unsupportable.

### B.  Ms. Okonkwo's Response on Privilege Claims

Ms. Okonkwo asserts a three-pronged claim on Petitioner's privilege claims, as follows:

**Prong 1.** First, the information is not privileged under the offensive use doctrine. Because under the offensive use doctrine, by seeking an affirmative benefit in seeking death benefits from Ms. Smith's death, Petitioner has waived the privilege. And, by pursuing mandamus and injunctive relief to protect records he claims to be privileged, Petitioner is violating the offensive use doctrine. He is using the claimed privilege as a sword rather than as a shield by seeking affirmative relief in the form of substantial sums of death benefits from Fort Bend County while at the same time denying the County access to evidence that is material, relevant, and probative of the very question of whether Petitioner is entitled to the benefits at all or whether those benefits should be denied.

The offensive use doctrine is well recognized in Texas. See e.g., *Ginsberg v. Fifth Ct. of Appeals*, 686 S.W.2d 105, 107 (Tex. 1985), *Westheimer v. Tennant*, 831 S.W.2d 880, 883 (Tex. App. 1992). In *Ginsberg*, Ms. Gaynier asserted a claim that information sought was protected by the psychotherapist-patient privilege under Texas Rule of Evidence 510. The court recognized that the justification for the privilege lay in the policy of encouraging the full communication necessary for effective treatment of a patient by a psychotherapist and that the protection against disclosure of confidences is primarily erected to protect the patient against an invasion of his privacy. *Ex Parte Abell,* 613 S.W.2d 255 (Tex. 1981).

However, the Court noted that the claimant occupied a different position in relation to the privilege she attempted to assert, that she had invoked the jurisdiction of the courts in search of affirmative relief against Ginsberg; yet she would attempt, on the basis of privilege, to deny Ginsberg the benefit of evidence which would materially weaken or defeat her claims against him. This was an offensive, rather than defensive, use of the privilege, and it lay outside the intended

scope of Tex. R. Evid. 510 and its predecessor. *Ginsberg v. Fifth Ct. of Appeals*, 686 S.W.2d 105, 107 (Tex. 1985)

The issue here is the same. Here, as in *Ginsburg* (and as discussed in *Westheimer*) there has been a prohibited offensive use of the privilege where the privilege was used as a sword rather than as a shield. Here, because Petitioner is seeking affirmative relief (Ms. Smith's death benefits) his claim that the information is privileged violates fundamental fairness and the offensive use doctrine. To the extent he seeks affirmative relief (and his application at the agency seeks potentially substantial death benefits) Petitioner's claim is a request for affirmative relief of a substantial magnitude. By his application at the agency, Mr. Heiliger has sought affirmative relief. Yet, by seeking mandamus and injunctive relief to prevent access to the records he claims are privileged, he has actively chosen to prevent the County from access to records that may show that the benefits must be denied. If he pursues mandamus or injunctive relief, which he has in his Second and Third Amended Verified Petitions, the privilege is subject to waiver and his claim that sovereign immunity is unavailing because the agency's rules and statutes are unconstitutional must fall.

**Prong 2.** In the next prong of Ms. Okonkwo's three-pronged claim, Ms. Okonkwo asserts that under Tex. R. Evid 509(d)(4) and 510(e)(5), Ms. Smith's mental health records are not privileged, but are exempt under the Rules of Evidence from treatment as privileged documents.

The Texas Rules of Evidence were placed at issue by Petitioner. Mr. Heiliger raised the issue of the treatment of privileged information in Paragraphs 53 through 55 of his Second and 54 through 56 of his Third Amended Verified Petition. In those paragraphs, Mr. Heiliger addressed the Texas Rules of Evidence and Supreme Court rulings on privilege and the confidentiality of mental health records. Therefore, the impact of the Rules of Evidence have is an open issue.

Tex. R. Evid 509(d)(4) provides that medical records are exempt from privilege if they are part of the parties' claims or defenses in a proceeding. Tex. R. Evid. 510(e)(5) provides that that mental health records are exempt from privilege if they are part of the parties' claims or defenses in a proceeding. Because Ms. Smith's mental health records are part of the parties' claims and defenses, as reflected in Mr. Heiliger's Second and Third Amended Verified Petitions, the material is not privileged and his claim that he is being denied his privilege has no foundation.

Paragraphs 25, 26, 27, and 28 of Petitioner's Second Petition (Pars. 26, 27, 28, and 29 of his Third Petition) show that Ms. Smith's mental health conditions of ADHD and PTSD are the main issue litigated in the case. Moreover, there is no other way for the County to gain access to these highly probative records. For the County, Ms. Smith's Psychiatrist's basis for prescribing Adderall and Vyvanse are facts related to their defense against Mr. Heiliger's application and for their claim in the contested case hearing that Ms. Smith's death may have been caused in part by these medications. For Mr. Heiliger, Ms. Smith's Psychiatrist's prescription of these medications is the basis of his defense against the County's claim that the death benefits should be denied and is the basis of his claim contesting the County's claim that the medication was a factor. Thus, the records contain facts that are part of the County's defense and part of Mr. Heiliger's claim that the County's defense is without merit. The fact that Mr. Heiliger may not have raised any claim regarding the records initially in his application for death benefits does not mean the records are not a part of his claims or defenses. Because the records are the central issue in the fight between Mr. Heiliger and the County, they are clearly part of the parties' claims and defenses, invoking Rules 509(d)(4) and 510(e)(5).

Because Ms. Smith's mental health records are part of both parties' claims or defenses, under TRE 509(d)(4) and 510 (e)(5) the records are not privileged. And, because the records are

not privileged, the ALJ's ruling seeking them in the subpoena does not violate any privilege. Moreover, Petitioner's constitutional rights have not been abridged and the agency's rules and the various statutes at issue are not unconstitutional and do not deprive Petitioner of the right to due process of law, do not fail to provide an avenue for assertion or claim of privilege, and do not fail to provide a basis for redress.

**Prong 3.** In the final prong of Ms. Okonkwo's three-pronged claim, Ms. Okonkwo asserts that Ms. Smith's mental health records are not privileged as a result of Health and Safety Code 611.004(a)(1) and 611.006(a)(11), acting together. These statutory provisions expressly allow disclosure, thereby resolving any claim of privilege against protection.

Section 611.004(a)(1) authorizes disclosure (thus removing privilege) to a governmental agency if the disclosure is required or authorized by law. Next, Section 611.006(a)(11) makes the information disclosable if in an administrative or judicial procedure the court or agency has issued an order or a subpoena. Thus, Section 611.006(a)(11), as well as the other provisions discussed herein, authorize disclosure by law.

Much of what Mr. Heiliger claims in his Second and Third Amended Verified Petitions relates to claims that the ALJ's decision, the relevant statutes, and the relevant rules deny him protection of his privilege rights, thereby denying him constitutional protection, providing a waiver of sovereign immunity. However, because whether by waiver of his privilege by offensive use, by established law in Rules 509 and 510 in the Texas Rules of Evidence, or by statutory fiat by Legislative enactment in Health and Safety Code chapter 611, Ms. Smith's mental health records are not privileged (or have lost their privilege), and Mr. Heiliger has no privilege rights for the Court to protect, as he claims. Therefore, his claim that sovereign immunity is waived cannot stand and TDI, the Commissioner, and Ms. Okonkwo retain their sovereign immunity protection,

intact.

### C.      Ms. Okonkwo's Response on *Ultra Vires* Claims

Petitioner's claims that Ms. Okonkwo's alleged issuance of an unauthorized subpoena are without merit and exaggerate a matter of established form into an unfounded claim. The rule in 28 Texas Administrative Code §142.12 does not anywhere expressly require that a subpoena declare that it is a deposition or hearing subpoena. All the rule requires is that any subpoena direct the person to attend or to produce evidence at a deposition (deposition subpoena) or at a hearing (hearing subpoena). The subpoena in this case sought production of evidence at a hearing. It was clear from the procedural context that the request was for production at the hearing. The fact that production at a hearing was required was manifested by the circumstances, including the fact that the subpoena was requested by the County on September 5, 2024, and issued by the ALJ on or about September 19, 2024, for a hearing that was convened and recessed on September 25, 2024. There was no request for or notice of any deposition pending at the time.

The subpoena was requested pursuant to the rule in 28 Texas Administrative Code §142.12(a), which provides that the meanings of terms, including the term "subpoena," are as stated except where context clearly indicates otherwise. The context of the request at the time, clearly during the lead up to the hearing, indicates that the subpoena was one for production at the hearing (not at a deposition). Moreover, the form of the subpoena is identical to the form of countless other subpoenas issued at the agency for production of evidence at hearings. And 28 Texas Administrative Code §142.2(a) also authorizes issuance of subpoenas, but lacks any terms directing production at "depositions" or "hearings". Ms. Okonkwo was not only following the applicable rules in 28 Texas Administrative Code Sections 142.2 and 142.12, but also agency practice.

Petitioner's claim that Ms. Okonkwo acted ultra vires by issuing a subpoena in the form the agency required, is entirely without merit and should be rejected.

## PART 3
## OKONKWO JOINDER IN TDI'S DECEMBER 4, 2024, AMENDED PLEA TO JURISDICTION

As she did in her initial Plea to the Jurisdiction, and considering the time available to prepare this response, Ms. Okonkwo hereby again joins in the TDI's First Amended Plea to the Jurisdiction filed on December 4, 2024, in this matter. More specifically, Ms. Okonkwo adopts and incorporates by reference herein each of TDI's specific claims in its December 4, 2024, First Amended Plea, including TDI's recitals and arguments.

## PART 4
## OKONKWO ASSERTION OF CLAIMS FROM INITIAL PLEA TO THE JURISDICTION

Considering the time available to prepare a response or amended plea to the jurisdiction, in this Part 4, Ms. Okonkwo continues to assert or, where appropriate, reasserts her claims and arguments from her initial Plea to the Jurisdiction, filed November 26, 2024, including her joinder in the TDI's November 18, 2024, Plea to the Jurisdiction. Ms. Okonkwo's November 26, 2024, Plea is both incorporated herein by reference and restated again here below for inclusion in this Amended Plea:

**II.    MS. OKONKWO'S JOINDER & ADOPTION OF TDI'S NOVEMBER 18, 2024, PLEA TO THE JURISDICTION.**

Ms. Okonkwo joins in each of TDI's claims and allegations in its November 18, 2024, Plea to the Jurisdiction. More specifically, she adopts and incorporates by reference herein each of TDI's specific recitals and arguments, including TDI's recitals and arguments regarding: 1) this case's "Factual Background;" 2) TDI's claim that "Sovereign Immunity Bars Petitioner's Claim;"

3) TDI's claim that "Unconstitutional Violation of Separation of Powers Bars Plaintiff's Suit;" and

4) TDI's Claim that "Improper Service Deprives Court of Personal Jurisdiction Over TDI." Employees of an agency, like Ms. Okonkwo, are entitled to the same immunity as the agency. Besides protecting the agency, sovereign immunity likewise protects the ALJ in her official capacity from suit. In that regard, TDI's arguments in TDI's Plea to the Jurisdiction are equally applicable to Ms. Okonkwo, in her official capacity.

For the reasons asserted by TDI in its Plea to the Jurisdiction on each of these claims, which Ms. Okonkwo adopts, joins in, and asserts as if stated herein in full, Ms. Okonkwo joins in TDI's Plea to the Jurisdiction and requests the same ruling and relief as that requested by TDI.

## III.  MS. OKONKWO'S PLEA TO THE JURISDICTION: INDIVIDUAL CAPACITY.

Next, Ms. Okonkwo submits her own Plea to the Jurisdiction asking the Court to find that the Court lacks jurisdiction over Ms. Okonkwo in her individual capacity and praying for the Court to dismiss Petitioner's claims against Ms. Okonkwo in her individual capacity.   Ms. Okonkwo is protected by and enjoys Official Immunity (including Judicial and Quasi-Judicial Immunity), as discussed in Section A below, and is protected by Personal Immunity under Texas Insurance Code sections 34.001 and 34.005, and Texas Labor Code section 402.00123, as discussed in Section B below.   In each of these respects, the Court lacks jurisdiction over Petitioner's pleadings, as those pleadings pertain to Ms. Okonkwo, individually.

### D.  Ms. Okonkwo's Plea to the Jurisdiction: Official, Judicial, and/or Quasi-Judicial Immunity.

As noted, the Court should dismiss Petitioner's claims against Ms. Okonkwo in her individual capacity for issuing the subpoena, granting the Motion to Compel, and continuing the hearing to permit the subpoenaed data to be produced because the Court lacks jurisdiction over

those claims under Official Immunity, Judicial Immunity, or Quasi-Judicial Immunity. While, in her official capacity, Mr. Okonkwo is likewise protected by sovereign immunity for the reasons set out in TDI's Plea to the Jurisdiction, adopted above, in her individual capacity, Ms. Okonkwo is entitled to Official, Judicial, or Quasi-Judicial Immunity under Texas law.

When employees are sued in their individual capacity, they are entitled to raise the defense of official immunity. *Gonzalez v. Avalos,* 866 S.W.2d 346, 349 (Tex. App.—El Paso 1993), *writ dism'd w.o.j., per curiam,* 907 S.W.2d 443 (Tex. 1995). This immunity, variously known as "governmental," "official," "quasi-judicial," or "qualified" immunity, has evolved out of a public policy that encourages public officers to carry out their duties without fear of personal liability. *Carpenter v. Barner,* 797 S.W.2d 99, 101 (Tex. App.—Waco 1990, writ denied). Petitioner's claims here against Ms. Okonkwo individually violate the purposes of the Official Immunity doctrine.

Under the principle of Official Immunity, government employees are entitled to official immunity from suit arising from the performance of their duties if: (1) their duties are discretionary duties; (2) performed in good faith; (3) where they are acting within the scope of their authority. *Id.*; *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 421 (Tex. 2004). Official Immunity is a defense from suit, as opposed to a defense from liability, so it is appropriately brought in a plea to the jurisdiction. *See Hernandez v. Sommers*, 587 S.W.3d 461, 470-72 (Tex. App.—El Paso 2019, pet. denied).

The first prong of the "Official Immunity" privilege requires that the governmental employees have acted in a discretionary function. *Ballantyne*, 144 S.W.3d at 425. A "discretionary function" is an act that requires personal deliberation, decision, and judgment. *Id.* An act by a government official in the course of performing a discretionary function does not lose

its discretionary status because it was erroneous or even wrongful. Actions which require obedience to orders or the performance of a duty to which the person has no choice are not discretionary, but ministerial. *Ballantyne*, 144 S.W.3d at 421. Ministerial acts are those for which "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Ballantyne*, 144 S.W.3d at 425, *quoting Comm'r of the Gen. Land Off. v. Smith*, 5 Tex. 471, 479 (1849). If a public official must obey an order, without having any choice in complying, the act is ministerial. *Ballantyne*, 144 S.W.3d at 425; *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994). But if an action involves personal deliberation, decision, and judgment, it is discretionary. *Ballantyne*, 144 S.W.3d at 425.

The second prong of the Official Immunity privilege, "good faith," requires that the governmental employee have acted in a manner that a reasonably prudent official or employee, under the same or similar circumstances, would have believed to be reasonable and justified. *Id*. at 426. This test of good faith addresses what a reasonable person could have believed rather than what a reasonable person would have done. *Id.; see Hernandez*, 587 S.W.3d at 471.

Finally, the third prong of the Official Immunity privilege, acting within the "scope of authority," requires the public official or employee to have acted within the scope of his or her authority where he or she is discharging the duties generally assigned to them, even if they are performed wrongly or negligently. *Ballantyne*, 144 S.W.3d at 421. Public officials and employees are not liable for acts performed in good faith within the scope of authority, even when the officials violate or misinterpret the law. *Id*.

Here, Ms. Okonkwo has satisfied each of these requirements:

First, Ms. Okonkwo was performing discretionary duties when she issued the subpoena, granted the Motion to Compel, and continued the hearing. Upon being presented with a facially valid request for a subpoena that indicated that the required information was discoverable, material, and relevant to the issues, Ms. Okonkwo exercised personal deliberation, decision, and judgment to determine that the subpoena should be issued. She was not carrying out a mandatory, ministerial duty. Ms. Okonkwo was performing a discretionary duty. *Hernandez,* 587 S.W.3d at 470. She was also performing discretionary duties when she granted the motion to compel and continued the hearing.

Next, Ms. Okonkwo was acting in good faith. Ms. Okonkwo issued the subpoena for information requested by a party for facially-discoverable evidence that was material and relevant to the issues framed for trial and adjudication in the proceeding. The requested records were alleged to contain information that would provide relevant proof, favorably or unfavorably, of the impact of Decedent's drug use as a factor contributing to Decedent's death.[1] In determining whether to issue the subpoena, Ms. Okonkwo acted on her belief and judgment. Her decision was consistent with that of a reasonably prudent official, under the same or similar circumstances, who could have believed the action was justified based on the information possessed when the conduct occurred. *Ballantyne*, 144 S.W.3d at 426. A reasonably prudent administrative law judge ("ALJ") in the same or similar circumstances would have believed that issuance of the requested subpoena,

---

[1] Because the records required by the subpoena may address the use of prescribed medications, including the management, prescribed potency, frequency, condition, and effect of the use of such medications, the records would tend to establish facts relating to the condition(s) that may be at issue in this proceeding (potential hypertension) and may have been relied by the parties as part of their claims and defenses under the exception in Tex. R. Evid. 509(e)(4) and 510(d)(5). *See R.K. v. Ramirez*, 887 S.W.2d 836, 843 (Tex. 1994) ("(1) the records sought to be discovered are relevant to the condition at issue, and (2) the condition is relied upon as a part of a party's claim or defense.")
.

granting the Motion to Compel, and continuing the hearing were necessary to permit complete and effective discovery on the issues as framed. Accordingly, Ms. Okonkwo's rulings were in good faith.

In addition, Ms. Okonkwo's good faith is demonstrated by her earlier ruling striking 20 years of requested subpoenas and issuing a subpoena for only three years and several months of data, instead. *See* Petitioner's Amended Verified Original Petition for Declaratory Judgment, Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, Page 8 of 21, Par. 25. Ms. Okonkwo's ruling, which restricted the scope of the request, minimizing the burden on the responsive providers and on Petitioner, was indicative of her good faith regarding the scope of the requested subpoena and her ruling on the Motion to Compel and Motion for Continuance.

Finally, Ms. Okonkwo was acting within the scope of her authority when she issued the subpoena, granted the Motion to Compel, and continued the hearing under a broad range of authority including provisions of Chapter 611 of the Texas Health and Safety Code, provisions of Chapter 36 of the Texas Insurance Code, provisions of Chapters 402 and 410 of the Texas Labor Code, provisions of Chapter 142 of 28 Texas Administrative Code, and provisions of the Texas Rules of Civil Procedure.

Administrative law judges act within the scope of their authority when they discharge the duties generally assigned to them under their legal authorization. *See Ballantyne*, 144 S.W.3d at 424; *Chambers*, 883 S.W.2d at 658. The duties TDI ALJs are required to perform include issuing subpoenas as requested by litigants in proceedings adjudicated by the workers' compensation division, granting motions to compel, and continuing administrative hearings. *See* Tex. Ins. Code §§ 36.151-.162; Tex. Lab. Code §§ 402.00111, 402.00113, 402.00115, 402.00116,

402.00128(b)(2), (b)(3), (b)(12), 410.157-58, 410.162, and 418.004; Tex. Health & Safety Code §§ 611.002, 611.004(a)(1), and 611.006(a)(1), and the express regulatory authority in 28 Tex. Admin. Code §§ 142.2 and 142.12; *Hernandez*, 587 S.W.3d at 470.

Ms. Okonkwo issued the subpoena, granted the Motion to Compel, and continued the hearing under that express statement of her duties and authority. In each instance she followed the statutory authority in Texas Insurance Code sections 36.151-36.162, Texas Labor Code sections 402.00111, 402.00113, 402.00115, 402.00116, 402.00128(b)(2), (b)(3), (b)(12), 410.157-58, 410.162, and 418.004, Texas Health and Safety Code sections 611.002 and 611.004(a)(1), and the express regulatory authority in 28 Texas Administrative Code sections 142.2 and 142.12.[2]

The Commissioner of Workers' Compensation and the ALJs working under him are authorized and required to issue subpoenas in hearings, approve motions to compel production of documents, and continue hearing to permit production of required data. And, if the requested information is subject to claims of privilege or confidentiality,[3] they are authorized to impose protective orders. *See* Tex. Ins. Code §§ 36.151-62; Tex. Lab. Code §§ 402.00111, 402.00113, 402.00115, 402.00116, and 402.00128(b)(2), (b)(3), and (b)(12); and 28 Tex. Admin. Code §§

---

[2] Petitioner's assertion that 28 Texas Administrative Code section 142.12 does not authorize subpoenas seeking documents without requiring appearance at a deposition or hearing fails to recognize that, by clear contextual indication, section 142.2 is a broader grant of subpoena powers than the grant of subpoena powers in section 142.12, that section 142.12 is more restrictive than section 142.2, and that the power to issue subpoenas in section 142.2, which gives effect to Insurance Code Chapter 36.151-62, Texas Labor Code sections 402.00111, 402.00113, 402.00115, 402.00116, 402.00128(b)(2), (b)(3), and (b)(12), 410.157-58, 410.162, and 418.004, is unrestrained by the limitations in section 142.12.

[3] While Texas Health and Safety Code section 611.002 provides that mental health records are confidential, section 611.004(a)(1) makes those confidential records subject to disclosure by a professional to a governmental agency if the disclosure is required or authorized by law. And, section 611.006(a)(11) makes such records subject to disclosure where in a court or agency proceeding the court or agency has issued an order or subpoena. The records required by the subpoena in this instance are required by law under Texas Insurance Code Chapter 36.151-62, Texas Labor Code sections 402.00111, 402.00113, 402.00115, 402.00116, 402.00128(b)(2), (b)(3), (b)(12), 410.157-58, 410.162, and 418.004, and Health and Safety Code §622.006(a)(11).

142.2 and 142.12. Ms. Okonkwo was carrying out those duties in her position as a member of commission Staff, assigned to execute required duties to administer and operate the workers' compensation system, acting within the scope of her authority, in good faith, on a matter within her discretion under the applicable Codes and rules. *Id*.

In issuing the subpoena, granting the Motion to Compel, and continuing the hearing, Ms. Okonkwo performed a discretionary duty, in good faith, that was a duty approved and assigned in the Agency's rules governing procedures for the conduct of contested case hearings in the workers' compensation program. *See* Tex. Ins. Code §§ 36.151-62; Tex. Lab. Code §§ 402.00128(b)(2), (b)(3), and (b)(12), 410.157-58, 410.162; and 28 Tex. Admin Code §§ 142.2 and 142.12. Accordingly, Ms. Okonkwo's conduct satisfies the three conditions for Official Immunity. Therefore, the Court should find that Ms. Okonkwo is protected by Official Immunity in her individual capacity.

Finally, Ms. Okonkwo's protection under "Official Immunity" includes protection under "Judicial" or "Quasi-Judicial" Immunity, as well. *See Sledd v. Garrett*, 123 S.W.3d 592, 594 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Harlan v. Tex. Dep't of Ins.*, No. 01–14–00479–CV, 2016 WL 3476914 (Tex. App.—Houston [1st Dist.] June 23, 2016, no pet.) (mem. op.). Though appropriately regarded as a subset or class of "Official Immunity," "Judicial Immunity" and "Quasi-Judicial Immunity" are more focused. They protect quasi-judicial officials who, irrespective of their title, perform functions essentially similar to those of judges, in a setting similar to that of a court. *Id*.; *see Butz v. Economou*, 438 U.S. 478, 511–14, 98 S.Ct. 2894, 2913–15, 57 L.Ed.2d 895 (1978) (holding that absolute judicial immunity covers judicial acts of hearing examiners and administrative law judges). In issuing the subpoenas, granting the Motion to Compel, and continuing the hearing Ms. Okonkwo was performing judicial functions in a setting

similar to a court. Accordingly, Ms. Okonkwo's acts met the conditions for Judicial or Quasi-Judicial Immunity. Thus, in addition to finding that Ms. Okonkwo is protected by Official Immunity, the Court should also find that Ms. Okonkwo is protected by Judicial and/or Quasi-Judicial Immunity in her individual capacity.

### E. Ms. Okonkwo's Plea to the Jurisdiction: Immunity Under Texas Insurance Code sections 34.001 & 34.005 and Texas Labor Code section 402.00113.

Ms. Okonkwo is also immune from suit under Texas Insurance Code sections 34.001 and 34.005, which provide Personal Immunity to commission employees, and Texas Labor Code section 402.00123 that provides immunity to the Commissioner of Workers' Compensation and those working under him. Section 34.001 of the Insurance Code provides:

A person who is the commissioner or an employee of the department is not personally liable in a civil action for:

(1) an act performed in good faith within the scope of that person's authority; or

(2) damages caused by an official act or omission of that person unless the act or omission is corrupt or malicious.

Tex. Ins. Code Ann. § 34.001 (West).

Moreover, section 34.005 of the Insurance Code provides:

This chapter does not affect or modify any common law or statutory privilege or immunity. Tex. Ins. Code Ann. § 34.005 (West).

Finally, section 402.00123 of the Labor Code provides:

The commissioner is not liable in a civil action for an act performed in good faith in the execution of duties as commissioner. Tex. Lab. Code Ann. § 402.00123 (West).

Ms. Okonkwo is an employee of the Texas Department of Insurance, supplied as Staff by the Commissioner of Insurance to the Commissioner of Workers' Compensation, acting in good faith within the scope of her authority as an administrative law judge to carry out the goals and objectives of the workers' compensation system. There is nothing showing that her actions were the result of corruption or malice. Her actions are discretionary, not mandatory or ministerial. Thus, Ms. Okonkwo is protected from suit for civil action in her individual capacity under Texas Insurance Code sections 34.001 and 34.005. The Court should find that Ms. Okonkwo is protected by Personal Immunity under those sections of the Insurance Code.

In addition, Ms. Okonkwo is an employee working under the direction of the Commissioner of Workers' Compensation in good faith to carry out the goals and objectives of the workers' compensation system under Texas Labor Code sections 402.00115 and 402.00116. Under the Labor Code, she has the same immunity as the commissioner. *See Harlan*, 2016 WL 3476914. Thus, Ms. Okonkwo, like the Commissioner, is protected from suit for civil action in her individual capacity under Texas Labor Code section 402.00123 and the Court should find that Ms. Okonkwo is protected by Personal Immunity under that section.

### F.  Ms. Okonkwo's Individual Plea to the Jurisdiction: Summary

For these reasons, the Court lacks jurisdiction. Ms. Okonkwo is protected under Official Immunity, Judicial and Quasi-Judicial Immunity, immunity under Texas Insurance Code sections 34.001 and 34.005, and under Texas Labor Code section 402.00123. In that regard, Petitioner's claims against Ms. Okonkwo, individually, are duplicative of the Petitioner's official capacity claims against her. *See Tex. State Bd. of Pub. Acct. v. Bass*, No. 03-09-00251-CV, 2010 WL 5575921, at *7 (Tex. App.—Austin Jan. 14, 2011, no pet.) (mem. op); *Tex. Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970). The claims are also not supported

by the allegations in Petitioner's pleadings (which allege official capacity acts and claims, not individual actions). And, as an individual in a suit that asserts allegations regarding official acts, Ms. Okonkwo, individually, is not a proper party under the Amended Petition. See *City of Live Oak v. Lee*, No. 04-23-00022-CV, 2023 WL 4338957, at *2 (Tex. App.—San Antonio July 5, 2023, no pet.) (mem. op.). The Court should dismiss Petitioner's claims against Ms. Okonkwo in her individual capacity with prejudice.

## IV. REQUEST FOR A HEARING AT THE EARLIEST OPPORTUNITY

Ms. Okonkwo joins TDI in its requests for a hearing before the currently set hearing in the 11th District Court on December 16, 2024, at 11:00 a.m. To the extent that hearing has been set for December 5, 2024, Ms. Okonkwo joins in requesting a hearing on this submission at that hearing. As TDI asserts in its motion, the jurisdictional issues should be resolved before other substantive or procedural issues may be addressed.

## V. PRAYER

WHEREFORE, Ms. Okonkwo, in her official and individual capacities, joins the Texas Department of Insurance, Division of Workers' Compensation and its Commissioner and prays for this Court to grant TDI's Plea to the Jurisdiction and dismiss Petitioner's suit against Ms. Okonkwo in her official capacity. Ms. Okonkwo prays for the Court to grant her individual Plea to the Jurisdiction and dismiss Petitioner's suit against Ms. Okonkwo in her individual capacity. Ms. Okonkwo also prays for the Court to deny issuance of any new TRO or Temporary Injunction against her in both her official and individual capacities for the reasons stated above and in TDI's Plea, as adopted by Ms. Okonkwo. Ms. Okonkwo joins TDI in her official and individual capacities and prays that Petitioner take nothing by reason of this suit and that all court costs be

taxed and adjudged against Petitioner.   Finally, Ms. Okonkwo joins TDI and prays for any other relief to which she, they, or each may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ James Brazell*
JAMES Z. BRAZELL
State Bar No. 02930100
Assistant Attorney General
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3204
Facsimile: (512) 320-0167
James.Brazell@oag.texas.gov

ATTORNEYS FOR DEFENDANT,
FRANCISCA OKONKWO, ADMINISTRATIVE LAW
JUDGE, TEXAS DEPARTMENT OF INSURANCE,
DIVISION OF WORKERS' COMPENSATION, IN HER
OFFICIAL AND INDIVIDUAL CAPACITIES

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2024, a true and correct copy of the above and forgoing document has been served via electronic service and/or email to the following:

SHERLYN HARPER
State Bar No. 24093176
Assistant Attorney General
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
808 Travis Street, #1520
Houston, Texas 77002
Telephone: (713) 225-8913
Facsimile: (512) 320-0167
sherlyn.harper@oag.texas.gov

ATTORNEY FOR DEFENDANT TEXAS
DEPARTMENT OF INSURANCE, DIVISION OF
WORKERS' COMPENSATION

RUSSELL L. MORRIS
State Bar No. 24099150
ANDREW W. BRUCE
State Bar No. 24113627
PABLO A. FRANCO
State Bar No. 24121625
MCBRYDE FRANCO, PLLC
11000 Richmond Avenue, Suite 350
Houston, Texas 77042
Telephone: (713) 223-7699
Facsimile: (512) 691-9072
Serv.russell@mf-txlaw.com

ATTORNEYS FOR PETITIONERS

DEAN G. PAPPAS
State Bar No. 15454375
MARY M. MARKANTONIS
State Bar No. 12986800
LISA M. TEACHEY
State Bar No. 24056416
MARILYN J. ALLEN
State Bar No. 24025225
DEAN G. PAPPAS LAW FIRM, PLLC
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: (713) 914-6200
Facsimile: (713) 914-6201
dpappas@dgplawfirm.com
mmarkantonis@dgplawfirm.com
lteachey@dgplawfirm.com
mallen@dgplawfirm.com

ATTORNEYS FOR REAL PARTY IN INTEREST
FORT BEND COUNTY

/s/ James Z. Brazell
JAMES Z. BRAZELL
Assistant Attorney General

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Meridith Fischer on behalf of James Brazell
Bar No. 2930100
meridith.fischer@oag.texas.gov
Envelope ID: 94962671
Filing Code Description: No Fee Documents
Filing Description: Defendant Okonkwo's First Amended Plea to the Jurisdiction
Status as of 12/5/2024 8:41 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marilyn Allen | 24025225 | mallen@dgplawfirm.com | 12/5/2024 8:01:44 AM | SENT |
| Mary Markantonis | 12986800 | mmarkantonis@dgplawfirm.com | 12/5/2024 8:01:44 AM | SENT |
| Dean Pappas | 15454375 | dpappas@dgplawfirm.com | 12/5/2024 8:01:44 AM | SENT |
| Catherine Hughes | | catherine.hughes@oag.texas.gov | 12/5/2024 8:01:44 AM | SENT |
| Sherlyn Harper | | Sherlyn.Harper@oag.texas.gov | 12/5/2024 8:01:44 AM | SENT |
| James Z.Brazell | | james.brazell@oag.texas.gov | 12/5/2024 8:01:44 AM | SENT |
| Lisa Teachey | | lteachey@dgplawfirm.com | 12/5/2024 8:01:44 AM | SENT |
| Russell Morris | 24099150 | serv.russell@mf-txlaw.com | 12/5/2024 8:01:44 AM | SENT |
| Meridith Fischer | | Meridith.Fischer@oag.texas.gov | 12/5/2024 8:01:44 AM | SENT |
| Sherlyn Harper | | Sherlyn.Harper@oag.texas.gov | 12/5/2024 8:01:44 AM | SENT |
| Pablo Franco | | serv.pablo@mf-txlaw.com | 12/5/2024 8:01:44 AM | SENT |
| Andrew Bruce | | serv.andrew@mf-txlaw.com | 12/5/2024 8:01:44 AM | SENT |

# Appendix D

## CAUSE NO. 2024-78536

| | | |
|---|---|---|
| IN RE JOSHUA DAVID HEILIGER, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF LAUREN BRITTANE SMITH, DECEASED, AND ON BEHALF OF DEATH BENEFITS BENEFICIARIES JOSHUA DAVID HEILIGER AND EMMA DESTINY HEILIGER, *Petitioners,* | § § § § § § § § § § | IN THE DISTRICT COURT OF |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| FRANCISCA OKONKWO, ADMINISTRATIVE LAW JUDGE, TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES, AND GREATER HOUSTON PSYCHIATRIC ASSOCIATES, PLLC, *Respondents.* | § § § § § § § § § § § | 11th JUDICIAL DISTRICT |

**RESPONDENT, FRANCISCA OKONKWO, ADMINISTRATIVE LAW JUDGE'S**

**FIRST SUPPLEMENTAL PLEA TO THE JURISDICTION,**

**RESPONSE TO PETITIONER'S FOURTH AMENDED VERIFIED ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR WRIT OF MANDAMUS, TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION,**

**RESPONSE TO PETITIONER'S APPLICATION FOR SECOND TEMPORARY RESTRAINING ORDER AND REQUEST FOR HEARING ON PETITIONER'S APPLICATION FOR TEMPORARY INJUNCTION,**

**MOTION TO DISMISS, and**

**GENERAL DENIAL**

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW Respondent Francisca Okonkwo ("Ms. Okonkwo"), Administrative Law Judge ("ALJ"), Texas Department of Insurance, Division of Workers' Compensation ("TDI-DWC"), in her official and individual capacities, and files her First Supplemental Plea to the Jurisdiction; Response to Petitioner's Fourth Amended Verified Original Petition for Declaratory Judgment, Application for Writ of Mandamus, Temporary Restraining Order, Temporary Injunction, and Permanent Injunction; Response to Petitioner's Application for Second Temporary Restraining Order and Request for Hearing on Petitioner's Application for Temporary Injunction; Motion to Dismiss; and General Denial.

In this filing, Ms. Okonkwo a) submits new claims asserting that the Court lacks jurisdiction; b) incorporates by reference her earlier Initial and First Amended Pleas to the Jurisdiction, filed on November 26, 2024, and December 5, 2024; c) incorporates her prior joinders in TDI-DWC's Initial and First Amended Pleas to the Jurisdiction filed on November 18, 2024, and December 4, 2024; d) responds to Mr. Heiliger's Fourth Amended Verified Original Petition, Application for Mandamus, Temporary Restraining Order, and Temporary and Permanent Injunction; e) responds to Mr. Heiliger's Application for Second Temporary Restraining Order and Request for Hearing on Petitioner's Application for Temporary Injunction; f) submits her Motion to Dismiss, and g) files her new General Denial. In support thereof, Ms. Okonkwo would respectfully show the Court the following:

## EXECUTIVE SUMMARY

Petitioner, Joshua Heiliger, seeks injunctive and mandamus relief against TDI-DWC Administrative Law Judge Francisca Okonkwo, claiming her issuance of a subpoena compelling disclosure of mental health records of Lauren Smith, Mr. Heiliger's deceased wife, is ultra vires

and violates Mr. Heiliger's constitutionally-protected privilege in the records. Ms. Okonkwo has filed her initial and First Amended Pleas to the Jurisdiction. Ms. Okonkwo now brings this First Supplemental Plea to the Jurisdiction, Response to those claims, and Motion to Dismiss.

First, as explained in paragraphs 2 through 5 below, Mr. Heiliger's ultra vires claims are moot: Mr. Heiliger's ultra vires claims were based entirely on his claim that the subpoena issued by Judge Okonkwo on September 19, 2024, (the "first subpoena") failed to state whether it was for a hearing or a deposition and failed to provide the required date. On February 18, 2025, Judge Okonkwo withdrew and vacated the first subpoena and on January 27, 2025, she issued in its place a second subpoena which addresses and satisfied the conditions alleged in Mr. Heiliger complaint. Judge Okonkwo's withdrawal of the first subpoena and issuance of the second subpoena rendered Mr. Heiliger's ultra vires claims moot.

Next, as explained in paragraphs 6 through 8 below, Mr. Heiliger's claim that the subpoena violates Mr. Heiliger's constitutionally-protected privilege in Ms. Smith's mental health records is without support. Under three governing principles and dispositive authorities, a) the Offensive Use Doctrine (recognized in *Ginsberg v. Fifth Ct. of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985), *Westheimer v. Tennant*, 831 S.W.2d 880, 883 (Tex. App.— Houston [14th Dist.] 1992, no writ), and in *Pub. Util. Comm'n of Tex. v. Hous. Lighting & Power Co.*, 778 S.W.2d 195 (Tex. App.— Austin 1989, no writ) (the latter cited in Petitioner's Petition); b) the "Patient Litigant Exception" in Texas Rules of Evidence 509(e)(4) and 510(d)(5); and c) the statutory disclosure authorization in Texas Health and Safety Code sections 611.004(a)(1) and 611.004(a)(11), acting together, Ms. Smith's mental health records are not privileged, but are fully disclosable, as discussed in greater detail below.

Since Petitioner's ultra vires claims are moot and his claims regarding his constitutionally-protected privilege rights are without merit, Ms. Okonkwo's immunity protection (Sovereign Immunity, Official Immunity, Judicial Immunity, Quasi-Judicial Immunity, and Statutory Immunity) has not been defeated or overcome. Accordingly, in the face of these undefeated, intact immunities, the Court lacks jurisdiction and must dismiss Petitioner's claims against Judge Okonkwo.

The requested mental health records are relevant and necessary for the determination of Mr. Heiliger's application in the contested case proceeding at the Division. In *Caesar v. Mountanos*, 542 F.2d 1064, 1069 (9th Cir. 1976), a case cited by the Texas Supreme Court in *R.K., M.D. v. Ramirez*, 887 S.W.2d 836 (Tex. 1994), itself a critical case in this matter and a case cited by Mr. Heiliger in his filings, the U.S. 9th Circuit Court of Appeals provides a paragraph that states the problem posed by Mr. Heiliger's seeking to prevent disclosure in this proceeding:

> The state has a compelling interest to insure that truth is ascertained in legal proceedings in its courts of law. This interest has been held to be sufficient to require newsmen to testify before grand juries concerning privileged information, *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), to compel testimony from witnesses invoking the Fifth Amendment privilege against self-incrimination once immunity has been given, *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), and to require witnesses before grand juries to testify concerning illegally obtained evidence, *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). California's interest in requiring psychotherapists to produce limited disclosure of confidential communications is adequately supported by a compelling interest under current constitutional standards.

> *Caesar v. Mountanos*, 542 F.2d 1064, 1069 (9th Cir. 1976).

As in *Caesar* and the cases it mentions, the question before the Court in this case is the compelling interest in ascertaining the full truth of the causes of Ms. Smith's death and of the impact of the documentation of those causes on Mr. Heiliger's request to recover death benefits in

the contested case at the Division. Petitioner's attempt to deny access to Ms. Smith's mental health records obstructs the ascertainment of the full truth.

It also violates three established governing principles:

a) the **Offensive Use Doctrine** (recognized in *Ginsberg v. Fifth Ct. of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985), *Westheimer v. Tennant*, 831 S.W.2d 880, 883 (Tex. App.— Houston [14th Dist.] 1992, no writ), and *Pub. Util. Comm'n of Tex. v. Hous. Lighting & Power Co.*, 778 S.W.2d 195 (Tex. App.—Austin 1989, no writ) (the latter cited in Petitioner's own Petition). The Offensive Use Doctrine holds that "[a] plaintiff cannot use one hand to seek affirmative relief in court and with the other lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action." *Ginsberg,* 686 S.W.2d at 108; *Hous. Lighting & Power Co.*, 778 S.W.2d at 198-199.

b) the "**Patient Litigant Exception**" in Texas Rules of Evidence 509(e)(4) and 510(d)(5). In amendments to the Texas Rules of Evidence, the Texas Supreme Court determined that disclosure of physician-patient and mental health provider-patient communications is excepted from protection as privileged, where the documents are relied on by any party as a consequential part of the party's claims or defenses. Tex. R. Evid. 509(e)(4) & 510(d)(5).

c) the **statutory disclosure authorization in Texas Health and Safety Code sections 611.004(a)(1) and 611.004(a)(11) acting together**. The Legislature has determined that where mental health records are sought in a judicial or administrative proceeding where a court or agency has issued an order or subpoena for such records, disclosure is required or authorized by law and a professional may disclose confidential information

to a governmental agency or the courts. Tex. Health & Safety Code §§ 611.004(a)(1) and 611.004(a)(11).

The correct application of these principles confirms that Ms. Smith's mental health records are not privileged and, consequently, that the subpoena does not violate Mr. Heiliger's constitutionally-protected privilege rights. This, along with the mooting of Petitioner's ultra vires claim regarding the form of the first subpoena, leaves Ms. Okonkwo's protection in her official capacity under Sovereign Immunity intact and undefeated and leaves her protection in her individual capacity under Official Immunity, Judicial Immunity, Quasi-Judicial Immunity, and Statutory Immunity also intact, undefeated, and not overcome. Because the Division's and Ms. Okonkwo's Sovereign Immunity in her official capacity is intact and Ms. Okonkwo's immunities in her individual capacity are also fully intact, the Court lacks jurisdiction and must dismiss Petitioner's claims against Ms. Okonkwo in this proceeding.

## ARGUMENT

**Sovereign Immunity**

1) **[P4 Par 13, 65]. Ms. Okonkwo's is protected in her official capacity by Sovereign Immunity as she argues in her Initial and First Amended Pleas to the Jurisdiction. (PTJ)**

Ms. Okonkwo, the remaining Division party, like her employer TDI-DWC, is protected by Sovereign Immunity in her official capacity and is protected by Official Immunity, Judicial Immunity, Quasi-Judicial Immunity, and Statutory Immunity in her individual capacity. Ms. Okonkwo is an employee of the Department of Insurance, which, as a creature of the Legislature and whose commissioner, appointed by the governor, is part of the executive branch. Tex. Ins. Code § 31.022; Tex. Gov't Code § 2004.001. Sovereign immunity has not been waived (nor have any of the other applicable immunities discussed herein been waived). As noted in the Executive

Summary, Mr. Heiliger's ultra vires claims and claim of denial of constitutionally-protected privilege rights are without support and do not overcome or defeat this immunity. As stated above, Mr. Heiliger's ultra vires claims are moot and his claims of constitutionally-protected privileges are without basis because, under the applicable legal principles, the documents are not privileged. And, because Mr. Heiliger's ultra vires claim is now moot and his claimed constitutionally-protected documents are not privileged, there is no claim that overcomes or defeats Ms. Okonkwo's Sovereign Immunity (or her immunity under the other immunities that apply to her in her individual capacity) leaving Ms. Okonkwo's immunity undefeated and intact. Thus, the Court lacks jurisdiction over this matter and the case must be dismissed.

**Ultra Vires Claims**

2) **[P4 Par 13, 65]. There is no live ultra vires claim in this proceeding at this juncture. Ms. Okonkwo's Sovereign Immunity is not defeated or overcome by Mr. Heiliger's Ultra Vires claim, which is now moot. (PTJ)**

Mr. Heiliger's claim that Sovereign Immunity does not apply because of alleged ultra vires acts is now in error. Mr. Heiliger's ultra vires claim has become moot. Mr. Heiliger's ultra vires claims related entirely to the ALJ's first subpoena, issued September 19, 2024. That subpoena was withdrawn and vacated on February 18, 2025. A new subpoena was issued on January 27, 2025. The new subpoena resolved all the issues upon which Mr. Heiliger based his ultra vires claims.

Because the first subpoena was vacated and replaced by the second subpoena that is not subject to any ultra vires claims, there are now no remaining live ultra vires claims posed by Mr. Heiliger and the ultra vires issues are moot. In the absence of the now mooted ultra vires claims and, as discussed in paragraphs 6 through 8 below, in the absence of any valid constitutional claims related to information that is not privileged, there are no claims that are adverse to, defeat, or

overcome Ms. Okonkwo's Sovereign Immunity and other immunities. This leaves Ms. Okonkwo's Sovereign Immunity (and her other immunities) undefeated and intact, establishing that the Court lacks jurisdiction. Lacking jurisdiction due to these Immunities, the Court must dismiss all Petitioner's claims against Ms. Okonkwo.

**3) [P4 Par 9, 11, 15-19, 29-42, 64-68]. While, contrary to Petitioner's claims, the first subpoena (which has been withdrawn or vacated) was not ultra vires, the second subpoena issued by Ms. Okonkwo does not invoke the same concerns and Petitioner's ultra vires claims are now moot.**

As noted, the first subpoena was withdrawn and vacated. The second subpoena provides expressly on its face that it relates to a deposition on a date certain. Thus, the second subpoena fully complies with Texas Labor Code section 410.158(a) and 28 Texas Administrative Code section 142.12. Petitioner's ultra vires claims, which were lodged against the first subpoena are not applicable to the second subpoena and, as a result of the order vacating the first subpoena, are now moot.

The February 18, 2025, order vacating the first subpoena is attached. The second subpoena was issued on January 27, 2025, in a form that clearly stated that it was a deposition subpoena and included the date for disclosure. A copy of that subpoena is also attached. *See* Tex. Lab. Code § 410.158(a)(1). As these copies show, the second subpoena resolved Petitioner's claims regarding the form of the first subpoena.

**4) [P4 Par 15-19; 64-68] The first subpoena was not ultra vires but if it were, it has been withdrawn and vacated, rendering Mr. Heiliger's claim on this issue moot. (PTJ) (INJ) (M)**

Even if the first subpoena had not been vacated and replaced, it was not ultra vires. Petitioner complained about a minor matter of form under 28 Texas Administrative Code section 142.12—not an ultra vires violation of applicable authority. The rule in 28 Texas Administrative Code section 142.12 does not expressly require that a subpoena declare that it is a deposition or

hearing subpoena. The rule requires that a subpoena direct the person to attend or to produce evidence at a deposition (deposition subpoena) or at a hearing (hearing subpoena). The rule also directs consideration of the context. It was evident from the procedural context that the first subpoena sought production of evidence at the hearing, not at a deposition. The fact that production at the hearing was required was indicated by the circumstances, including the fact that the first subpoena was requested by the County on September 5, 2024, and issued by the ALJ on or about September 19, 2024, for a hearing that was convened and recessed on September 25, 2024. There was no request for or notice of any deposition pending at the time.

The context of the requested first subpoena, at a time during the lead up to the hearing, indicated that the subpoena was for production at the hearing (not at a deposition). Moreover, the form of the subpoena was identical to the form of countless other subpoenas issued at the Division over the years. When she issued the first subpoena, Ms. Okonkwo was not only following the applicable rules in 28 Texas Administrative Code sections 142.2 and 142.12, but also long settled Division practice.

Her issuance of the first subpoena was a minor matter of form, not an instance of exceeding authority and was not ultra vires. Again, however, the second subpoena corrects any claimed defects, whether they were or were not in fact defects. Thus, Petitioner's claim that Ms. Okonkwo acted ultra vires by issuing the first subpoena was and is without merit and is now moot and should be rejected.

5) **[P4 Par 9, 11, 15-19, 29-42, 64-68]. The first subpoena issued by Ms. Okonkwo on September 19, 2024, has been withdrawn or vacated, leaving as moot the ultra vires issues related to that subpoena claimed by Heiliger;**

When Mr. Heiliger first raised his "ultra vires" claim, only the first subpoena had been issued. Mr. Heiliger claimed that the ALJ's issuance of the first subpoena was ultra vires because

it did not specify under 28 Texas Administrative Code section 142.12 whether it required disclosure to be made in a hearing or deposition and did not provide the date for disclosure.

However, as noted, Mr. Heiliger's claims were not only incorrect but are also now moot. Again, on January 27, 2025, the ALJ issued the second subpoena which did expressly provide that the subpoenaed records should be provided at a deposition and provided a date claimed to be required. And on February 18, 2025, the ALJ withdrew and vacated the first subpoena. The issuance of the second subpoena and the vacating of the first subpoena resolved and mooted Mr. Heiliger's ultra vires claims. Accordingly, Mr. Heiliger's ultra vires claims do not defeat or provide any basis for overriding, overcoming, or defeating Ms. Okonkwo's Sovereign Immunity in her official capacity or her Official Immunity, Judicial Immunity, Quasi-Judicial Immunity, and Statutory Immunity in her individual capacity. Accordingly, the Court lacks jurisdiction and should dismiss all claims against Ms. Okonkwo, both in her official and in her individual capacities.

**Constitutional Claims**

6) **[P4 Par 13, 65] Ms. Okonkwo's Sovereign Immunity protection is not overcome or defeated by Mr. Heiliger's claim that the subpoena violates Heiliger's constitutional right to preserve his claims of privilege in his wife's mental health records. (PTJ)**

Mr. Heiliger's claim that Sovereign Immunity does not apply when constitutional rights are at stake is not supportable. As discussed, under the Offensive Use Doctrine, the Patient Litigant Exception codified in Texas Rules of Evidence 509(e)(4) and 510(d)(5), and in Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11) the requested information is not privileged. Because the documents are not privileged, there is no constitutional claim posed by Ms. Okonkwo's issuance of subpoenas compelling disclosure of the requested information and Mr. Heiliger's constitutional claims fail. In light of that failure and the mootness of his ultra vires claim,

Ms. Okonkwo's Sovereign Immunity protection in her official capacity and her protection under other immunities in her individual capacity are not overcome or defeated, establishing that the Court lacks jurisdiction and indicating that the Court must dismiss the claims against Ms. Okonkwo.

7) **[P4 Par 9, 16, 43, -54] Mr. Heiliger's claim that Ms. Smith's mental health records are privileged is incorrect. Under the three governing principles, the records are not privileged. (PTJ) (INJ)**

Ms. Smith's mental health records are not privileged under the three governing principles listed above:

a) **Offensive Use Doctrine.**

First, the information is not privileged under the Offensive Use Doctrine. *Ginsberg*, 686 S.W.2d at 107. The Offensive Use Doctrine is invoked because Mr. Heiliger is seeking an affirmative benefit by seeking death benefits for Ms. Smith's perishing, while at the same time claiming that documents relevant to whether he should receive those benefits are privileged and may not be disclosed. By pursuing mandamus and injunctive relief to protect records he claims to be privileged, Petitioner is using the claimed privilege as a sword rather than as a shield and is seeking affirmative relief in the contested case proceeding while at the same time denying the County access to relevant, probative, and consequential evidence of a central issue of the case, to wit, whether Ms. Smith's death was caused in whole or in part by her long-term use of the amphetamines Adderall and Vyvanse. The subpoenaed documents are consequential to the core question of whether Petitioner is entitled to the claimed death benefits or whether the benefits must be denied. Accordingly, they may not be treated as privileged under the Offensive Use Doctrine, so long as Petitioner claims a privilege.

The Offensive Use Doctrine is well recognized in Texas. See e.g., *Ginsberg*, 686 S.W.2d at 107; *Westheimer,* 831 S.W.2d at 883; and *Hous. Lighting & Power Co.*, 778 S.W.2d at 197-99 (cited in Mr. Heiliger's pleadings). In *Ginsberg*, Ms. Gaynier asserted a claim that information sought was protected by the psychotherapist-patient privilege under Texas Rule of Evidence 510. The Texas Supreme Court recognized that the justification for the privilege lay in the policy of encouraging the full communication necessary for effective treatment of a patient by a psychotherapist and that the protection against disclosure of confidences is primarily erected to protect the patient against an invasion of his privacy. *Ex Parte Abell,* 613 S.W.2d 255 (Tex. 1981).

However, the Court noted that the claimant occupied a different position in relation to the privilege she attempted to assert: that she had invoked the jurisdiction of the courts in search of affirmative relief against Ginsberg; yet she would attempt, on the basis of privilege, to deny Ginsberg the benefit of evidence which would materially weaken or defeat her claims against him. This was an offensive, rather than defensive, use of the privilege, and it lay outside the intended scope of Texas Rule of Evidence 510 and its predecessor. *Ginsberg*, 686 S.W.2d at 107.

A clearer example of the Offensive Use Doctrine described in *Ginsberg* could hardly be imagined than the one in this case. Mr. Heiliger is seeking death benefits in the contested case hearing at the Division. The subpoena issued was for relevant information relating to whether Ms. Smith's death was caused by her use or abuse of amphetamines, information that is relevant to the issues of whether her death was caused by a compensable work injury or by some other cause related to her use of amphetamines. Mr. Heiliger's opposition to disclosure of the requested records is an offensive use of the privilege, use of the privilege as a sword rather than as a shield, and one that inequitably denies access to information that is necessary and consequential for the determination of whether Mr. Heiliger request for death benefits should be approved or denied.

The issue here is similar to the one in *Ginsberg*.  Here, as in *Ginsberg* (and as discussed in *Westheimer* and *Houston Lighting & Power Company*) there has been a prohibited offensive use of the privilege—again, the privilege has been used as a sword rather than as a shield.  Here, because Petitioner is seeking affirmative relief, his claim that the information is privileged violates fundamental fairness.  By seeking mandamus and injunctive relief, he seeks to prevent the County from examining records that are likely to show whether the benefits should be granted or denied.  If he pursues mandamus or injunctive relief, which he has in his First, Second, Third, and Fourth Amended Verified Petitions, the privilege is subject to waiver and his claim that Sovereign Immunity is unavailing, and that the Division's rules and statutes are unconstitutional, must fail. *Ginsberg*, 686 S.W.2d at 107.

### b) Patient Litigant Exception.

Second, the information is not privileged under the "Patient Litigant Exception" codified by the Supreme Court in Texas Rules of Evidence 509(e)(4) and 510(d)(5), but, instead, is excepted from privileged treatment under the Rules of Evidence.  The Patient Litigation Exception was placed at issue by Petitioner in his pleadings and by his citation of *R.K., M.D. v. Ramirez* and Sections 509(e)(4) and 510(d)(5) of the Texas Rules of Evidence.

Texas Rules of Evidence 509(e)(4) and 510(d)(5) provide that medical or mental health records are excepted from privileged protection if any party relies on the patient's physical, mental, or emotional condition as a part of the party's claims or defenses and the communication or record is relevant to that condition.  Because Ms. Smith's mental health records are relevant to and part of the parties' claims and defenses, as reflected in Mr. Heiliger's Amended Verified Petitions and in the County's various pleadings, the material is not privileged and Mr. Heiliger's claim that he is being denied constitutional protection of the privilege has no foundation.

First, Ms. Smith's records and notes are a consequential part of the County's claims and defenses against Mr. Heiliger's application and for the County's claims and defenses that Ms. Smith's death may have been caused in part by these medications. Next, for Mr. Heiliger, Ms. Smith's records are a consequential part of his defenses contesting the County's claim that the medications were a factor. Thus, the records contain communications that are a consequential part of Mr. Heiliger's and the County's claims and defenses.

Because the records are a central issue in the fight between Mr. Heiliger and the County, they are consequential, invoking Rules 509(e)(4) and 510(d)(5). And, because Ms. Smith's mental health records are part of both parties' claims or defenses, under Texas Rules of Evidence 509(e)(4) and 510(d)(5) the records are not privileged. Because the records are not privileged, the ALJ's issuance of a subpoena requiring them to be disclosed does not violate any constitutionally-protected privilege. Petitioner's constitutionally-protected rights have not been abridged and the agency's rules and the various statutes at issue are not unconstitutional, do not deprive Petitioner of the right to due process of law, do not fail to provide an avenue for assertion or claim of privilege, and do not fail to provide a basis for redress. Ms. Okonkwo's Sovereign Immunity has not been defeated or overcome by such claims and Ms. Okonkwo's protection under Sovereign Immunity and the other Immunities is intact, indicating that the Court lacks jurisdiction.

### c) Health and Safety Code chapter 611.

Third, Ms. Smith's mental health records are not privileged under Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11), acting together. These statutory provisions expressly allow disclosure when an administrative agency or court issues a subpoena or order for mental health records in an administrative or judicial proceeding, thereby resolving any claim of privilege against protection.

Section 611.004(a)(1) authorizes disclosure (thus removing any privilege) to a governmental agency if the disclosure is required or authorized by law. Next, section 611.006(a)(11) makes the information disclosable if in an administrative or judicial procedure the court or agency has issued an order or subpoena. Thus, sections 611.004(a)(1) and 611.006(a)(11), as well as the other provisions discussed herein, authorize disclosure by law.

Much of what Mr. Heiliger claims in his various Amended Verified Petitions relates to claims that the ALJ's decision, the relevant statutes, and the relevant rules deny him protection of his constitutionally-protected privilege rights, thereby overriding or defeating Sovereign Immunity. However, because, whether by waiver of his privilege by Offensive Use, by exception under the Patient Litigant Exception, or by Legislative enactment in Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11), Ms. Smith's mental health records are not privileged and Mr. Heiliger has no privilege rights for the Court to protect, as he claims. His claim that Sovereign Immunity is waived or defeated all fail and Ms. Okonkwo retains intact her Sovereign Immunity protection as well as her other Immunity protections and the Court lacks jurisdiction.

8)      **[P4 Par 10, 43]. As it relates to the application of the three governing principles, Ms. Smith's mental health records are central, primary, and consequential issues in the dispute. (PTJ)**

Both the Offensive Use Doctrine and the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5) require that the matter determined to not be privileged must relate to a claim that is central, primary, dispositive issue with a *consequential* bearing upon the determination of the action. Tex. R. Evid. 509(e)(4) & 510(d)(5); *Ginsberg*, 686 S.W.2d at 108; *R.K. v. Ramirez*, 887 S.W.2d 836, 842 (Tex. 1994). The issue of whether Ms. Smith's death was caused in whole, in part, or not at all by her use of the amphetamines Adderall and Vyvanse is such a consequential issue. It is a central, main, pivotal, and dispositive issue that has a

consequential impact on the outcome of the case. The fact that the determination of that issue has a consequential effect on the case is indicative that the Offensive Use Doctrine and the Patient Litigant Exceptions both apply.

**Individual Capacity Immunity**

9) **[P4 Par 4, 7, 13] Ms. Okonkwo, in her individual capacity, is protected by Official Immunity, Judicial Immunity, Quasi-Judicial Immunity, and Statutory Immunity as discussed in Ms. Okonkwo's Initial and First Amended Pleas to the Jurisdiction. (PTJ)**

In addition to her protection by Sovereign Immunity for acts in her official capacity, Ms. Okonkwo is protected by Official Immunity, Judicial Immunity, Quasi-Judicial Immunity, and Statutory Immunity in her individual capacity under Texas Insurance Code sections 36.001 and 36.005, and Texas Labor Code section 402.123. The Court lacks jurisdiction over Ms. Okonkwo in her individual capacity and must dismiss Petitioner's claims against Ms. Okonkwo in her individual capacity.

### a) Governmental, Official, Judicial, Quasi-Judicial Immunity.

When employees are sued in their individual capacity, they are entitled to raise the defense of official immunity. *Gonzalez v. Avalos,* 866 S.W.2d 346, 349 (Tex. App.—El Paso 1993), *writ dism'd w.o.j.,* 907 S.W.2d 443 (Tex. 1995) (per curiam). This immunity, variously known as "governmental," "official," "quasi-judicial," or "qualified" immunity, has evolved out of a public policy that encourages public officers to carry out their duties without fear of personal liability. *Carpenter v. Barner,* 797 S.W.2d 99, 101 (Tex. App.—Waco 1990, writ denied). Petitioner's claims against Ms. Okonkwo individually violate the purposes of the Official Immunity doctrine.

Under the principle of Official Immunity, government employees are entitled to Official Immunity from suit arising from the performance of their duties if: (1) their duties are discretionary; (2) performed in good faith; and (3) are performed when they are acting within the

scope of their authority. *Id*.; *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 421 (Tex. 2004). Official Immunity is a defense from suit, as opposed to a defense from liability, so it is appropriately brought in a plea to the jurisdiction. *See Hernandez v. Sommers*, 587 S.W.3d 461, 470-72 (Tex. App.—El Paso 2019, pet. denied).

The first prong of the "Official Immunity" privilege requires that governmental employees have acted in a discretionary function. *Ballantyne*, 144 S.W.3d at 425. A "discretionary function" is an act that requires personal deliberation, decision, and judgment. *Id*. An act by a government official in the course of performing a discretionary function does not lose its discretionary status because it was erroneous or even wrongful. Actions which require obedience to orders or the performance of a duty to which the person has no choice are not discretionary, but ministerial. *Ballantyne*, 144 S.W.3d at 421. Ministerial acts are those for which "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Id.* at 425, *quoting Comm'r of the Gen. Land Off. v. Smith*, 5 Tex. 471, 479 (1849). If a public official must obey an order, without having any choice in complying, the act is ministerial. *Id.*; *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994). But if an action involves personal deliberation, decision, and judgment, it is discretionary. *Ballantyne*, 144 S.W.3d at 425.

The second prong of the Official Immunity privilege, "good faith," requires that the governmental employee have acted in a manner that a reasonably prudent official or employee, under the same or similar circumstances, would have believed to be reasonable and justified. *Id*. at 426. This test of good faith addresses what a reasonable person could have believed rather than what a reasonable person would have done. *Id.; see Hernandez*, 587 S.W.3d at 471.

Finally, the third prong of the Official Immunity privilege, acting within the "scope of authority," requires the public official or employee to have acted within the scope of his or her authority where he or she is discharging the duties generally assigned to them, even if they are performed wrongly or negligently. *Ballantyne*, 144 S.W.3d at 421. Public officials and employees are not liable for acts performed in good faith within the scope of authority, even when the officials violate or misinterpret the law. *Id*.

Ms. Okonkwo has satisfied each of these requirements:

First, Ms. Okonkwo was performing discretionary duties when she issued the first subpoena and the second subpoena. Upon being presented with a facially valid request for a subpoena that indicated that the required information was discoverable, material, and relevant to the issues, Ms. Okonkwo exercised personal deliberation, decision, and judgment to determine that the subpoena should be issued. She was not carrying out a mandatory, ministerial duty. Ms. Okonkwo was performing a discretionary duty. *Hernandez,* 587 S.W.3d at 470.

Next, Ms. Okonkwo was acting in good faith. Ms. Okonkwo issued the subpoena for information requested by a party for facially-discoverable evidence that was material and relevant to the issues framed for trial and adjudication in the proceeding. The requested records were alleged to contain information that would provide relevant proof, favorably or unfavorably, of the impact of Ms. Smith's amphetamine use as a factor contributing to her death.[1] In determining whether to issue the subpoenas, Ms. Okonkwo acted on her belief and judgment. Her decision was consistent with that of a reasonably prudent official, under the same or similar circumstances, who

---

[1] Because the records required by the subpoena may address the use of prescribed medications, including the management, prescribed potency, frequency, condition, and effect of the use of such medications, the records would tend to establish facts relating to the condition(s) that may be at issue in this proceeding (potential hypertension) and may have been relied by the parties as part of their claims and defenses under the exception in Texas Rule of Evidence 509(e)(4) and 510(d)(5). *See Ramirez.*, 887 S.W.2d at 843 ("(1) the records sought to be discovered are relevant to the condition at issue, and (2) the condition is relied upon as a part of a party's claim or defense.")
.

could have believed the action was justified based on the information possessed when the conduct occurred. *Ballantyne*, 144 S.W.3d at 426. A reasonably prudent ALJ in the same or similar circumstances would have believed that issuance of the requested subpoenas was necessary to permit complete and effective discovery on the issues as framed. Accordingly, Ms. Okonkwo's rulings were in good faith.

In addition, Ms. Okonkwo's good faith was demonstrated by her earlier ruling striking 20 years of requested subpoenas and issuing a subpoena for only three years and several months of data, instead. *See* Petitioner's Amended Verified Original Petition for Declaratory Judgment, Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, Page 8 of 21, Par. 25. Ms. Okonkwo's ruling, which restricted the scope of the request, minimizing the burden on the responsive providers and on Petitioner, was indicative of her good faith regarding the scope of the requested subpoena.

Finally, Ms. Okonkwo was acting within the scope of her authority when she issued the first subpoena under a broad range of authority including provisions of Chapter 611 of the Texas Health and Safety Code, Chapter 36 of the Texas Insurance Code, Chapters 402 and 410 of the Texas Labor Code, Chapter 142 of 28 Texas Administrative Code, and the Texas Rules of Civil Procedure.

Administrative Law judges act within the scope of their authority when they discharge the duties generally assigned to them under their legal authorization. *See Ballantyne*, 144 S.W.3d at 424; *Chambers*, 883 S.W.2d at 658. The duties TDI-DWC's ALJs are required to perform include issuing subpoenas requested by litigants in contested case proceedings. *See* Tex. Ins. Code §§ 36.151-62; Tex. Lab. Code §§ 402.00111, 402.00113, 402.00115, 402.00116, 402.00128(b)(2), (b)(3), (b)(12), 410.157-58, 410.162, and 418.004; Tex. Health & Safety Code §§ 611.002,

611.004(a)(1), 611.006(a)(11), and 28 Tex. Admin. Code §§ 142.2 & 142.12; *Hernandez*, 587 S.W.3d at 470. Ms. Okonkwo issued both the first and second subpoenas under these express statements of her duties and authority. In each instance she followed the statutory and regulatory authority and the statutory and regulatory requirements.[2]

The Commissioner of Workers' Compensation and the ALJs working under him are authorized and required to issue subpoenas in hearings. *See* Tex. Ins. Code §§ 36.151-62; Tex. Lab. Code §§ 402.00111, 402.00113, 402.00115, 402.00116, and 402.00128(b)(2), (b)(3), and (b)(12); and 28 Tex. Admin. Code §§ 142.2 & 142.12. Ms. Okonkwo was carrying out those duties in her position as a member of Division Staff, assigned to execute required duties to administer and operate the workers' compensation system, acting within the scope of her authority, in good faith, on a matter within her discretion under the applicable codes and rules. *Id.*

In issuing the subpoenas, Ms. Okonkwo performed a discretionary duty, in good faith, that was a duty approved and assigned in the Agency's rules governing procedures for the conduct of contested case hearings in the Workers' Compensation Program. *See* Tex. Ins. Code §§ 36.151-62; Tex. Lab. Code §§ 402.00128(b)(2), (b)(3), and (b)(12), 410.157-58, 410.162; and 28 Tex. Admin Code §§ 142.2 & 142.12. Accordingly, Ms. Okonkwo's conduct satisfies the three conditions for Official Immunity. Therefore, the Court should find that Ms. Okonkwo is protected by Official Immunity in her individual capacity.

---

[2] Petitioner's assertion that 28 Texas Administrative Code section 142.12 does not authorize subpoenas seeking documents without requiring appearance at a deposition or hearing fails to recognize that, by clear contextual indication, section 142.2 is a broader grant of subpoena powers than the grant of subpoena powers in section 142.12, that section 142.12 is more restrictive than section 142.2, and that the power to issue subpoenas in section 142.2, which gives effect to Texas Insurance Code chapter 36.151-62, Texas Labor Code sections 402.00111, 402.00113, 402.00115, 402.00116, 402.00128(b)(2), (b)(3), and (b)(12), 410.157-58, 410.162, and 418.004, is unrestrained by the limitations in section 142.12.

Finally, Ms. Okonkwo's protection under "Official Immunity" includes protection under "Judicial" or "Quasi-Judicial" Immunity, as well. *See Sledd v. Garrett*, 123 S.W.3d 592, 594 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Harlan v. Tex. Dep't of Ins.*, No. 01–14–00479–CV, 2016 WL 3476914 (Tex. App.—Houston [1st Dist.] June 23, 2016, no pet.) (mem. op.). Though appropriately regarded as a subset or class of "Official Immunity," "Judicial Immunity" and "Quasi-Judicial Immunity" are more focused. They protect quasi-judicial officials who, irrespective of their title, perform functions essentially similar to those of judges, in a setting similar to that of a court. *Id*.; *see Butz v. Economou*, 438 U.S. 478, 511–14, 98 S.Ct. 2894, 2913–15, 57 L.Ed.2d 895 (1978) (holding that absolute judicial immunity covers judicial acts of hearing examiners and administrative law judges). In issuing the subpoenas, Ms. Okonkwo was performing judicial functions in a setting similar to a court. Accordingly, Ms. Okonkwo's acts met the conditions for Judicial or Quasi-Judicial Immunity. Thus, in addition to finding that Ms. Okonkwo is protected by Governmental or Official Immunity, the Court should also find that Ms. Okonkwo is protected by Judicial and/or Quasi-Judicial Immunity in her individual capacity.

### b) Immunity Under Texas Insurance Code sections 34.001 and 34.005, and Texas Labor Code section 402.00113.

Ms. Okonkwo is also immune from suit under Texas Insurance Code section 34.001 and 34.005, which provide statutory personal immunity to commission employees, and Texas Labor Code section 402.00123 that provides immunity to the Commissioner of Workers' Compensation and those working under him. Section 34.001 of the Insurance Code provides:

> A person who is the commissioner or an employee of the department is not personally liable in a civil action for:
>
> (1) an act performed in good faith within the scope of that person's authority; or

(2) damages caused by an official act or omission of that person unless the act or omission is corrupt or malicious. Tex. Ins. Code Ann. § 34.001.

Moreover, section 34.005 of the Insurance Code provides:

This chapter does not affect or modify any common law or statutory privilege or immunity. Tex. Ins. Code Ann. § 34.005.

Finally, section 402.00123 of the Labor Code provides:

The commissioner is not liable in a civil action for an act performed in good faith in the execution of duties as commissioner. Tex. Lab. Code Ann. § 402.00123.

Ms. Okonkwo is an employee of the Texas Department of Insurance, supplied as Staff by the Commissioner of Insurance to the Commissioner of Workers' Compensation, acting in good faith within the scope of her authority as an Administrative Law Judge to carry out the goals and objectives of the workers' compensation system. There is nothing showing that her actions were the result of corruption or malice. Her actions are discretionary, not mandatory or ministerial. Thus, Ms. Okonkwo is protected from suit for civil actions against her in her individual capacity under Texas Insurance Code sections 34.001 and 34.005. The Court should find that Ms. Okonkwo is protected by personal immunity under those sections of the Insurance Code.

In addition, Ms. Okonkwo is an employee working under the direction of the Commissioner of Workers' Compensation in good faith to carry out the goals and objectives of the workers' compensation system under Texas Labor Code sections 402.00115 and 402.00116. Under the Labor Code, she has the same immunity as the commissioner. *See Harlan*, 2016 WL 3476914. Thus, Ms. Okonkwo, like the Commissioner, is protected from suit for civil action in her individual capacity under Texas Labor Code section 402.00123 and the Court should find that Ms. Okonkwo is protected by personal immunity under that section.

### c) Petitioner Overreach.

The issues raised by Petitioner (Ms. Okonkwo's issuance of a subpoena) and his claims related to those issues (claimed ultra vires and violation of constitutionally-protected privilege rights) relate entirely and solely to acts Ms. Okonkwo performed in her official capacity. However, though Petitioner brought suit against Ms. Okonkwo in her official capacity, he also sued her in her individual capacity even though there are no claims in Petitioner's pleadings asserting that Ms. Okonkwo performed actionable acts in her individual capacity. Thus, whatever the Court decides regarding disposition of Petitioner's claims against Ms. Okonkwo in her official capacity (and, as argued, the Court should deny and dismiss those claims), the Court should dismiss Petitioner's suit against Ms. Okonkwo in her individual capacity because it is without basis and is plainly an overreach, filed for annoyance, harassment, and leverage. The Court should dismiss all claims against Ms. Okonkwo in her individual capacity immediately and entirely with prejudice.

## Exhaustion of Remedies

**10)** **[P4 Par 10] The Court lacks jurisdiction because Mr. Heiliger has not exhausted administrative remedies; (PTJ)**

Mr. Heiliger must exhaust administrative remedies at TDI-DWC prior to filing a lawsuit. The Texas Workers' Compensation Act vests the Division of Workers' Compensation with exclusive jurisdiction to determine a claimant's entitlement to workers' compensation benefits. In re *Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009). When an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). This exhaustion requirement ensures that the administrative agency has the opportunity to resolve disputed fact issues within its exclusive jurisdiction before a court of general jurisdiction addresses those issues. *In re Metro. Transit Auth.*, 334 S.W.3d 806, 811 (Tex. App.—Houston [1st

Dist.] 2011, orig. proceeding [mand. denied]). Exhaustion at the Division requires obtaining an order from the ALJ adjudicating the claim and cumulating interim orders. Tex. Labor Code § 410.168, 410.169, 410.201-08, 410.251-53; Appeal Panel Decision Nos. 92036; 92090; 221345. Exhaustion also requires appeal to the Division's Appeals Panel and filing of a timely request for judicial review. *Id*.

Equitable interim injunctive remedies may or may not be permitted, depending upon the balance of the interests in protecting a party from deprivation of constitutionally-protected rights on the one hand and the Legislatively-intended administrative processes and proceedings, on the other hand. *See Pub. Util. Comm'n of Tex. v. Pedernales Elec. Co-op., Inc.*, 678 S.W.2d 214, 222–23 (Tex. App.—Austin, 1984, writ ref'd n.r.e.).

In this instance, the balance favors maintaining the Division's processes, as, for the reasons explained, Ms. Smith's mental health records are subject to the Offensive Use Doctrine, are not privileged under the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5); and are statutorily subjected to disclosure under Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11). Because, under these provisions, the records are not privileged, the need for interim injunctive relief is minimized and the balance tilts in favor of maintaining Division processes. *See Pedernales Elec. Co-op., Inc.*, 678 S.W.2d at 222–23. Under those processes, Mr. Heiliger has not exhausted administrative remedies, as required.

**Collateral Waiver**

11) **[P4 Par 25]. In Par 25, Mr. Heiliger has waived any claimed privilege in Ms. Smith's mental health records by disclosing part of the contents of those records under Texas Rule of Evidence 511(a)(1) and the remainder of writings and optional completeness principles in Texas Rules of Evidence 106 and 107. (PTJ)**

In paragraph 25 of his Fourth Amended Verified Petition, Mr. Heiliger states that as part of the administrative discovery phase he provided a letter from Dr. Marcellus, Ms. Smith's psychiatrist, who prescribed the amphetamines for Ms. Smith, explaining that Ms. Smith was being treated for ADHD and PTSD, that she never sought early refills, and providing the dosages of her medications. The information provided in this letter puts the psychiatrist's notes and records at issue and discloses a significant part of the contents of Ms. Smith's mental health records. These declarations waive the privilege for the matters contained in those documents, to the extent that the matters have been disclosed. Tex. R. Evid. 511(a)(1). And because Mr. Heiliger has partially waived any privilege that may have existed, the County is entitled to view the remainder of the records under the remainder of writings and statements rule and the optional completeness rule. Tex. R. Evid. 106 & 107.

12) **[P4 Par 24]. Mr. Heiliger has waived any claimed privilege in Ms. Smith's mental health records relating to her amphetamine use by asserting in paragraph 24 that Ms. Smith had been legally prescribed and taking Adderall and Vyvanse for most of her adult life—without incident. (PTJ)**

In paragraph 24 of his Fourth Amended Verified Petition, Mr. Heiliger states that Ms. Smith had been legally prescribed and taking the amphetamines Adderall and Vyvanse for most of her adult life—without incident. This statement, like the letter discussed in the preceding Section, effects a waiver by disclosing a substantial part of the issue of whether Ms. Smith's drug use was without incident or only believed to be without incident by Mr. Heiliger. *See* Tex. R. Evid. 511(a); *In re Alexander*, 580 S.W.3d 858, 869 (Tex. App.—Houston [14th Dist.] 2019, orig.

proceeding); *In re Richardson Motorsports, Ltd.*, 690 S.W.3d 42, 58 (Tex. 2024) ("This rule 'allows a partial disclosure of privileged material to result in an implied waiver of the privilege as to additional material that has not been disclosed' if the partial disclosure represented a significant part of the privileged material."). Doctor Marcellus, Ms. Smith's psychiatrist, may have been aware of incidents of which Mr. Heiliger may not have been aware. If her death was caused by her amphetamine use, as the County believes may be the case, there was at least one major incident and there may have been other incidents of which Mr. Heiliger was not aware but of which Dr. Marcellus was aware. By his statement in paragraph 24, Mr. Heiliger puts the incidents from Ms. Smith's drug use at issue, waiving any privilege not otherwise already displaced by the Offensive Use Doctrine, the Patient Litigant Exception of Texas Rules of Evidence 509(e)(4) and 510(d)(5), and the Statutory disclosure provisions of Texas Health and Safety Code 611.004(a)(1) and 611.006(a)(11). *Id*.

**Misapplication of Cases, Rules, and Authority**

13) **[P4 Par 52-54]. Petitioner has misapplied the Texas Rules of Evidence and Supreme Court Rulings in paragraphs 52 through 54 of his 4th Petition.**

In paragraphs 52 through 54 of his Fourth Amended Verified Petition, Mr. Heiliger misapplies the Texas Rules of Evidence and *R.K. v. Ramirez*. In *Ramirez*, the Court determines that for the Patient Litigant Exception to apply, the information sought and relied on must not merely be relevant, but must be central, primary, and of consequence to a party's claims or defenses.

In paragraphs 52-54, Mr. Heiliger attempts to cause confusion over the object of the subpoena and the nature of the documents requested and whether the information sought is central, primary and consequential to the parties' claims and defenses. In paragraph 53, Mr. Heiliger mischaracterizes the basis of the County's request for Dr. Marcellus' documents, claiming that the

request seeks evidence of whether Ms. Smith was treated for ADHD or PTSD. The County's request for the documents was not for that purpose. The County's request was and has been to find evidentiary proof showing whether Ms. Smith's death was or was not caused by her long-term use of amphetamines. That issue is a central, pivotal, dispositive issue of consequence that the parties rely on in this case. The requested documents are relevant to and have consequence to the County's and Mr. Heiliger's claims or defenses on that issue. Thus, the request is sufficient to invoke both the Offensive Use Doctrine and the Patient Litigant Exception of Texas Rules of Civil Procedure 509(e)(4) and 510(d)(5), as addressed in *R.K. v. Ramirez*.

14) **[P4 Par 10 - 11]. Petitioner has misapplied *Public Utility Commission of Texas v. Houston Lighting & Power Company*, 778 S.W.2d 195 (Tex. App.—Austin 1989, no writ). (PTJ)**

*Public Utility Commission of Texas v. Houston Lighting & Power*, cited by Mr. Heiliger, does not support Mr. Heiliger's claims. In fact, *Public Utility Commission of Texas v. Houston Lighting & Power* supports Ms. Okonkwo's claims, for two reasons: First, the privilege at issue in *Public Utility Commission of Texas v. Houston Lighting & Power* was the attorney-client privilege, not a physician or mental health privilege, which was not subject to application of an exception like the exception in the Patient Litigant Exceptions in Texas Rule of Evidence 509(e)(4) and 510(d)(5) in this case—the distinction, the fact that the exception applies here but did not in *Public Utility Commission of Texas v. Houston Lighting & Power*, helps to clarify the distinction from other privileges and supports its treatment under 509(e)(4) and 509(d)(5).

Second, in *Public Utility Commission of Texas v. Houston Lighting & Power*, the Court expressly recited and approved the Offensive Use Doctrine, although the Court found the Doctrine did not apply in that case because the information requested related to an issue carved-out from the electric utility rate case that resolved a settlement between HL&P and Brown & Root, Inc.

referenced in the Marc Victor Documents, not to HL&P's claims or defenses relating to its request for approval of increased utility rates in the rate case, and thus could not be applied because it did not seek information of legal consequence to HL&P's claims or defenses in the rate case at issue. In this case, where Ms. Smith's mental health records will provide evidence of a central, primary issue of whether her death was caused by her long-term use of the amphetamines Adderall and Vyvanse, an issue of legal consequence to part of the parties' claims and defenses.

**15)** **[P4 Par 10] Petitioner has misapplied *Public Utility Commission of Texas v. Pedernales Electric Cooperative, Inc.* 678 S.W.2d 214 (Tex. App.—Austin 1984, writ ref'd n.r.e.). (PTJ)**

Mr. Heiliger fails to note that in *Public Utility Commission of Texas v. Pedernales Electric Cooperative, Inc.*, the Court ultimately determined that the Commission was, in the Court's view, entitled to a reasonable period of time, during the progress of the rate proceeding, to be free of judicial interference and before it was obligated to 1) reach a final determination on Pedernales' rate proceeding or 2) order implementation of a system of interim rates in absence of a final determination. The Court found that a reasonable time had not expired at the time injunctive relief was ordered in the District Court. *Pedernales Elec. Co-op., Inc.*, 678 S.W.2d at 222–23. In light of that determination, the Court found that the delay without injunctive relief was merely an incident of the process of rate regulation and that the interests that favored injunctive relief were outweighed by the interests in preserving the principles of administrative remedies and finality of administrative decisions. *Id.*

The same applies here. The requested documents may be disclosed to the County within the confidentiality of the TDI-DWC contested case proceeding while the parties exhaust administrative remedies and progress towards a final and appealable decision under the processes incident to such hearings. The administrative proceeding was initiated by Mr. Heiliger in his

application for death benefits   Having filed the administrative proceeding, he must abide by the procedures established by the Legislature and the Commission for the adjudication of such applications.  Within those procedures there are adequate remedies at law, which include pursuing the application through a final decision by the ALJ, proceeding to an appeal before the Appeals Panel, and, after exhausting administrative remedies, seeking judicial review in the courts.  Under *Pedernales*, Mr. Heiliger is obligated to work within the existing processes incident to the determination of requests for death benefits and to recognize that the interests that favor injunctive relief are outweighed by the interests in preserving the principles of administrative relief and finality of the administrative decision.  He may not ask the Court to invade the Division's authority and substitute its judgment for the Division's through supervisory rulings that substitute the Court's judgement for that of the Division and reconfigure the subpoena processes or the processes of interlocutory appeals of ALJ discovery rulings, when no such right exists in law.

**Procedural History and Exhibits**

16) **[P4 Par 20-42, 55; P2 Par 2-18]. Mr. Heiliger's listing of the factual events by date is largely accurate, except where he goes beyond merely summarizing the dated events and proceeds to submit erroneous claims and argument. Moreover, Mr. Heiliger's exhibits largely correctly represent the relevant documents, except where, again, he adds erroneous claims and arguments. Ms. Okonkwo does not challenge these in this filing, but reserves the right to do so at the hearing and at other times. (PTJ)**

Mr. Heiliger's statement and listing of facts in paragraphs 20 through 42 of his Fourth Amended Verified Original Petition and in paragraphs 2 through 18 of his Application for Second Temporary Restraining Order and Temporary Injunction are largely correct, except where Mr. Heiliger includes erroneous claims and arguments.  Moreover, Mr. Heiliger's exhibits in both filings largely appear to correctly represent the relevant documents, except where Mr. Heiliger includes erroneous claims and arguments.  Ms. Okonkwo does not challenge these in this filing

but reserves the right to do so at the hearing and at other appropriate times and in other appropriate submissions.

**Mandamus Authority**

17) **[P4 Par 12-14, 58-63] The Court does not have jurisdiction to issue a mandamus commanding Ms. Okonkwo to rescind, vacate, or modify the subpoena under the separation of powers doctrine. (PTJ) (INJ)**

The district court is empowered to issue mandamus orders for agencies of the executive branch of State Government only to the extent required to enforce its own jurisdiction, to correct clear abuses of discretion, and to correct failures to execute ministerial acts. However, the district court lacks supervisory authority by mandamus over discretionary decisions of agencies of the executive branch. Under the separation of powers doctrine, the district court may not compel executive branch administrative agencies to make particular discretionary determinations or to exercise their discretion in any particular manner. *See Williams v. Davis*, 628 S.W.3d 946, 952 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Only the Texas Supreme Court has the authority to issue a writ of mandamus against officers of the executive departments of the government of this state. *See Walker v. Jenkins*, No. 03-18-00235-CV, 2018 WL 3059962, at *2 (Tex. App.—Austin June 21, 2018, no pet.) (mem. op.). The Texas Department of Insurance and its Workers' Compensation Division are departments of the executive branch. Tex. Ins. Code Sec. 31.022; Tex. Gov't Code § 2004.001. Consequently, the Court is without jurisdiction to issue a mandamus as requested by Petitioner.

In *Walker v. Packer*, the Texas Supreme Court discussed the evolution of the mandamus authority, observing that:

"Traditionally, the writ of mandamus issued only to compel the performance of a ministerial act or duty. S*ee Wortham v. Walker*, 133 Tex. 255, 277, 128 S.W.2d 1138, 1150

(1939); *Arberry v. Beavers*, 6 Tex. 457 (1851); Helen A. Cassidy, *The Instant Freeze–Dried Guide to Mandamus Procedure in Texas Courts*, 31 S.Tex.L.Rev. 509, 510 (1990); Comment, *The Expanding Use of Mandamus to Review Texas District Court Discovery Orders: An Immediate Appeal Is Available*, 32 Sw.L.J. 1283, 1288 (1979).

Since the 1950's, however, [the Texas Supreme Court] has used the writ to correct a 'clear abuse of discretion' committed by the trial court. See, e.g., *Joachim v. Chambers*, 815 S.W.2d 234, 237 (Tex.1991); *Jampole v. Touchy*, 673 S.W.2d 569, 574 (Tex.1984); *West v. Solito*, 563 S.W.2d 240, 244 (Tex. 1978); *Womack v. Berry*, 156 Tex. 44, 50, 291 S.W.2d 677, 682 (1956). *See generally*, David W. Holman & Byron C. Keeling, *Entering the Thicket? Mandamus Review of Texas District Court Witness Disclosure Orders*, 23 St. Mary's L.J. 365, 390 (1991); Cassidy, 31 S.Tex.L.Rev. at 510; Note, *The Use of Mandamus to Review Discovery Orders in Texas: An Extraordinary Remedy*, 1 Rev.Litig. 325, 326–27 (1981); Comment, 32 SW.L.J. at 1290.

A trial court abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.' *Johnson v. Fourth Court of Appeals*, 700 S.W.2d at 917. This standard, however, has different applications in different circumstances.

With respect to resolution of factual issues or matters committed to the trial court's discretion, for example, the reviewing court may not substitute its judgment for that of the trial court. *See Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41–42 (Tex.1989) (holding that determination of discoverability under Tex.R.Civ.P. 166b(3)(d) was within discretion of trial court)."

*Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).

In *Williams v. Davis*, the Houston 14th District Court of Appeals discussed the limitations on the court's mandamus power:

"[The] district court has mandamus jurisdiction only to enforce its own jurisdiction. See *Barker v. Livingston*, No. 14-12-00254-CV, 2012 WL 3866505, at *2 (Tex. App.—Houston [14th Dist.] Sept. 6, 2012, no pet.) (mem. op.); *Martinez*, 931 S.W.2d at 46; *Walker v. Jenkins*, No. 03-18-00235-CV, 2018 WL 3059962, at *2 (Tex. App.—Austin June 21, 2018, no pet.) (mem. op.); *Sims v. Smith*, No. 03-12-00242-CV, 2014 WL 2094200, at *1 (Tex. App.—Austin May 14, 2014, no pet.) (mem. op.); *Garrett v. Williams*, 250 S.W.3d 154, 159 (Tex. App.—Fort Worth 2008, no pet.); see also *Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59, 61 (1958). [The] district court has no constitutional or statutory jurisdiction to exercise supervisory control over…officials [of the executive branch] absent an attempt by such officials to interfere with the district court's already pending jurisdiction. *Martinez*, 931 S.W.2d at 46."

"However, only the Texas Supreme Court has authority to 'issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process, against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.' Tex. Gov't Code Ann. § 22.002(c) (West Supp. 2020)."

*Williams v. Davis*, 628 S.W.3d 946, 952-53 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

In *Walker v. Jenkins*, the Austin Court of Appeals considered the authority to issue mandamus relief against officers of the executive departments of state government. Again, only

the Supreme Court has the authority to issue a writ of mandamus against officers of the executive departments of the government of this state. *Walker v. Jenkins*, No. 03-18-00235-CV, 2018 WL 3059962, at *2 (Tex. App.—Austin June 21, 2018, no pet.) (mem. op.). As noted, the Texas Department of Insurance and its Division are departments of the executive branch.

The determination that Ms. Smith's mental health records are discoverable, relevant, and required for the ascertainment of truth is a discretionary determination entrusted to the Division. And, as discussed, under the Offensive Use Doctrine, the Patient Litigant Exception, Texas Rules of Evidence 509(e)(4) and 509(d)(5), and Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11), the requested information is not privileged. Thus, there is no constitutional claim posed by the ALJ's issuance of the subpoenas requiring disclosure of the requested information, giving the Court no basis for jurisdiction to issue a mandamus interfering with the Agency's exercise of its Legislatively granted authority. And, because there is nothing about the Division's discretionary determination that requires the Court to enforce its own jurisdiction, the Court lacks jurisdiction to issue the requested mandamus and should refrain from doing so.

**Requested Injunctive Relief**

18) **[P4 Par 77]. It is possible or likely that the County will continue to seek to obtain Ms. Smith's mental health records because Texas law permits and requires disclosure of such consequential information relevant to the benefit sought by Mr. Heiliger in his suit and because the Offensive Use Doctrine, the Patient Litigant Exception in Texas Rules of Evidence 509(d)(4) and 510(e)(5), and Texas Health and Safety Code sections 611.001(4) and 611.011(a)(11) all make such information subject to disclosure. (INJ)**

In paragraph 77 of his Fourth Amended Verified Petition, Mr. Heiliger complains that injunctive relief is necessary because, "[u]nless they are enjoyed [sic], Respondents…will continue to seek to obtain…[Ms.] Smith's mental health records." Mr. Heiliger may be correct that the County may continue to seek Ms. Smith's records. The County may continue to seek Ms. Smith's

mental health records because Texas law, including the Offensive Use Doctrine, the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5), and Texas Health and Safety Code sections 611.004(a)(1) and 611.004(a)(11), discussed above permit and require disclosure of such information in circumstances such as this. Mr. Heiliger is seeking death benefits from the County for Ms. Smith's death, which may or may not have been caused by her long-term amphetamine use. The records sought in the subpoena may permit ascertaining the truth of that question. As the Court said in *Ginsberg, Westheimer,* and *Houston Lighting & Power Co.*, Mr. Heiliger cannot use one hand to seek affirmative relief (the requested death benefits) and with the other lower an iron curtain of silence (the claimed privilege) against relevant documents that may be determinative on whether he is or is not entitled to recovery." *Ginsberg*, 686 S.W.2d at 108 ; *Westheimer*, 831 S.W.2d at 883; *Hous. Lighting & Power Co.*, 778 S.W.2d 195.

19) **[P4 Par 70, 71, 77; 2d Par 19-28]. Mr. Heiliger's claim of imminent, irreparable injury is without merit. There is no harm to his constitutional rights because under the Offensive Use Doctrine, the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5), and the statutory disclosure provisions in Texas Health and Safety Code sections 611.004(a)(1) and 611.006(A)(11) the records are not privileged. (INJ)**

Mr. Heiliger will not suffer any imminent, irreparable injury. Because the first subpoena has been withdrawn and vacated, there is no live ultra vires claim or allegation and the asserted ultra vires claim is moot. Because the documents are not privileged under the Offensive Use Doctrine, the Patient Litigant Exception, Texas Rules of Evidence 509(e)(4) and 510(d)(5), and Texas Health and Safety Code sections 611.604(a)(1) and 611.604(a)(11), disclosure does not deprive Mr. Heiliger of any constitutionally-protected interests. And because Sovereign Immunity has neither been waived nor exceeded by any ultra vires act or Agency unconstitutional excess, there is no basis for Mr. Heiliger to claim he will be harmed in any way, much less imminently harmed.

**20)** **[P4 Par 70, 71, 77; 2d Par 19-28]. Mr. Heiliger's claim of imminent, irreparable harm is without merit. There is no harm to any protected rights because the data may be provided to the County under the confidentiality attendant to death benefits cases heard at the Division. (INJ)**

There is no unavoidable imminent, irreparable harm to any protected rights because the documents in Ms. Smith's mental health records may be disclosed pursuant to the subpoena in the contested case hearing subject to the confidentiality maintained by the Division in its review of death benefits cases. The documents may continue to be maintained under such confidential treatment throughout the Division proceedings, may be maintain under such treatment during the appeal to the Appeals Panel, and may be maintained under seal by the courts during any judicial review. *See* Tex. R. Civ. Proc. 76a.

**21)** **[P4 Par 73; 2d Par 19-28]. Mr. Heiliger's claim of a probable and meritorious right of recovery is without merit. Mr. Heiliger is not likely to recover because, as argued, under the Offensive Use Doctrine, the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5), and the statutory disclosure provisions in Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11), the records are not privileged. (INJ)**

Mr. Heiliger's claim of probable and meritorious recovery rests on his erroneous claim that the information requested in the subpoena is privileged. It is not. As explained, under the Offensive Use Doctrine, the Patient Litigant Exception in Texas Rules of Evidence 509(e)(4) and 510(d)(5), and the statutory disclosure provisions in Texas Health and Safety Code sections 611.004(a)(1) and 611.006(a)(11) the records are not privileged and are not subject to protection. Because under these cited provisions the information is not privileged, Mr. Heiliger's claims are not meritorious and it is not probable that Mr. Heiliger will recover.

Mr. Heiliger is also not likely to recover from Ms. Okonkwo, the Defendant, because she did not request nor is she enforcing the subpoena, but merely issued it, as required by TDI-DWC's statutes and rules.

**22) [P4 Par 73; 2d Par 19-28]. Mr. Heiliger's claim of probable and meritorious right of recovery is without merit. Mr. Heiliger is not likely to recover because recovery by injunctive relief oversteps the Court's jurisdiction as delineated by the separation of powers doctrine, encroaches upon the jurisdiction of the Division and its discretionary powers, and violates the prohibition against judicial direction of agency authority and discretion. (INJ)**

Mr. Heiliger is not likely to recover because recovery by injunctive relief oversteps the Court's jurisdiction as delineated by the separation of powers doctrine, encroaches upon the jurisdiction of the Division, and violates the prohibition against the courts' directing agency authority and discretion and substituting court judgment for that of the Division. Mr. Heiliger is also not likely to recover because, as discussed, the Court's order would overstep its jurisdiction to issue a mandamus. Finally, Mr. Heiliger is not likely to recover because Mr. Heiliger does not have clean hands. A decision in his favor would grant Mr. Heiliger substantial death benefits, though Mr. Heiliger, the party seeking such benefits, simultaneously claims, in violation of the Offensive Use Doctrine, that these highly relevant, consequential documents in his possessions may not be shared with the County, who must pay the benefits if Mr. Heiliger prevails.

The fundamental principle of equity is that "a party seeking an equitable remedy must do equity and come to court with clean hands." *City of Wink v. Griffith Amusement Co.,* 129 Tex. 40, 100 S.W.2d 695, 702 (1936); *Breaux v. Allied Bank of Tex.,* 699 S.W.2d 599, 604 (Tex. App.— Houston [14th Dist.] 1985, writ ref'd n.r.e.), *Truly v. Austin*, 744 S.W.2d 934, 938 (Tex. 1988). Here, Mr. Heiliger does not "do equity" and does not have "clean hands." Mr. Heiliger's costly, litigious efforts to prevent disclosure of records that are relevant, dispositive, and consequentially-necessary to ascertain the truth regarding Ms. Smith's use of amphetamines, the ultimate issue in determining Mr. Heiliger's entitlement to death benefits, does not do equity and his efforts to prevent discovery leave him without clean hands.

**23)** **[P4 Par 73; 2d Par 19-28]. Mr. Heiliger's claim of probable and meritorious right of recovery is without merit. Mr. Heiliger is not likely to recover because injunctive relief oversteps the Court's jurisdiction in violation of the Division's Sovereign Immunity (and other immunities), which has neither been waived nor exceeded by any ultra vires act or any unconstitutional excess.**

Mr. Heiliger is not likely to recover because an order granting injunctive relief would overstep the Court's jurisdiction in violation of the Division's Sovereign Immunity, which inures to Ms. Okonkwo. Because, as discussed above, the first subpoena has been withdrawn and vacated, there is no live ultra vires claim or allegation and the initial ultra vires claim is moot. And, because, as discussed above, the documents are not privileged under the Offensive Use Doctrine, the Patient Litigant Exception, Texas Rules of Evidence 509(e)(4) and 510(d)(5), and Texas Health and Safety Code sections 611.604(a)(1) and 611.604(a)(11), disclosure does not deprive Mr. Heiliger of any remedial or constitutionally-protected privilege rights. Finally, as noted, although injunctive relief is an equitable relief, Mr. Heiliger has not done equity and does not have clean hands.

There is little likelihood that Mr. Heiliger will prevail because, applying these principles of Law and Equity, Ms. Okonkwo's Sovereign Immunity protection in her official capacity and her protection by Official, Judicial, Quasi-Judicial, and Statutory Immunity in her individual capacity, and her protection in equity have not been waived nor overcome or defeated by any ultra vires act or Division deprivation of constitutionally-protected privilege rights.

**24)** **[P4, Par 69-74; P2d, Par 19-28]. Mr. Heiliger's claim of no adequate remedy at law is without merit. Mr. Heiliger is not entitled to a remedy because, as discussed, the documents are not privileged and because Mr. Heiliger has remedies he may claim to protect any documents he seeks to keep confidential.**

Mr. Heiliger has adequate remedies at law. First, Mr. Heiliger is not entitled to a remedy because, as discussed, the current subpoena is not ultra vires and the requested documents are not privileged. Next, Mr. Heiliger may appeal the order to the Appeals Panel and from there may

appeal the final decision to the courts under judicial review. *See* Tex. Lab. Code §§ 410.168, 410.169, 410.201-08 & 410.251-53; Appeal Panel Decision Nos. 92036; 92090; 221345. During the contested case at the Division, the records and proceedings are kept confidential.  The documents may also be maintained under seal and protected from public disclosure by the courts during judicial review.  *See* Tex. R. Civ. Proc. 76a  In this manner, the matter may be fully litigated at the Division and in the courts without publicly disclosing the contents of the documents, providing a robust measure of protection even though, for the reasons noted, under the Offensive Use Doctrine, the Patient Litigant Exception, Texas Rules of Evidence 509(e0(4) and 510(d)(5), and Texas Health and Safety Code sections 611.604(a)(1) and 611.604(a)(11), the documents are not privileged.

**SUMMARY**

For the reasons summarized above, the Court lacks jurisdiction and should dismiss all claims remaining against Ms. Okonkwo in her official and individual capacities with prejudice.

Because the ultra vires claims are moot, Mr. Heiliger's ultra vires claims do not overcome or defeat sovereign or other immunities.

Because the documents are not privileged under the Offensive Use Doctrine, the Patient Litigant Exception, Texas Rules of Evidence 509(e)(4) and 510(d)(5), and Texas Health and Safety Code sections 611.604(a)(1) and 611.604(a)(11), disclosure does not deprive Mr. Heiliger of any constitutionally-protected interests and Mr. Heiliger's constitutional claims do not overcome or defeat sovereign or other immunities.  And because Sovereign Immunity has neither been waived nor exceeded by any ultra vires act or unconstitutional excess, Sovereign Immunity and other immunities prevail and there is little or no likelihood that Mr. Heiliger will succeed.

As noted, Ms. Okonkwo is protected by Sovereign Immunity in her official capacity, and by Official Immunity, Judicial Immunity, and Quasi-Judicial Immunity, and by immunity under Texas Insurance Code sections 34.001 and 34.005 and Texas Labor Code section 402.00123, in her individual capacity. In that regard, the Court lacks jurisdiction and should dismiss the claims against Ms. Okonkwo in her official capacity and in her individual capacity immediately and entirely.

Petitioner's claims against Ms. Okonkwo, individually, if any, are duplicative of Petitioner's claims against her in her official capacity. *See Tex. State Bd. of Pub. Acct. v. Bass*, No. 03-09-00251-CV, 2010 WL 5575921, at *7 (Tex. App.—Austin Jan. 14, 2011, no pet.) (mem. op); *Tex. Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970). In that regard, the Court lacks jurisdiction over the claims against Ms. Okonkwo in her individual capacity and should dismiss the claims against Ms. Okonkwo in her individual capacity immediately and entirely.

The claims against her in her individual capacity are also not supported by the allegations in Petitioner's pleadings (which allege official capacity acts and claims, not individual actions). In that regard, the Court lacks jurisdiction over the claims against Ms. Okonkwo in her individual capacity and should dismiss the claims against her in her individual capacity immediately and entirely.

And, as an individual in a suit that asserts allegations regarding official acts, Ms. Okonkwo, individually, is not a proper party under the Amended Petition. See *City of Live Oak v. Lee*, No. 04-23-00022-CV, 2023 WL 4338957, at *2 (Tex. App.—San Antonio July 5, 2023, no pet.) (mem. op.). The claims against her in her individual capacity are simply Petitioner overreach and filed for annoyance, harassment, and improper leverage. Thus, regardless of whether the Court

dismisses the claims against her in her official capacity (which it should), the Court should at the very least dismiss Petitioner's claims against Ms. Okonkwo in her individual capacity in their entirety immediately with prejudice.

Ms. Okonkwo continues to assert (or reasserts) her claims and arguments from her initial Plea to the Jurisdiction, filed November 26, 2024, including her joinder in the TDI-DWC's November 18, 2024, Plea to the Jurisdiction. Ms. Okonkwo also continues to assert (or reasserts) her claims and arguments from her December 5, 2024, First Amended Plea to the Jurisdiction including her joinder in the TDI-DWC's December 4, 2024, First Amended Plea to the Jurisdiction. Ms. Okonkwo reiterates her claims from her earlier pleas and her joinder in TDI's filings in this filing and incorporates those claims herein by reference.

## MOTION TO DISMISS

For the reasons asserted above and in her earlier filings, which are incorporated herein by reference, Ms. Okonkwo moves for the Court to dismiss Petitioner's claims against Ms. Okonkwo in her official and in her individual capacities in their entirety with prejudice.

## GENERAL DENIAL

Ms. Okonkwo generally denies every claim in Petitioner's Fourth Amended Verified Original Petition for Declaratory Relief and Petitioner's Application for Second Temporary Restraining Order and Request for Hearing on Petitioner's Application for Temporary Injunction and demands strict proof thereof.

## REQUEST TO BE HEARD AT THE MARCH 21, 2025, 10:00 AM SCHEDULED HEARING

Ms. Okonkwo joins Fort Bend County in its requests to be heard at the currently set hearing in the 11th District Court of Harris County on March 21, 2025, at 10:00 a.m. To the extent that

hearing remains set for and is convened on March 21, 2025, Ms. Okonkwo joins in requesting to be heard on her Pleas to the Jurisdiction, Responses, and this submission at that hearing. Ms. Okonkwo maintains, as the County does in its motion, that the jurisdictional issues should be resolved before other substantive or procedural issues may be addressed.

## PRAYER

WHEREFORE, Ms. Okonkwo, in her official and individual capacities, joins the Real Party in Interest, and prays for this Court to grant Ms. Okonkwo's Pleas to the Jurisdiction and dismiss Petitioner's suit against Ms. Okonkwo in her official capacity. Ms. Okonkwo also prays for the Court to grant her individual Pleas to the Jurisdiction and dismiss Petitioner's suit against Ms. Okonkwo in her individual capacity. Ms. Okonkwo also prays for the Court to deny Petitioner's requested issuance of any new Temporary Restraining Order, Temporary Injunction, or Permanent Injunction against her in both her official and individual capacities for the reasons stated above and in the Real Party in Interest's Plea. Ms. Okonkwo submits the arguments above in her official and individual capacities and prays that Petitioner take nothing by reason of this suit and that all court costs be taxed and adjudged against Petitioner. Finally, Ms. Okonkwo prays for any other relief to which she, they, or each may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ James Brazell*
JAMES Z. BRAZELL
State Bar No. 02930100
Assistant Attorney General
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3204
Facsimile: (512) 320-0167
James.Brazell@oag.texas.gov

ATTORNEYS FOR DEFENDANT,
FRANCISCA OKONKWO, ADMINISTRATIVE LAW
JUDGE, TEXAS DEPARTMENT OF INSURANCE,
DIVISION OF WORKERS' COMPENSATION, IN HER
OFFICIAL AND INDIVIDUAL CAPACITIES

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2025, a true and correct copy of the above and forgoing document has been served via electronic service and/or email to the following:

DEAN G. PAPPAS
State Bar No. 15454375
MARY M. MARKANTONIS
State Bar No. 12986800
LISA M. TEACHEY
State Bar No. 24056416
MARILYN J. ALLEN
State Bar No. 24025225
DEAN G. PAPPAS LAW FIRM, PLLC
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: (713) 914-6200
Facsimile: (713) 914-6201
dpappas@dgplawfirm.com
mmarkantonis@dgplawfirm.com
lteachey@dgplawfirm.com
mallen@dgplawfirm.com

ATTORNEYS FOR REAL PARTY IN INTEREST
FORT BEND COUNTY

RUSSELL L. MORRIS
State Bar No. 24099150
ANDREW W. BRUCE
State Bar No. 24113627
PABLO A. FRANCO
State Bar No. 24121625
MCBRYDE FRANCO, PLLC
11000 Richmond Avenue, Suite 350
Houston, Texas 77042
Telephone: (713) 223-7699
Facsimile: (512) 691-9072
Serv.russell@mf-txlaw.com

ATTORNEYS FOR PETITIONERS

*/s/ James Z. Brazell*
JAMES Z. BRAZELL
Assistant Attorney General

# Exhibit 1

CONFIDENTIAL
Texas Labor Code
§402.083

# TEXAS DEPARTMENT OF INSURANCE
## Division of Workers' Compensation
### Houston East Field Office
### Houston, Texas

| | | |
|---|---|---|
| **Lauren Smith (Deceased),**<br>**Claimant** | §<br>§<br>§ | |
| **v.** | §<br>§<br>§ | **Docket Number**<br>**24229142-01-CC** |
| **Fort Bend County,**<br>**Insurance Carrier** | §<br>§<br>§<br>§ | |

### Order Vacating the September 19, 2024 Subpoena of Medical Records and Vacating the Subsequent Order to Compel

On February 6, 2025, the insurance carrier, Fort Bend County, self-insured, filed a notification that it withdraws the September 19, 2024, subpoena issued by Administrative Law Judge Okonkwo ordering the production and disclosure of Mrs. Smith's mental health records. The insurance carrier now relies upon the Administrative Law Judge's January 27, 2025, Order issuing the Deposition Subpoena of Dr. John Marcellus that is now in effect.

The Administrative Law Judge finds that there is good cause to vacate the September 19, 2024, subpoena and the subsequent order to compel the production and disclosure of Mrs. Smith's mental health records.

The September 19, 2024, subpoena and the subsequent order to compel are hereby vacated.

Signed on February 18, 2025.

Francisca N. Okonkwo
Administrative Law Judge

# Exhibit 2

TEXAS DEPARTMENT OF INSURANCE
DIVISION OF WORKERS' COMPENSATION
HOUSTON EAST FIELD OFFICE
HOUSTON, TEXAS

| | | |
|---|---|---|
| **Lauren Smith** | § | |
| | § | |
| **vs.** | § | **DWC: 24229142-01-CC-HE** |
| | § | |
| **Fort Bend County** | § | |

### Order on Carrier's Amended Motion for Additional Discovery (Deposition Subpoena) from Dr. John Marcellus

The Division considered the Carrier's Motion for Additional Discovery in the form of a deposition and subpoena for the production of Medical Records pertaining to Claimant, Lauren Smith, decedent, from medical provider Dr. John Marcellus and/or his custodian of records. Based on the facts stated in the motion, the Division finds good cause exists to approve the Motion for Additional Discovery pursuant to Texas Labor Code § 410.162 and the Adopted Rules 142.12 and 142.13 of the Texas Workers' Compensation Act. It is therefore,

*Ordered that Dr. John Marcellus and/or his Custodian of Records are ordered to appear for deposition at 10 a.m. on February 24, 2025, at the offices of Dr. John Marcellus , located at 4888 Loop Central Drive, Suite 510, Houston, Texas 77081.*

*It is further Ordered that a subpoena be issued forthwith for Dr. John Marcellus and/or his Custodian of Records to produce and permit inspection and copying of the medical records of Lauren Smith (SS# xxx-xx-4261; Date of Birth: 10/18/1982) from January 1, 2020, through April 1, 2023. It is further Ordered that the records produced*

Carrier's Amended Motion for Additional Discovery - Deposition Subpoena - Page 10

*by Dr. John Marcellus or his Custodian of Records shall be marked "Confidential" for*

*use by the parties, their attorneys and experts during the pendency of the disputed claim*

*and to remain otherwise confidential.*

SIGNED this 27th day of January, 2025.

*Franca Okonkwo*
_____
Administrative Law Judge

 **Division of Workers'
Compensation**

PO Box 12050 | Austin, TX 78711 | 800-252-7031 | tdi.texas.gov/wc

January 27, 2025


24229142-01-CC


JOSHUA D. HEILIGER
5804 SPRING RIVER LANE
FULSHEAR  TX  77441


EMMA D. HEILIGER
5804 SPRING RIVER LANE
FULSHEAR  TX  77441-2053


RUSSELL L MORRIS
MCBRYDE FRANCO PLLC
11000 RICHMOND AVE STE 350
HOUSTON  TX  77042-6702


FORT BEND COUNTY
C/O DEAN G PAPPAS LAW FIRM LLC, BOX 29


MARILYN J. ALLEN
DEAN G PAPPAS LAW FIRM PLLC
8588 KATY FWY STE 100
HOUSTON  TX  77024-1813


FORT BEND COUNTY
301 JACKSON ST
RICHMOND  TX  77469-3108

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Meridith Fischer on behalf of James Brazell
Bar No. 2930100
meridith.fischer@oag.texas.gov
Envelope ID: 98628126
Filing Code Description: No Fee Documents
Filing Description: Respondent Okonkwo's 1st Supplemental PTJ, Response, MTD and General Denial
Status as of 3/19/2025 11:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| LaVerne Chang | | chang@cardwellchang.com | 3/19/2025 10:43:17 AM | SENT |
| Suzan Cardwell | | cardwell@cardwellchang.com | 3/19/2025 10:43:17 AM | SENT |
| Cheryl Sowell | | sowell@cardwellchang.com | 3/19/2025 10:43:17 AM | SENT |
| Marilyn Allen | 24025225 | mallen@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Mary Markantonis | 12986800 | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | 15454375 | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Russell Morris | 24099150 | serv.russell@mf-txlaw.com | 3/19/2025 10:43:17 AM | SENT |
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Catherine Hughes | | catherine.hughes@oag.texas.gov | 3/19/2025 10:43:17 AM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Lisa Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Sherlyn Harper | | Sherlyn.Harper@oag.texas.gov | 3/19/2025 10:43:17 AM | SENT |
| Pablo Franco | | serv.pablo@mf-txlaw.com | 3/19/2025 10:43:17 AM | SENT |
| Andrew Bruce | | serv.andrew@mf-txlaw.com | 3/19/2025 10:43:17 AM | SENT |
| Sherlyn Harper | | Sherlyn.Harper@oag.texas.gov | 3/19/2025 10:43:17 AM | SENT |
| James Z.Brazell | | james.brazell@oag.texas.gov | 3/19/2025 10:43:17 AM | SENT |
| Meridith Fischer | | Meridith.Fischer@oag.texas.gov | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |

Associated Case Party: REAL PARTY IN INTEREST FORT BEND COUNTY

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Meridith Fischer on behalf of James Brazell
Bar No. 2930100
meridith.fischer@oag.texas.gov
Envelope ID: 98628126
Filing Code Description: No Fee Documents
Filing Description: Respondent Okonkwo's 1st Supplemental PTJ, Response, MTD and General Denial
Status as of 3/19/2025 11:49 AM CST

Associated Case Party: REAL PARTY IN INTEREST FORT BEND COUNTY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |

Associated Case Party: REAL PARTY IN INTEREST

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Meridith Fischer on behalf of James Brazell
Bar No. 2930100
meridith.fischer@oag.texas.gov
Envelope ID: 98628126
Filing Code Description: No Fee Documents
Filing Description: Respondent Okonkwo's 1st Supplemental PTJ, Response, MTD and General Denial
Status as of 3/19/2025 11:49 AM CST

Associated Case Party: REAL PARTY IN INTEREST

| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
|---|---|---|---|---|
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |

Associated Case Party: REAL PARTY IN INTEREST'S FORT BEND COUNTY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Meridith Fischer on behalf of James Brazell
Bar No. 2930100
meridith.fischer@oag.texas.gov
Envelope ID: 98628126
Filing Code Description: No Fee Documents
Filing Description: Respondent Okonkwo's 1st Supplemental PTJ, Response, MTD and General Denial
Status as of 3/19/2025 11:49 AM CST

Associated Case Party: REAL PARTY IN INTEREST'S FORT BEND COUNTY

| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
|---|---|---|---|---|
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Meridith Fischer on behalf of James Brazell
Bar No. 2930100
meridith.fischer@oag.texas.gov
Envelope ID: 98628126
Filing Code Description: No Fee Documents
Filing Description: Respondent Okonkwo's 1st Supplemental PTJ, Response, MTD and General Denial
Status as of 3/19/2025 11:49 AM CST

Associated Case Party: REAL PARTY IN INTEREST'S FORT BEND COUNTY

| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
|---|---|---|---|---|
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 3/19/2025 10:43:17 AM | SENT |

# Appendix E

KeyCite Yellow Flag

Declined to Follow by   Birdyshaw v. Barnes & Noble Booksellers, Inc.,
N.D.Ala.,   March 18, 2010

686 S.W.2d 105
Supreme Court of Texas.

Reuben M. GINSBERG, et al., Relators,
v.
The FIFTH COURT OF
APPEALS, et al., Respondents.

Nos. C–3248, C–3393.
|
March 6, 1985.

**Synopsis**

Defendants in action to set aside conveyance of real property sought writ of mandamus to compel vacation of order by the Court of Appeals, 673 S.W.2d 899, which denied defendants right to take oral depositions of custodian of medical records of plaintiff's psychiatrist. The Court of Appeals, 673 S.W.2d 942, denied petition, and defendants filed second petition for writ of mandamus. The Supreme Court, Gonzalez, J., held that: (1) plaintiff was not entitled to invoke psychotherapist-patient privilege to prevent defendants from discovering medical records of plaintiff's deceased psychiatrist, since offensive use of privilege was outside intended scope of rule, and (2) writ of mandamus would issue if Court of Appeals would not withdraw its order of mandamus.

Writ conditionally granted.

West Headnotes (5)

**[1]    Privileged Communications and
Confidentiality** 🔑 Psychotherapists

Justification for psychotherapist-patient privilege lies in policy of encouraging full communications necessary for effective treatment of patient by psychotherapist; protection against disclosure of confidences is primarily erected to protect patient against an invasion of privacy. Rules of Evid., Rule 510.

16 Cases that cite this headnote

**[2]    Privileged Communications and
Confidentiality** 🔑 Psychotherapists

Offensive, rather than defensive, use of psychotherapist-patient privilege lies outside intended scope of rule. Rules of Evid., Rule 510.

25 Cases that cite this headnote

**[3]    Privileged Communications and
Confidentiality** 🔑 Counselors and
Mental Health Professionals

**Privileged Communications and
Confidentiality** 🔑 Physicians;
psychiatrists

Plaintiff who sought to set aside conveyance of real property was not entitled to invoke psychotherapist-patient privilege to prevent defendants from discovering medical records of plaintiff's deceased

psychiatrist, since offensive use of privilege was outside intended scope of rule, and since trial court had examined records in camera and found records to be relevant to subject matter of suit. Rules of Evid., Rule 510.

58 Cases that cite this headnote

**[4]    Pretrial Procedure** ⚷ Scope of Discovery

**Trial** ⚷ Admission of evidence in general

Admission of evidence and scope of discovery largely rests within discretion of trial court.

41 Cases that cite this headnote

**[5]    Appeal and Error** ⚷ Discretion of intermediate or lower court

**Courts** ⚷ In issuance of writs

Since trial court, in action to set aside conveyance of real property, was properly within its discretion when it deemed plaintiff's medical records discoverable, Court of Appeals abused its discretion in ordering trial court to refrain from further discovery pertaining to such records, and thus, Supreme Court would conditionally grant writ of mandamus, which would issue if Court of Appeals would not withdraw its order of mandamus. Rules of Evid., Rule 510.

33 Cases that cite this headnote

**Attorneys and Law Firms**

**\*106** Johnson & Swanson, Thomas A. Graves, Dallas, for relators.

Nall, Stagner & Pelley, David M. Stagner, Sherman, for respondents.

**Opinion**

GONZALEZ, Justice.

This is a mandamus proceeding brought to contest the authority of the court of appeals to issue a mandamus directing the trial court to cease discovery into certain allegedly privileged matters.

The primary issue is whether a plaintiff has the right to use the psychotherapist-patient privilege offensively to shield information which would be material and relevant to the defendant's defense of claims made against him by the Plaintiff. We disapprove of such a use and conditionally grant the writ.

*Underlying Facts*

Reuben M. Ginsberg is an attorney. Over the years, he had done legal work for William M. Gaynier and had been a partner with Gaynier in several business ventures. In 1971, Ginsberg and Gaynier purchased a building. Gaynier owned a 75% interest and Ginsberg owned a 25% interest. After they bought the building,

Gaynier died. Ginsberg claims ownership of the building under a January 3, 1972 deed from Gaynier to Ginsberg conveying all of Gaynier's interest to Ginsberg. On March 27, 1972, sixteen days after her husband's death, Mrs. Gaynier signed a deed to "ratify and confirm" the January 3, 1972 deed.

In November, 1981, Mrs. Gaynier filed a trespass to try title suit against Ginsberg and the other relators (hereinafter called Ginsberg) contesting the validity of the two deeds. She claims the first deed was forged. Among other things, Mrs. Gaynier also contends that Ginsberg fraudulently tricked her into signing the second deed. During her deposition, she testified that she could not remember signing the second deed and that she was not aware until 1981 that the ownership of the building had been transferred to Ginsberg. Without objection, Mrs. Gaynier revealed that she had been treated by a psychiatrist in 1972 and subsequent years. Ginsberg sought to gain access to the medical records relating to that treatment. Mrs. Gaynier objected, claiming the records were protected by the psychotherapist-patient privilege under Tex.Rev.Civ.Stat.Ann. art. 5561h. The trial court ordered Mrs. Gaynier to produce the records. After an *in camera* inspection the trial court released the records to Ginsberg, stating in its order that they were likely to be relevant and were discoverable.

The medical records contain information that is materially relevant to, and possibly validates, the statute of limitations defenses asserted by Ginsberg. The medical records show that Mrs. Gaynier told her psychiatrist in August of 1972,

"the building was sold while we were in Padre Island."

Ginsberg then sought to depose the psychiatrist. Mrs. Gaynier again objected on the basis of the privilege contained in Tex.Rev.Civ.Stat.Ann. art. 5561h and Tex.R.Evid. 510. The trial court denied Mrs. Gaynier's motion for a protective order, but imposed numerous restrictions on the right to depose the psychiatrist. Mrs. Gaynier ultimately petitioned the Fifth Court of Appeals to issue a writ of mandamus denying Ginsberg the right to depose the psychiatrist and the court of appeals did so. *Gaynier v. Johnson,* 673 S.W.2d 899 (1984). The psychiatrist died before the court of appeals considered Ginsberg's motion for **\*107** rehearing. The court of appeals dismissed the pending mandamus proceeding, yet refused Ginsberg's request that its opinion be withdrawn. Ginsberg then filed a petition for writ of mandamus in this court relating to the actions and opinion of the court of appeals.

Later Ginsberg sought to authenticate the medical records by deposing the custodian, the doctor's secretary. Faced with the appellate opinion in the first mandamus proceeding, the trial court denied Ginsberg the right to depose the custodian. Ginsberg pursued a petition for writ of mandamus in the Fifth Court of Appeals and was denied relief. *Ginsberg v. Johnson,* 673 S.W.2d 942. He now seeks review of the actions of the Fifth Court of Appeals by a second petition for writ of mandamus. The two petitions for writ of mandamus will be considered jointly.

The proceeding in this court is an original mandamus proceeding.

Tex.Rev.Civ.Stat.Ann. art. 1733 authorizes this court to issue writs of mandamus to appellate courts as well as to other entities. Therefore, this court has jurisdiction to review the issuance of the writ of mandamus by the court of appeals, to determine if that issuance constituted a clear abuse of discretion. *Jampole v. Touchy,* 673 S.W.2d 569 (Tex.1984).

### *Privilege*

Ginsberg contends that the court of appeals abused its discretion in allowing Mrs. Gaynier to maintain this action and also shield relevant and damaging information behind the curtain of an asserted privilege. We agree.

**[1]** Mrs. Gaynier claims that the information Ginsberg seeks is protected by the psychotherapist-patient privilege. Tex.R.Evid. 510. This privilege, like the related physician-patient privilege, did not exist at common law. 8 J.H. Wigmore, Evidence in Trials at Common Law § 2380 (McNaughton rev. 1961); C. McCormick, Evidence § 98 (3rd ed. 1984); Comment, *The Psychotherapist-Patient Privilege in Texas,* 18 Hous.L.Rev. 137 (1980). The justification for this privilege lies in the policy of encouraging the full communication necessary for effective treatment of a patient by a psychotherapist. C. McCormick § 72. The protection against disclosure of confidences is primarily erected to protect the patient against an invasion of his privacy. *Ex Parte Abell,* 613 S.W.2d 255 (Tex.1981).

**[2]** Mrs. Gaynier, however, occupies a different position in relation to the privilege she attempts to assert. She has invoked the jurisdiction of the courts in search of affirmative relief against Ginsberg; yet she would attempt, on the basis of privilege, to deny Ginsberg the benefit of evidence which would materially weaken or defeat her claims against him. This is an offensive, rather than defensive, use of the privilege, and it lies outside the intended scope of Tex.R. Evid. 510 and its predecessor, Tex.Rev.Civ.Stat.Ann. art. 5561h.

In *Henson v. Citizens Bank of Irving,* 549 S.W.2d 446 (Tex.Civ.App.—Eastland 1977, no writ), the plaintiff sought to avoid certain questions put to him in discovery by asserting the privilege against self-incrimination guaranteed by the Fifth Amendment to the United States Constitution. The court recognized the plaintiff's fundamental right to assert the privilege, but noted that he "may be forced to elect whether to claim his privilege or abandon his claim" based on principles of fundamental fairness. *Id.* at 448. Other jurisdictions also prohibited a plaintiff from using the Fifth Amendment privilege against self-incrimination as an offensive weapon. *See Baker v. United States,* 722 F.2d 517 (9th Cir.1983); *Lyons v. Johnson,* 415 F.2d 540 (9th Cir.1969) *cert. denied,* 397 U.S. 1027, 90 S.Ct. 1273, 25 L.Ed.2d 538 (1970). *Pavlinko v. Yale-New Haven Hosp.,* 192 Conn. 138, 470 A.2d 246 (1984); *Minor v. Minor,* 240 So.2d 301 (Fla.1970); *Master v. Savannah Surety Associates, Inc.,* 148 Ga.App. 678, 252 S.E.2d 186 (1979); *Galante v. Steel City National Bank of Chicago,* 66 Ill.App.3d 476, 23 Ill.Dec.

421, 384 N.E.2d 57 (1978); *Christenson v. Christenson,* 281 Minn. 507, 162 N.W.2d 194 (1968); *Franklin* **\*108** *v. Franklin,* 365 Mo. 442, 283 S.W.2d 483 (1955); *Mahne v. Mahne,* 124 N.J.Super. 23, 304 A.2d 577 (1973); *Pulawski v. Pulawski,* R.I., 463 A.2d 151 (1983).

 **[3]** "A plaintiff cannot use one hand to seek affirmative relief in court and with the other lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action." *Pavlinko,* 470 A.2d at 251. This theory has also been applied in cases involving privileges other than the Fifth Amendment. *See* *Mull v. String,* 448 So.2d 952, 954 (Ala.1984) (physician-patient, health put into issue); *Bond v. Dist. Ct. In and For Denver City,* 682 P.2d 33 (Colo.1984) (physical or mental condition put into issue); *Clark v. District Court, 2nd Judicial District,* 668 P.2d 3 (Colo.1983) (physical or mental condition put into issue); *Sagmiller v. Carlsen,* 219 N.W.2d 885 (N.D.1974) (physician-patient); *Mattison v. Poulen,* 134 Vt. 158, 353 A.2d 327 (1976) (physician-patient privilege, physical and mental health put into issue). We find these cases, and those involving the Fifth Amendment, persuasive.

This holding, however, should not be construed as granting license to litigants to engage in

"fishing expeditions" into privileged matters. A similar issue was before the court in *West v. Solito,* 563 S.W.2d 240 (Tex.1978). In *West,* we did not reach the merits of the argument because the evidence in question was not before the trial court. In the instant case, the medical records have been examined *in camera* by the trial court and found to be relevant to the subject matter of this suit.

 **[4]** The admission of evidence and the scope of discovery largely rests within the discretion of the trial court. The trial court was properly within its discretion when it deemed Mrs. Gaynier's medical records discoverable. The court of appeals, therefore, abused its discretion by ordering the trial court to refrain from further discovery pertaining thereto, for the denial of proper discovery constitutes a "clear abuse of discretion." *Jampole,* 673 S.W.2d at 572. We do not address the waiver issues raised by Ginsberg.

 **[5]** We conditionally grant Ginsberg's writ of mandamus. If the court of appeals does not withdraw its order of mandamus, thus permitting the trial judge to make an independent determination of the discoverability and admissibility of the medical records in question, writ will issue.

**All Citations**

686 S.W.2d 105

---

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix F

Vernon's Texas Rules Annotated
    Texas Rules of Evidence (Refs & Annos)
        Article V. Privileges (Refs & Annos)

TX Rules of Evidence, Rule 509

Rule 509. Physician-Patient Privilege

Currentness

**(a) Definitions.** In this rule:


**(1)** A "patient" is a person who consults or is seen by a physician for medical care.


**(2)** A "physician" is a person licensed, or who the patient reasonably believes is licensed, to practice medicine in any state or nation.


**(3)** A communication is "confidential" if not intended to be disclosed to third persons other than those:


**(A)** present to further the patient's interest in the consultation, examination, or interview;


**(B)** reasonably necessary to transmit the communication; or


**(C)** participating in the diagnosis and treatment under the physician's direction, including members of the patient's family.


**(b) Limited Privilege in a Criminal Case.** There is no physician-patient privilege in a criminal case. But a confidential communication is not admissible in a criminal case if made:


**(1)** to a person involved in the treatment of or examination for alcohol or drug abuse; and

**(2)** by a person being treated voluntarily or being examined for admission to treatment for alcohol or drug abuse.

**(c) General Rule in a Civil Case.** In a civil case, a patient has a privilege to refuse to disclose and to prevent any other person from disclosing:

**(1)** a confidential communication between a physician and the patient that relates to or was made in connection with any professional services the physician rendered the patient; and

**(2)** a record of the patient's identity, diagnosis, evaluation, or treatment created or maintained by a physician.

**(d) Who May Claim in a Civil Case.** The privilege may be claimed by:

**(1)** the patient; or

**(2)** the patient's representative on the patient's behalf.

The physician may claim the privilege on the patient's behalf--and is presumed to have authority to do so.

**(e) Exceptions in a Civil Case.** This privilege does not apply:

**(1)** *Proceeding Against Physician.* If the communication or record is relevant to a claim or defense in:

**(A)** a proceeding the patient brings against a physician; or

**(B)** a license revocation proceeding in which the patient is a complaining witness.

**(2)** *Consent.* If the patient or a person authorized to act on the patient's behalf consents in writing to the release of any privileged information, as provided in subdivision (f).

**(3)** *Action to Collect.* In an action to collect a claim for medical services rendered to the patient.

**(4)** *Party Relies on Patient's Condition.* If any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.

**(5)** *Disciplinary Investigation or Proceeding.* In a disciplinary investigation of or proceeding against a physician under the Medical Practice Act, Tex. Occ. Code § 164.001 et seq., or a registered nurse under Tex. Occ. Code § 301.451 et seq. But the board conducting the investigation or proceeding must protect the identity of any patient whose medical records are examined unless:

    **(A)** the patient's records would be subject to disclosure under paragraph (e)(1); or

    **(B)** the patient has consented in writing to the release of medical records, as provided in subdivision (f).

**(6)** *Involuntary Civil Commitment or Similar Proceeding.* In a proceeding for involuntary civil commitment or court-ordered treatment, or a probable cause hearing under Tex. Health & Safety Code:

    **(A)** chapter 462 (Treatment of Persons With Chemical Dependencies);

    **(B)** title 7, subtitle C (Texas Mental Health Code); or

    **(C)** title 7, subtitle D (Persons With an Intellectual Disability Act).

**(7)** *Abuse or Neglect of "Institution" Resident.* In a proceeding regarding the abuse or neglect, or the cause of any abuse or neglect, of a resident of an "institution" as defined in Tex. Health & Safety Code § 242.002.

**(f) Consent For Release of Privileged Information.**

**(1)** Consent for the release of privileged information must be in writing and signed by:

**(A)** the patient;

**(B)** a parent or legal guardian if the patient is a minor;

**(C)** a legal guardian if the patient has been adjudicated incompetent to manage personal affairs;

**(D)** an attorney appointed for the patient under Tex. Health & Safety Code title 7, subtitles C and D;

**(E)** an attorney ad litem appointed for the patient under Tex. Estates Code title 3, subtitle C;

**(F)** an attorney ad litem or guardian ad litem appointed for a minor under Tex. Fam. Code chapter 107, subchapter B; or

**(G)** a personal representative if the patient is deceased.

**(2)** The consent must specify:

**(A)** the information or medical records covered by the release;

**(B)** the reasons or purposes for the release; and

**(C)** the person to whom the information is to be released.

**(3)** The patient, or other person authorized to consent, may withdraw consent to the release of any information. But a withdrawal of consent does not affect any information disclosed before the patient or authorized person gave written notice of the withdrawal.

**(4)** Any person who receives information privileged under this rule may disclose the information only to the extent consistent with the purposes specified in the consent.

**Credits**

Eff. March 1, 1998. Amended by orders of Supreme Court March 10, 2015 and Court of Criminal Appeals March 12, 2015, eff. April 1, 2015. Amended by order of Supreme Court June 14, 2016, eff. June 14, 2016.

Rules of Evid., Rule 509, TX R EVID Rule 509

Current with amendments received through April 1, 2025. Some rules may be more current, see credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix G

Vernon's Texas Rules Annotated
    Texas Rules of Evidence (Refs & Annos)
        Article V. Privileges (Refs & Annos)

TX Rules of Evidence, Rule 510

Rule 510. Mental Health Information Privilege in Civil Cases

Currentness

**(a) Definitions.** In this rule:

**(1)** A "professional" is a person:

**(A)** authorized to practice medicine in any state or nation;

**(B)** licensed or certified by the State of Texas in the diagnosis, evaluation, or treatment of any mental or emotional disorder;

**(C)** involved in the treatment or examination of drug abusers; or

**(D)** who the patient reasonably believes to be a professional under this rule.

**(2)** A "patient" is a person who:

**(A)** consults or is interviewed by a professional for diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, including alcoholism and drug addiction; or

**(B)** is being treated voluntarily or being examined for admission to voluntary treatment for drug abuse.

**(3)** A "patient's representative" is:

**(A)** any person who has the patient's written consent;

**(B)** the parent of a minor patient;

**(C)** the guardian of a patient who has been adjudicated incompetent to manage personal affairs; or

**(D)** the personal representative of a deceased patient.

**(4)** A communication is "confidential" if not intended to be disclosed to third persons other than those:

**(A)** present to further the patient's interest in the diagnosis, examination, evaluation, or treatment;

**(B)** reasonably necessary to transmit the communication; or

**(C)** participating in the diagnosis, examination, evaluation, or treatment under the professional's direction, including members of the patient's family.

**(b) General Rule; Disclosure.**

**(1)** In a civil case, a patient has a privilege to refuse to disclose and to prevent any other person from disclosing:

**(A)** a confidential communication between the patient and a professional; and

**(B)** a record of the patient's identity, diagnosis, evaluation, or treatment that is created or maintained by a professional.

**(2)** In a civil case, any person--other than a patient's representative acting on the patient's behalf--who receives information privileged under this rule may disclose the information only to the extent consistent with the purposes for which it was obtained.

**(c) Who May Claim.** The privilege may be claimed by:

**(1)** the patient; or

**(2)** the patient's representative on the patient's behalf.

The professional may claim the privilege on the patient's behalf--and is presumed to have authority to do so.

**(d) Exceptions.** This privilege does not apply:

**(1)** *Proceeding Against Professional.* If the communication or record is relevant to a claim or defense in:

**(A)** a proceeding the patient brings against a professional; or

**(B)** a license revocation proceeding in which the patient is a complaining witness.

**(2)** *Written Waiver.* If the patient or a person authorized to act on the patient's behalf waives the privilege in writing.

**(3)** *Action to Collect.* In an action to collect a claim for mental or emotional health services rendered to the patient.

**(4)** ***Communication Made in Court-Ordered Examination.*** To a communication the patient made to a professional during a court-ordered examination relating to the patient's mental or emotional condition or disorder if:

**(A)** the patient made the communication after being informed that it would not be privileged;

**(B)** the communication is offered to prove an issue involving the patient's mental or emotional health; and

**(C)** the court imposes appropriate safeguards against unauthorized disclosure.

**(5)** ***Party Relies on Patient's Condition.*** If any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.

**(6)** ***Abuse or Neglect of "Institution" Resident.*** In a proceeding regarding the abuse or neglect, or the cause of any abuse or neglect, of a resident of an "institution" as defined in Tex. Health & Safety Code § 242.002.

**Credits**

Eff. March 1, 1998. Amended by orders of Supreme Court March 10, 2015 and Court of Criminal Appeals March 12, 2015, eff. April 1, 2015. Amended by Supreme Court order of June 14, 2016, eff. June 14, 2016.

Rules of Evid., Rule 510, TX R EVID Rule 510
Current with amendments received through April 1, 2025. Some rules may be more current, see credits for details.

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix H

Vernon's Texas Statutes and Codes Annotated
    Health and Safety Code (Refs & Annos)
        Title 7. Mental Health and Intellectual Disability
            Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
                Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.004

§ 611.004. Authorized Disclosure of Confidential Information
Other than in Judicial or Administrative Proceeding

Currentness

(a) A professional may disclose confidential information only:

(1) to a governmental agency if the disclosure is required or authorized by law;

(2) to medical, mental health, or law enforcement personnel if the professional determines that there is a probability of imminent physical injury by the patient to the patient or others or there is a probability of immediate mental or emotional injury to the patient;

(3) to qualified personnel for management audits, financial audits, program evaluations, or research, in accordance with Subsection (b);

(4) to a person who has the written consent of the patient, or a parent if the patient is a minor, or a guardian if the patient has been adjudicated as incompetent to manage the patient's personal affairs;

(5) to the patient's personal representative if the patient is deceased;

(6) to individuals, corporations, or governmental agencies involved in paying or collecting fees for mental or emotional health services provided by a professional;

(7) to other professionals and personnel under the professionals' direction who participate in the diagnosis, evaluation, or treatment of the patient;

(8) in an official legislative inquiry relating to a state hospital or state school as provided by Subsection (c);

(9) to designated persons or personnel of a correctional facility in which a person is detained if the disclosure is for the sole purpose of providing treatment and health care to the person in custody;

(10) to an employee or agent of the professional who requires mental health care information to provide mental health care services or in complying with statutory, licensing, or accreditation requirements, if the professional has taken appropriate action to ensure that the employee or agent:

  (A) will not use or disclose the information for any other purposes; and

  (B) will take appropriate steps to protect the information; or

(11) to satisfy a request for medical records of a deceased or incompetent person pursuant to Section 74.051(e), Civil Practice and Remedies Code.

(a-1) No civil, criminal, or administrative cause of action exists against a person described by Section 611.001(2)(A) or (B) for the disclosure of confidential information in accordance with Subsection (a)(2). A cause of action brought against the person for the disclosure of the confidential information must be dismissed with prejudice.

(b) Personnel who receive confidential information under Subsection (a)(3) may not directly or indirectly identify or otherwise disclose the identity of a patient in a report or in any other manner.

(c) The exception in Subsection (a)(8) applies only to records created by the state hospital or state school or by the employees of the hospital or school. Information or records that identify a patient may be released only with the patient's proper consent.

(d) A person who receives information from confidential communications or records may not disclose the information except to the extent that disclosure is consistent with the authorized purposes for which the person first obtained the information. This subsection does not apply to a person listed in Subsection (a)(4) or (a)(5) who is acting on the patient's behalf.

**Credits**

Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991. Amended by Acts 1995, 74th Leg., ch. 856, § 8, eff. Sept. 1, 1995; Acts 1999, 76th Leg., ch. 1264, § 1, eff. Sept. 1, 1999; Acts 2005, 79th Leg., ch. 138, § 1, eff. Sept. 1, 2005; Acts 2021, 87th Leg., ch. 633 (H.B. 549), § 2, eff. Sept. 1, 2021.

V. T. C. A., Health & Safety Code § 611.004, TX HEALTH & S § 611.004

Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

End of Document                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix I

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.006

§ 611.006. Authorized Disclosure of Confidential
Information in Judicial or Administrative Proceeding

Currentness

(a) A professional may disclose confidential information in:

(1) a judicial or administrative proceeding brought by the patient or the patient's legally authorized representative against a professional, including malpractice proceedings;

(2) a license revocation proceeding in which the patient is a complaining witness and in which disclosure is relevant to the claim or defense of a professional;

(3) a judicial or administrative proceeding in which the patient waives the patient's right in writing to the privilege of confidentiality of information or when a representative of the patient acting on the patient's behalf submits a written waiver to the confidentiality privilege;

(4) a judicial or administrative proceeding to substantiate and collect on a claim for mental or emotional health services rendered to the patient;

(5) a judicial proceeding if the judge finds that the patient, after having been informed that communications would not be privileged, has made communications to a professional in the course of a court-ordered examination relating to the patient's mental or emotional condition or disorder, except that those communications may be disclosed only with respect to issues involving the patient's mental or emotional health;

(6) a judicial proceeding affecting the parent-child relationship;

(7) any criminal proceeding, as otherwise provided by law;

(8) a judicial or administrative proceeding regarding the abuse or neglect, or the cause of abuse or neglect, of a resident of an institution, as that term is defined by Chapter 242;

(9) a judicial proceeding relating to a will if the patient's physical or mental condition is relevant to the execution of the will;

(10) an involuntary commitment proceeding for court-ordered treatment or for a probable cause hearing under:

    (A) Chapter 462;

    (B) Chapter 574; or

    (C) Chapter 593; or

(11) a judicial or administrative proceeding where the court or agency has issued an order or subpoena.

(b) On granting an order under Subsection (a)(5), the court, in determining the extent to which disclosure of all or any part of a communication is necessary, shall impose appropriate safeguards against unauthorized disclosure.

**Credits**
Added by Acts 1995, 74th Leg., ch. 856, § 9, eff. Sept. 1, 1995.

V. T. C. A., Health & Safety Code § 611.006, TX HEALTH & S § 611.006

Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Meridith Fischer on behalf of James Brazell
Bar No. 2930100
meridith.fischer@oag.texas.gov
Envelope ID: 102013120
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant Okonkwo's Merits Brief
Status as of 6/13/2025 4:50 PM CST

Associated Case Party: Fort Bend County

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Lisa Teachey | 24056416 | lteachey@dgplawfirm.com | 6/13/2025 4:34:03 PM | SENT |
| Marilyn Allen | 24025225 | mallen@dgplawfirm.com | 6/13/2025 4:34:03 PM | SENT |
| Mary Markantonis | 12986800 | mmarkantonis@dgplawfirm.com | 6/13/2025 4:34:03 PM | SENT |
| Dean Pappas | 15454375 | dpappas@dgplawfirm.com | 6/13/2025 4:34:03 PM | SENT |

Associated Case Party: Greater Houston Psychiatric Associates, PLLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Laverne Chang | 783819 | chang@cardwellchang.com | 6/13/2025 4:34:03 PM | SENT |

Associated Case Party: JoshuaDavidHeiliger

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Andrew Bruce | 24113627 | serv.andrew@mf-txlaw.com | 6/13/2025 4:34:03 PM | SENT |
| Russell Morris | 24099150 | serv.russell@mf-txlaw.com | 6/13/2025 4:34:03 PM | SENT |
| Pablo Franco | 24121625 | serv.pablo@mf-txlaw.com | 6/13/2025 4:34:03 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 6/13/2025 4:34:03 PM | SENT |

Associated Case Party: Francisca Okonkwo, ALJ, TDI-DWC

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Meridith Fischer on behalf of James Brazell
Bar No. 2930100
meridith.fischer@oag.texas.gov
Envelope ID: 102013120
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant Okonkwo's Merits Brief
Status as of 6/13/2025 4:50 PM CST

Associated Case Party: Francisca Okonkwo, ALJ, TDI-DWC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Catherine Hughes | | catherine.hughes@oag.texas.gov | 6/13/2025 4:34:03 PM | SENT |
| Sherlyn Harper | | Sherlyn.Harper@oag.texas.gov | 6/13/2025 4:34:03 PM | SENT |
| James Z.Brazell | | james.brazell@oag.texas.gov | 6/13/2025 4:34:03 PM | SENT |
| Meridith Fischer | | Meridith.Fischer@oag.texas.gov | 6/13/2025 4:34:03 PM | SENT |